**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IRONNET, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11710 (__)<br><br>TAX ID: 83-4599446 |
| In re:<br><br>IRONNET CYBERSECURITY, INC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11711 (__)<br><br>TAX ID: 46-5742655 |
| In re:<br><br>IRONNET INTERNATIONAL, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11712 (__)<br><br>TAX ID: 83-3237621 |
| In re:<br><br>IRONCAD LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11713 (__)<br><br>TAX ID: 38-4141162 |
| In re:<br><br>HIGHDEGREE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11714 (__)<br><br>TAX ID: 84-3938474 |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively,

the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially

in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), directing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Cameron Pforr, President and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[1] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

2.    The legal predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## BACKGROUND

3.      On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

4.      Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

## RELIEF REQUESTED

5.      By this Motion, the Debtors request that the Court enter the Proposed Order, authorizing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only.

6.      Many, if not virtually all, of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will jointly affect all of the Debtors.  For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of these chapter 11 cases.  To optimally and economically administer these chapter 11 cases, the Debtors believe that such cases should be jointly administered, for procedural purposes only, under the case number assigned to IronNet, Inc.

7.      The Debtors also request that the Clerk of the Court maintain one file and one docket for all of these chapter 11 cases, which file and docket shall be the file and docket for

IronNet, Inc.  In addition, the Debtors propose that the caption of these chapter 11 cases be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (___) |
| Debtors. | (Jointly Administered) |

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

8.      The Debtors also seek the Court's direction that a notation, substantially similar to the following proposed docket entry, be entered on the docket of each of these chapter 11 cases to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of IronNet, Inc., IronNet Cybersecurity, Inc., IronNet International, LLC, IronCAD LLC, and HighDegree, LLC. **The docket in the chapter 11 case of IronNet, Inc., Case No. 23-_____ (___), should be consulted for all matters concerning this case.**

**<u>BASIS FOR RELIEF</u>**

9.      Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties."  Del. Bankr. L.R. 1015-1.  In these chapter 11 cases, the Debtors are "affiliates," as that term is defined in

section 101(2) of the Bankruptcy Code, because Debtor IronNet, Inc. directly or indirectly wholly owns Debtor IronNet Cybersecurity, Inc., Debtor IronNet International, LLC, Debtor IronCAD LLC, and Debtor HighDegree, LLC.

10.     Additionally, joint administration will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases by permitting the use of a single docket for these chapter 11 cases, which will enable to Debtors to combine notices to creditors and other parties in interest in the Debtors' respective cases.  Because there will likely be numerous motions, applications, and other pleadings filed in these chapter 11 cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the Debtors' cases to stay apprised of all of the various matters before the Court.

11.     Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights.  Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies.  Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

12.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and their creditors, and therefore should be granted.

30840024.2

5

## **NOTICE**

13.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (c) counsel to the DIP Facility Lenders; (d) counsel to the Prepetition Secured Creditors; (e) counsel to Korr; (f) counsel to 3i; (g) the Internal Revenue Service; (h) the Office of the United States Attorney for the District of Delaware; (i) the Banks; and (j) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

30840024.2

## **CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief

requested herein and such other and further relief as is just and proper.

Dated:  October 12, 2023
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kristin L. McElroy*
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Timothy R. Powell (No. 6894)
Kristin L. McElroy (No. 6871)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
        kenos@ycst.com
        ejustison@ycst.com
        tpowell@ycst.com
        kmcelroy@ycst.com

*Proposed Counsel for the Debtors and
Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC. | Case No. 23-11710 (___) |
| Debtor. | TAX ID: 83-4599446 |
| In re: | Chapter 11 |
| IRONNET CYBERSECURITY, INC, | Case No. 23-11711 (___) |
| Debtor. | TAX ID: 46-5742655 |
| In re: | Chapter 11 |
| IRONNET INTERNATIONAL, LLC, | Case No. 23-11712 (___) |
| Debtor. | TAX ID: 83-3237621 |
| In re: | Chapter 11 |
| IRONCAD LLC, | Case No. 23-11713 (__) |
| Debtor. | TAX ID: 38-4141162 |
| In re: | Chapter 11 |
| HIGHDEGREE, LLC, | Case No. 23-11714 (___) |
| Debtor. | TAX ID: 84-3938474 |
| | **Ref. Docket No. __** |

### ORDER AUTHORIZING THE JOINT ADMINISTRATION
### OF THE DEBTORS' CHAPTER 11 CASES

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**"), pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, authorizing the joint administration of these chapter 11 cases for procedural purposes only; and upon consideration of the First Day Declaration and the record of these chapter 11 cases; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      These chapter 11 cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30840024.2

3.      The Clerk of the Court shall maintain one file and one docket for these

chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of

IronNet, Inc., Case No. 23-_____ (___).

4.      All pleadings filed in these chapter 11 cases shall bear a consolidated

caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

5.      The foregoing caption satisfies the requirements of section 341(c)(1) of the

Bankruptcy Code.

6.      All original pleadings shall be captioned as indicated in the preceding

decretal paragraph, and the Clerk of the Court shall make a docket entry in the docket of each of

these chapter 11 cases substantially as follows:

An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of IronNet, Inc., IronNet Cybersecurity, Inc., IronNet International, LLC, IronCAD LLC, and HighDegree, LLC. **The docket in the chapter 11 case of IronNet, Inc, Case No. 23-_____ (___), should be consulted for all matters concerning this case.**

7.      Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

8.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

30840024.2