# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (___) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK OF IRONNET, INC. AND CLAIMS AGAINST THE DEBTORS AND (B) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "**Interim Order**") and **Exhibit B** (the "**Final Order**," and together with the Interim Order, the "**Proposed Orders**"), (a) approving (i) notification and hearing procedures related to certain transfers of, or declarations of worthlessness with respect to, IronNet, Inc.'s existing common stock or any Beneficial Ownership[2] therein (any such record or Beneficial Ownership, the "**Common**

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2] "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code (the "**IRC**"), and the Treasury Regulations thereunder (the "**Treasury Regulations**") (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Stock")[3] and (ii) certain notification, hearing, and sell down procedures related to claims (as defined in section 101(5) of the Bankruptcy Code) against one or more of the Debtors ("**Claims**"), in each case, as detailed in <u>Exhibit 1</u> to the Proposed Orders (collectively, the "**Procedures**"); (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock, or any purchase, sale, or other transfer of Claims in violation of the Procedures shall be null and void *ab initio*; and (c) granting related relief.  In addition, the Debtors request that the Court (as defined herein) schedule a final hearing to consider approval of this Motion on a final basis.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Cameron Pforr, President and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[4] filed contemporaneously herewith.   In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

---

[3]     For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

[4]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

(the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

2.     The statutory and legal predicates for the relief requested herein are sections 362 and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Local Rules 1075-1 and 9013-1.

## BACKGROUND

### I.     General

3.     On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

4.     Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

### II.     The Tax Attributes

5.     Generally, a company generates net operating losses ("**NOLs**") if the operating expenses it has incurred exceed the revenues it has earned during a single tax year.  A company may apply, or "carry forward," NOLs to reduce future tax payments in a tax year or years after the year in which the NOLs were generated (subject to certain conditions as discussed below).  IRC § 172.  In addition, a company may be entitled to a federal tax credit in respect of qualified research and development expenses ("**R&D Credits**").  Credits that cannot be applied

to offset taxable income in a single tax year may similarly be applied or "carried forward" to reduce future tax payments in a tax year or years after the year in which the R&D Credits were generated (again, subject to certain conditions). IRC § 39; § 41. Similar rules apply with respect to other tax attributes. IRC § 39.

6.      As noted in the Debtors most recent 10-K, filed on May 16, 2023, as of January 31, 2023 and January 31, 2022, the Debtors had aggregate U.S. federal and state net operating loss carryforwards of $111.0 million and $324.8 million, respectively, which may be available to offset future taxable income for income tax purposes (such NOL carryforwards, the "**Tax Attributes**").[5] These Tax Attributes provide the potential for material future tax savings or other tax structuring possibilities in these chapter 11 cases. The Tax Attributes may be of significant value to the Debtors and their estates because the Debtors can generally carry forward their Tax Attributes to offset their future taxable income, thereby reducing their future aggregate tax obligations. In addition, such Tax Attributes may generally be utilized by the Debtors to offset any taxable income generated by transactions consummated during these chapter 11 cases, including the offset of any taxable gain that may be realized in connection with the Debtors' ongoing marketing and sales process. The value of the Tax Attributes will inure to the benefit of all of the Debtors' stakeholders.

A.      **An "Ownership Change" May Negatively Impact the Debtors' Utilization of the Tax Attributes**

7.      Sections 382 and 383 of the IRC limit the amount of certain Tax Attributes that a corporation can use to offset its taxable income if the corporation undergoes an

---

[5]      *See* IronNet, Inc., Form 10-K 2023 at p. 32. McLean, VA: IronNet, Inc.; 2023.

"ownership change."[6]  Pursuant to section 382 of the IRC, generally, an "ownership change" occurs when the percentage, by value, of a corporation's equity held or beneficially owned by one or more persons holding five percent or more of the stock (in certain cases, taking into account Options to acquire such stock) has increased by more than 50 percentage points over the lowest percentage of equity owned by such shareholders at any time during the preceding three-year period or since the last ownership change (an "**Ownership Change**").

8.      An Ownership Change can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder."  A 50-percent shareholder is any person (or group of people that is treated as a single entity under the applicable rules) that owned 50% or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" with respect to which the worthless stock deduction is claimed. IRC § 382(g)(4)(D).  If the 50-percent shareholder still owns the corporation's stock at the end of the taxable year, sections 382 and 383 of the IRC essentially treat the person as newly purchasing the stock on the first day of the next taxable year.  For example, if a person with 50.1% of a corporation's stock claims a worthless stock deduction on its tax return for 2023 but does not sell such stock that year, that person is treated as (a) not having owned the stock at the end of 2023 and (b) having purchased the stock on January 1, 2024.  That deemed purchase would cause an ownership change in 2024, because the 50-percent shareholder would be deemed to have a more than 50 percentage point increase in its stock ownership.  Notably, while the seminal case of *Official Comm. Of Unsecured Creditors* v. *PSS S.S. Co., Inc.* (*In re Prudential Lines, Inc.*), 928 F.2d 565 (2d Cir. 1991), is generally relied upon to support equity trading

---

[6]    As discussed in further detail below, upon an "ownership change," section 382 of the IRC limits the amount of a corporation's future taxable income that may be offset by its "pre-change losses" and section 383 of the IRC limits the amount of a corporation's future tax liability that may be offset by its "excess credits."   IRC §§ 382(a), 383(a).

motions in general, the specific issue in *Prudential Lines* was, in fact, a worthless stock deduction.

9.      If an Ownership Change occurs, section 382 of the IRC limits the amount of a corporation's future taxable income that may be offset by its "pre-change losses," and section 383 of the IRC limits the amount of a corporation's future tax liability that may be offset by its "excess credits," in each case, to an annual amount based on the fair market value of all stock of the corporation immediately prior to the Ownership Change multiplied by the long-term tax-exempt rate that applies to the month of the Ownership Change.[7]  IRC §§ 382(b), 383(a). Pre-change losses and excess credits subject to limitation under section 382 and 383 of the IRC include the Debtors' NOLs, certain other Tax Attributes, and any net unrealized built-in loss (as defined in section 382(h)(3) of the IRC).  Certain tax losses arising upon the disposition of assets after an ownership change occurs can be subject to limitations under section 382 of the IRC if the corporation has "net unrealized built-in losses."

10.      Once a Tax Attribute is limited under section 382 or 383 of the IRC, its use is limited forever.  Thus, certain transfers of Common Stock effected before the effective date of the Debtors' emergence from chapter 11 protection could trigger an Ownership Change, thereby endangering the Debtors' ability to utilize the Tax Attributes and damaging the value of the Debtors' estates.  Likewise, if a 50-percent shareholder of IronNet, Inc. were, for federal, state, or local tax purposes, to treat Common Stock as having become worthless prior to the Debtors' emergence from chapter 11 protection, such a claim could trigger an Ownership Change under section 382(g)(4)(D) of the IRC or corresponding provisions of state or local tax law, thus causing an adverse effect on the Debtors' ability to use the Tax Attributes.

---

[7]     The applicable long-term tax exempt rate changes from month-to-month.

11.     To maximize the use of the Tax Attributes and potentially enhance recoveries for the Debtors' stakeholders, the Debtors seek limited relief that will enable them to establish Procedures to closely monitor certain transfers of Beneficial Ownership of Common Stock and claims of certain worthless stock deductions so as to be in a position to act expeditiously to prevent such transfers or claims of worthless stock deductions, if necessary, with the purpose of preserving the Tax Attributes.  By establishing and implementing such Procedures, the Debtors will be in a position to object to transfers of Beneficial Ownership of Common Stock and declarations of worthlessness with respect to Beneficial Ownership of Common Stock that could result in an Ownership Change that would threaten their ability to preserve the value of their Tax Attributes for the benefit of the estates.

12.     Such a restriction would protect the Debtors' ability to use the Tax Attributes during the pendency of these chapter 11 cases.  In the event a pre-effective date Ownership Change has occurred, the resulting limitation on the Debtors' Tax Attributes primarily depends on the value of the outstanding stock of IronNet, Inc. at such time, and thus becomes increasingly severe as the value of such stock declines.  Although (as described below) the limitations imposed by section 382 of the IRC can be significantly less restrictive when an Ownership Change occurs *pursuant* to a confirmed chapter 11 plan (or any applicable bankruptcy court order), the benefits available under section 382 of the IRC in connection with a confirmed chapter 11 plan (or any applicable bankruptcy court order) are not applied retroactively to reduce the limitations imposed on a corporation's ability to utilize its tax benefits resulting from a *previous* Ownership Change (such as an Ownership Change occurring during the pendency of a chapter 11 case).  *See* IRC § 382(*l*)(5), (6).

13.     Notably, the Debtors have limited the relief requested herein to the extent necessary to preserve estate value.  Specifically, the Proposed Orders will affect only (a) holders of the equivalent of Beneficial Ownership of 4.5 percent or more of outstanding Common Stock, (b) parties who are interested in purchasing sufficient Common Stock to result in such party becoming a holder of the equivalent of Beneficial Ownership of 4.5 percent or more of outstanding Common Stock, (c) any "50-percent shareholder" seeking to claim a worthless stock deduction, and (d) certain holders of Claims, but only if the Debtors or another proponent of a plan of reorganization determines that it is possible and value-maximizing to the Debtors' estates to pursue a chapter 11 plan that qualifies for the benefits afforded by section 382($l$)(5) of the IRC.

14.     Aside from preserving the value of the Tax Attributes during the pendency of these chapter 11 cases, it also may be important for the Debtors to take steps to preserve the value of such Tax Attributes upon the effectiveness of a chapter 11 plan.  It is possible that, pursuant to a chapter 11 plan, the special relief afforded by section 382($l$)(5) of the IRC could be both available and beneficial to the Debtors; the Debtors, in that circumstance, and subject to further factual development and analysis, may seek to qualify for such relief.  Such relief, however, may become unavailable to the Debtors if the trading and accumulation of certain Claims prior to the effective date of a chapter 11 plan is left unrestricted.

**B.     Proposed Procedures for Transfers of Beneficial Ownership of Common Stock and Claims, or Declarations of Worthlessness with Respect to Beneficial Ownership of Common Stock**

15.     The Procedures are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to, certain transfers of Beneficial Ownership of Common Stock and declarations of worthlessness with respect to Beneficial Ownership of Common Stock to ensure preservation of the Tax Attributes.  The Procedures, which are fully set forth in

Exhibit 1 to each of the Proposed Orders, are summarized below for illustrative purposes only.[8]

In addition, the Procedures with respect to Claims (the "**Claims Procedures**"), which are set

forth in Exhibit 1 to the Final Order only, seek to permit the Debtors to benefit from the

application of section 382($l$)(5) of the IRC if the proponent of a plan of reorganization

determines that any of the Debtors will likely benefit from such application of section 382($l$)(5)

of the IRC.  The Claims Procedures, which only will become effective upon entry of the Final

Order, permit the full trading of Claims until the Debtors or another Plan Proponent (as defined

below) decides, after further factual development and analysis, to pursue a plan of reorganization

contemplating the potential utilization of section 382($l$)(5) of the IRC.  Additionally, following

the filing of such a plan, if necessary for the Debtors' ability to utilize section 382($l$)(5) of the

IRC, the Plan Proponent may file a motion seeking an order from the Court requiring the sale of

certain Claims that were acquired during these chapter 11 cases.  The Claims Procedures would

allow the Debtors or other Plan Proponent to monitor and, if necessary, to utilize

section 382($l$)(5) of the IRC, object to certain transfers of Claims and require a purchaser of

Claims to resell some or all of such Claims.  The Claim Procedures, which are fully set forth in

Exhibit 1 to the Final Order, are summarized below for illustrative purposes only.

***Procedures for Transfers of Beneficial Ownership of Common Stock***

> a.    Any person or Entity (as defined in the Procedures) that, at any time on or after the Petition Date, has Beneficial Ownership (defined below) of at least 4.5 percent of the Common Stock (a "**Substantial Shareholder**") must file with the Court, and serve upon the Declaration Notice Parties (as defined in the Procedures), a declaration of such status, substantially in the form of Exhibit 1A attached to the Procedures (each, a "**Declaration of Status as a Substantial Shareholder**"), on or before the later of (i) 20 business days after the date of the Notice of Interim Order (as defined herein) and (ii) 10 calendar days after becoming a Substantial Shareholder; *provided,*

---

[8]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Procedures.  To the extent that this summary and the terms of the Procedures are inconsistent, the terms of the Procedures control.

that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.     At least 20 business days prior to effectuating any transfer of Beneficial Ownership of Common Stock and/or Options that would (i) increase or decrease the amount of Common Stock as to which a Substantial Shareholder has Beneficial Ownership or (ii) result in a person or Entity becoming or ceasing to be a Substantial Shareholder (including by actual or deemed exercise of any Option to acquire Common Stock), the parties to such transaction must file with the Court and serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of Exhibit 1B attached to the Procedures (each, a "**Declaration of Intent to Accumulate Common Stock**") or of Exhibit 1C attached to the Procedures (each, a **Declaration of Intent to Transfer Common Stock**," and together with the Declaration of Intent to Accumulate Common Stock, each, a "**Declaration of Proposed Transfer**").

   i.     The Debtors shall have 15 business days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such person or Entity an objection to the proposed transaction on the grounds that such transaction might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii.    If the Debtors file an objection, the proposed transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.

   iii.   If the Debtors do not object within such 15-business day period, the proposed transaction may proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of the Procedures must be the subject of additional notices in accordance with the Procedures, with an additional 15-business day waiting period for each Declaration of Proposed Transfer.

***Procedures for Declarations of Worthlessness of the Common Stock***

a.     Any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder) (a "**50% Shareholder**") must file with the Court and serve upon the Declaration Notice Parties a notice of such status, substantially in the form of Exhibit 1D attached to the Procedures (each, a "**Declaration of Status as a 50% Shareholder**"), on or before the later of (i) 30 calendar days after the date of the Notice of Interim Order and (ii) 10 calendar days after becoming a 50%

Shareholder; *provided*, that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50% Shareholder even if no Declaration of Status as a 50% Shareholder has been filed.

b.   Prior to filing any federal, state, or local tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock for a tax year ending before the earlier of the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court and serve upon the Declaration Notice Parties an advance written notice substantially in the form of Exhibit 1E attached to the Procedures (a "**Declaration of Intent to Claim a Worthless Stock Deduction**").

   i.   The Debtors shall have 15 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii.   During such 15 business day period, or any future period if the Debtors file an objection, the 50% Shareholder shall not claim, or cause or be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates unless such objection is withdrawn by the Debtors or the proposed worthless stock deduction is approved by a final and non-appealable order of the Court.

   iii.   If the Debtors do not object within such 15-business day period, the subsequent filing of the tax return or amendment with such claim will be permitted solely as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional 15-business day waiting period.

*Procedures for Transfers of Claims Against the Debtors*

a.   Disclosure of 382(*l*)(5) Plan.  If the proponent of a plan of reorganization (a "**Plan Proponent**") determines that any reorganized Debtor likely could qualify for and benefit from the application of section 382(*l*)(5) of the IRC and reasonably anticipates that any reorganized Debtor (or any successors thereto, the "**Post-Emergence Company**") will invoke such section (a "**382(*l*)(5) Plan**"), then, the Plan Proponent shall disclose the following in its proposed disclosure statement or, in the case of items (iii) through (v) described below, a later, separate notice (collectively, the "**Proposed 382(*l*)(5) Disclosure Statement**"):

i.    Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the IRC that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

ii.    A summary of any restrictions expected to be imposed on the transferability of securities issued under the 382(*l*)(5) Plan in order to preserve such incremental tax benefits;

iii.    The (A) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in the equity of the Post-Emergence Company (the "**New Common Stock**") and (B) number of any of the specified interests (the "**Owned Interests**") in the Debtors which shall include, but not necessarily be limited to, Common Stock expected to result in a one-percent (1%) interest in the New Common Stock, in each case based upon then-available information;

iv.    A specified date (the "**Determination Date**") that is not less than 10 days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

v.    A specified date (the "**Reporting Deadline**") that is not less than 5 days after the Determination Date, by which persons (including Entities) must serve on various parties the Notice of Substantial Claim Ownership (as described in <u>Exhibit 1F</u> to the Procedures attached to the Final Order) required by the Claims Procedures.

b.    <u>Claims Trading Before and After the Determination Date</u>.

i.    Any person (including any Entity) generally may trade freely and make a market in Claims until the Determination Date.

ii.    After the Determination Date, any acquisition of Claims by a person (including any Entity) who filed or is or was required to file a Notice of Substantial Claim Ownership or by a person (including any Entity) who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person or Entity, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with the Claims Procedures.

iii.    At least 10 days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (each acquisition, a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its

counsel, the Debtors (if not the Plan Proponent) and their counsel, a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Procedures attached to the Final Order as Exhibit 1G, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.

iv.     The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent), whether to approve a Claims Acquisition Request.  If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

c.     Creditor Conduct and Sell-Downs.

i.     Following the Determination Date, if the Plan Proponent determines that certain persons or Entities holding Claims must sell or transfer all or a portion of their Beneficial Ownership of Claims in order to ensure that the requirements of section 382(*l*)(5) of the IRC will be satisfied, the Plan Proponent may request that this Court enter an order approving the issuance of a notice (each, a "**Sell-Down Notice**") that such claimholder(s) must sell, cause to sell, or otherwise transfer a specified amount of its Beneficial Ownership of Claims.  Notwithstanding anything to the contrary in this Motion, no Claim holder shall be required to sell, cause to sell, or otherwise transfer any Beneficial Ownership of Claims if such sale or transfer would result in such Claim holder's Beneficial Ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such claimholder's "Protected Amount" (as defined in Exhibit 1 to the Final Order).

ii.     Each Sell-Down Notice shall direct such Claim holder to sell, cause to sell, or otherwise transfer its Beneficial Ownership of the amount of Claims specified in the Sell-Down Notice to certain permitted transferees.

iii.     Any person (including any Entity) that violates its obligations under the Claims Procedures shall be precluded from receiving, directly or indirectly, any consideration consisting of a Beneficial Ownership of the New Common Stock that is attributable to the "Excess Amount" of Claims for such person, or any consideration in lieu thereof; *provided* that such person may be entitled to

receive any other consideration to which such person may be entitled by virtue of holding Claims.

*Notice Procedures*

a. The Debtors will serve notice of the Interim Order and the Final Order, substantially in the form attached as <u>Exhibit 1F</u> to the Procedures attached to the Interim Order (the "**Notice of Interim Order**," and as the Notice of Interim Order may be modified to reflect that the Final Order has been entered, the "**Notice of Final Order**"), as applicable, and the Procedures upon all Notice Parties (as defined in the Procedures) and all banks, brokers, intermediaries, or mailing agents (collectively, the "**Nominees**") that hold Common Stock in "street name" for the beneficial holders no later than three business days after entry of the Interim Order or Final Order, as applicable.

b. Upon receipt of the Notice of Interim Order or Notice of Final Order, as applicable, all Nominees of Common Stock shall serve the applicable notice upon parties on behalf of which they directly hold record ownership, with correlative instructions to serve notices, sequentially, to reach the beneficial level, by no later than five (5) business days after being served with notice. Additionally, any entity or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

c. To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors shall not be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. If confidential information is necessary to respond to a petitioner's objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

d. The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in the Notice of Interim Order or Notice of Final Order.

**RELIEF REQUESTED**

16.     The Debtors seek entry of the Proposed Orders:    (a) approving (i) notification and hearing procedures related to certain transfers of, or declarations of worthlessness with respect to, IronNet, Inc.'s existing Common Stock or any Beneficial Ownership thereof, and (ii) certain notification, hearing, and sell down procedures related to Claims against one or more of the Debtors, in each case, as detailed in Exhibit 1 to each of the Proposed Orders; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock, or any purchase, sale, or other transfer of Claims in violation of the Procedures shall be null and void *ab initio*; and (c) granting related relief.

**BASIS FOR RELIEF**

17.     Section 541 of the Bankruptcy Code provides that property of a debtor's estate comprises, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case."   11 U.S.C. § 541.   The Tax Attributes are property of the Debtors' estates.   *See Official Comm. Of Unsecured Creditors* v. *PSS S.S. Co., Inc.* (*In re Prudential Lines, Inc.*), 107 B.R. 832, 839 (Bankr. S.D.N.Y. 1989) ("[D]ebtor's potential ability to utilize NOLs is property of an estate."), *aff'd*, 119 B.R. 430 (S.D.N.Y. 1990), *aff'd*, 928 F.2d 565 (2d Cir. 1991), *cert. denied*, 502 U.S. 821 (1991); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'" (quoting *Prudential Lines*, 928 F.2d at 572) (alteration in original)); *Gibson* v. *United States* (*In re Russell*), 927 F.2d 413, 417 (8th Cir. 1991) (concluding that the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).   Section 362(a)(3) of the Bankruptcy Code, moreover, stays "any act [of an entity] to obtain possession of property of the estate or of

property from the estate or to exercise control over property of the estate."   11 U.S.C. § 362(a)(3).   Accordingly, any act of a holder of a debtor's equity securities that causes the termination or limits use of the NOLs violates the automatic stay.   *In re Prudential Lines Inc.,* 928 F.2d at 573 (holding that the debtors' NOLs were property of the debtors' estates and protected by the automatic stay).

18.     Implementation of the Procedures is necessary and appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates.   Under sections 382 and 383 of the IRC, certain transfers of, or declarations of worthlessness with respect to, Beneficial Ownership of Common Stock prior to the consummation of a chapter 11 plan could limit the Debtors' ability to use the Tax Attributes. The Tax Attributes described above may provide the potential for material future tax savings or other potential tax structuring opportunities in these chapter 11 cases.   The termination or limitation of the Tax Attributes could be materially detrimental to all parties in interest.   Thus, granting the relief requested herein will preserve the Debtors' flexibility in operating the Debtors' business during the pendency of these chapter 11 cases and implementing a transaction that makes full and efficient use of the Tax Attributes and maximizes the value of the Debtors' estates.   The Debtors also wish to provide notice that Debtors may seek to monitor ownership, approve (or disapprove) certain transfers of Claims, and require the sell down of certain Claims acquired during these chapter 11 cases to preserve the Debtors' ability to avail themselves of relief under section 382(*l*)(5) of the IRC, if such relief is determined to be desirable and otherwise available.

19.     Additionally, the Procedures do not bar all transfers of, or declarations of worthlessness with respect to, Beneficial Ownership of Common Stock.   The Debtors seek to

establish procedures only to monitor the types of transactions that would pose a serious risk under the ownership change test pursuant to sections 382 and 383 of the IRC and to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or declaration of worthlessness could jeopardize the Debtors' utilization of the Tax Attributes.  Because of the Tax Attributes' importance to the Debtors' restructuring, and thus all parties in interest, the benefits of implementing the Procedures outweigh subjecting a limited number of transfers to the Procedures.

20.     The Claims Procedures (unless and until they become effective) permit the full trading of Claims.  If, after further factual development and analysis, the Debtors or another Plan Proponent decide to pursue a chapter 11 plan that contemplates the potential utilization of section 382($l$)(5) of the IRC, then, if necessary for the Debtors' ability to utilize that provision, a purchaser of certain Claims on or after the Petition Date may be required to sell some or all of such Claims.

21.     As they relate to an Ownership Change that occurs *pursuant* to a confirmed chapter 11 plan or any applicable bankruptcy court order, however, the limitations imposed by section 382 of the IRC are significantly less restrictive than those applicable to an Ownership Change that occurs before the effective date of (or otherwise outside of) a chapter 11 plan.  *See* IRC § 382($l$)(5), (6).  Under section 382($l$)(5) of the IRC (the "**Section 382($l$)(5) Safe Harbor**"), a corporation is not subject to the annual limitation ordinarily imposed by section 382 of the IRC with respect to an Ownership Change, *provided* that the Ownership Change resulted from the consummation of a chapter 11 plan or pursuant to any applicable bankruptcy court order and that the debtor's pre-Ownership Change shareholders and/or "qualified creditors" emerge from the reorganization owning at least fifty percent (50%) of the

total value and voting power of the reorganized debtor's stock immediately after the Ownership

Change. *Id*. § 382(*l*)(5)(A). Under section 382(*l*)(5)(E) of the IRC and the applicable Treasury

Regulations, a creditor whose Claim is exchanged for stock of the reorganized debtor under a

chapter 11 plan or pursuant to any applicable bankruptcy court order is, for purposes of

section 382 of the IRC, a "qualified creditor" (each, a "**Qualified Creditor**") if such creditor's

Claim either (a) has been owned by such creditor for 18 or more months prior to Petition Date or

(b) arose in the ordinary course of the debtor's business and was at all times beneficially owned

by such creditor. Creditors also may be classified as Qualified Creditors, despite not satisfying

either of these conditions, if such creditors meet the criteria set forth in Treasury Regulations

section 1.382-9(d)(3) (the "*De Minimis* **Rule**").

   22. Under the *De Minimis* Rule, a debtor may, for purposes of the

Section 382(*l*)(5) Safe Harbor, "treat indebtedness as always having been owned by the

beneficial owner of the indebtedness immediately before the [O]wnership [C]hange if the

beneficial owner is not, immediately after the [O]wnership [C]hange, either a 5-percent

shareholder or an [E]ntity through which a 5-percent shareholder owns an indirect ownership

interest" in the debtor. Treas. Reg. § 1.382-9(d)(3)(i). If a creditor is treated as having

continuously owned its Claim(s) under the *De Minimis* Rule, such creditor will be regarded as a

Qualified Creditor so long as the particular Claim(s) that it holds either (a) arose in the ordinary

course of the debtor's business or (b) came into existence (or is treated under the applicable tax

rules as having come into existence) at least 18 months prior to the Petition Date.

   23. Although there can be no assurance that the Section 382(*l*)(5) Safe Harbor

ultimately will be available to the Debtors, and recognizing that the Debtors have not yet been

able to determine whether the Section 382(*l*)(5) Safe Harbor, even if available, would yield

significant benefits in the context of the Debtors' restructuring, it is important that the Debtors preserve their ability to take advantage of the Section 382($l$)(5) Safe Harbor.  Because the determination of whether a creditor is a Qualified Creditor, in whole or in part, depends on the nature of its Claims and whether it has held its Claims (within the meaning of the applicable Treasury Regulations) until the effective date of the chapter 11 plan, transfers of Claims by creditors before such date pose a threat to the Debtors' ability to satisfy the requirements of the Section 382($l$)(5) Safe Harbor.  The Claims Procedures, if put in place, would ensure that the Debtors will have flexibility, if, after further factual development and analysis, the Debtors determine the Section 382($l$)(5) Safe Harbor is available and that it is desirable to comply with the requirements of the Section 382($l$)(5) Safe Harbor and thus preserve the Tax Attributes to the fullest extent possible.

24.    Even if it is ultimately determined that either the Section 382($l$)(5) Safe Harbor is unavailable to the Debtors or the relief provided thereby would not materially benefit the Debtors in the context of their restructuring, section 382($l$)(6) of the IRC provides a second, alternative rule that applies when an Ownership Change occurs pursuant to a confirmed chapter 11 plan or any applicable bankruptcy court order.  Specifically, section 382($l$)(6) of the IRC provides that, if a debtor undergoes an Ownership Change pursuant to a chapter 11 plan and the Section 382($l$)(5) Safe Harbor does not apply, then the appropriate value of the Debtors for purposes of calculating the annual limitation under section 382 of the IRC shall reflect the increase in value of the Debtors resulting from any surrender or cancellation of creditors' Claims pursuant to such chapter 11 plan.  Generally, under section 382 of the IRC, the taxable income of a loss corporation available for offset by pre-Ownership Change Tax Attributes is annually limited to an amount equal to the long-term tax-exempt rate multiplied by the value of the loss

company's stock immediately before the Ownership Change.  Thus, assuming the equity value of the Debtors increases as a result of the reorganization, section 382(*l*)(6) of the IRC will provide for a higher (and therefore less restrictive) annual limitation than would result under the general rules of section 382 of the IRC, thereby preserving the Debtors' ability to utilize a greater portion of their otherwise available Tax Attributes to offset any post-Ownership Change income.  In all circumstances, it is in the best interests of the Debtors and their stakeholders for the Court to implement the Procedures in order to prevent an Ownership Change prior to the effective date of a chapter 11 plan or any applicable bankruptcy court order and the Claims Procedures in order to permit qualification for the Section 382(*l*)(5) Safe Harbor if the Debtors determine such 382(*l*)(5) Safe Harbor is otherwise available and would provide significant additional value.

25.     The Debtors submit that the circumstances of these chapter 11 cases warrant granting the requested relief, and that doing so is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and therefore should be granted. Accordingly, the Debtors respectfully request that the Court authorize the relief requested.

## SATISFACTION OF BANKRUPTCY RULE 6003(b)

26.     Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  For the reasons set forth above and in the First Day Declaration, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied because the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## **REQUEST FOR WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

27.     Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As provided herein, and to implement the foregoing successfully, the Debtors request that the Proposed Orders include a finding that the Debtors have established cause to exclude such relief from the fourteen (14)-day stay period under Bankruptcy Rule 6004(h).

28.     For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable to the Proposed Orders.

## **RESERVATION OF RIGHTS**

29.     Nothing in the Proposed Orders or this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

## **NOTICE**

30.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (c) counsel to the DIP Facility Lenders; (d) counsel to the Prepetition Secured Creditors; (e) counsel to Korr; (f) counsel to 3i; (g) the Internal Revenue Service; (h) the Office of the United States Attorney for the District of Delaware; (i) all known Substantial Shareholders (or their counsel, if known); (j) the United

States Securities and Exchange Commission; and (k) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated:  October 12, 2023            **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
        Wilmington, Delaware

*/s/ Timothy R. Powell*
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Timothy R. Powell (No. 6894)
Kristin L. McElroy (No. 6871)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
         kenos@ycst.com
         ejustison@ycst.com
         tpowell@ycst.com
         kmcelroy@ycst.com

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

**EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (___) |
| Debtors. | (Jointly Administered) |
|  | Ref. Docket No. ___ |

**INTERIM ORDER (A) ESTABLISHING NOTIFICATION AND HEARING**
**PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF**
**WORTHLESSNESS WITH RESPECT TO COMMON STOCK OF IRONNET, INC.**
**AND CLAIMS AGAINST THE DEBTORS AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**") for the entry of an interim order

(this "**Interim Order**") (a) approving the Procedures related to certain transfers of, or

declarations of worthlessness with respect to, Beneficial Ownership of Common Stock as

detailed in __Exhibit 1__ to each of this Interim Order and the Final Order (defined below)

(collectively, the "**Procedures**"); (b) directing that any purchase, sale, other transfer of, or

declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation

of the Procedures shall be null and void *ab initio*; and (c) granting related relief; and upon

consideration of the First Day Declaration and the record of these chapter 11 cases; and due and

proper notice of the Motion having been given; and it appearing that no other or further notice of

the Motion is required except as otherwise provided herein; and it appearing that this Court has

jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors, and is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003(b); and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

3.      Objections to entry of an order granting the Motion on a final basis (the "**Final Order**") must be filed by _____, 2023 at 4:00 p.m. (ET) and served on: (a) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach (sbeach@ycst.com), Kenneth J. Enos (kenos@ycst.com), Elizabeth S. Justison (ejustison@ycst.com), Timothy R. Powell (tpowell@ycst.com), and Kristin L. McElroy (kmcelroy@ycst.com); (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov); (c) counsel to the DIP Facility Lenders, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Raphael M. Russo (rrusso@paulweiss.com), David Tarr (dtarr@paulweiss.com), Sean A. Mitchell (smitchell@paulweiss.com), Diane Meyers (dmeyers@paulweiss.com), and Thomas R.

O'Neill (toneill@paulweiss.com); and (d) counsel to any statutory committee appointed in these chapter 11 cases.    A final hearing, if required, on the Motion will be held on _____, 2023 at _____.m. (ET).  If no objections are filed to the Motion, this Court may enter the Final Order without further notice or hearing.

4.    The Procedures, as set forth in **<u>Exhibit 1</u>** attached hereto, are approved on an interim basis.

5.    Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock, in each case, in violation of the Procedures (including, but not limited to, the notice requirements) shall be null and void *ab initio*.

6.    In the case of any attempted transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such transfer, declaration, acquisition, disposition, or trade shall be required to take remedial actions specified by the Debtors to appropriately reflect that such transfer, declaration, acquisition, disposition, or trade is null and void *ab initio*.  In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

7.    The Debtors may retroactively or prospectively waive any and all sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures or imposed by this Interim Order on parties other than the Debtors.

30854688.4

8.     Other than to the extent that this Interim Order expressly conditions or restricts trading in Common Stock or Claims, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Claims, including in connection with the treatment of any such Common Stock or Claims under any chapter 11 plan or any applicable bankruptcy court order.

9.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

10.     Within three (3) business days of the entry of this Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Notice of Interim Order to all parties that were served with notice of the Motion and the Nominees that hold Common Stock in "street name" for the beneficial holders.  Within five (5) business days of the entry of this Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall post this Interim Order and the Procedures to the website established by the Debtors' claims and noticing agent, Stretto, Inc., and publish the Notice of Interim Order once in the national edition of *The New York Times*.  The Debtors may also file a form 8-K with a reference to the entry of this Interim Order.

11.     Nothing herein shall preclude any person desirous of acquiring any Common Stock from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

12.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other

applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13.     Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

15.     The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm to the estates.

16.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

## **EXHIBIT 1**

**Procedures for Transfers of, and Declarations of
Worthlessness with Respect to, Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF, AND
DECLARATIONS OF WORTHLESSNESS WITH
RESPECT TO, BENEFICIAL OWNERSHIP OF COMMON STOCK**

<u>Procedures for Transfers of Beneficial Ownership of Common Stock</u>[1]

a.      Any person or Entity (as defined below) that, at any time on or after the Petition Date, is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon:  (i) the Debtors, 7900 Tysons One Place, Suite 400, McLean, VA 22102, Attention:  Cameron Pforr (Cameron.pforr@ironnetcybersecurity.com); (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King St., Wilmington, Delaware 19801, Attention:  Elizabeth S. Justison (ejustison@ycst.com), and Timothy R. Powell (tpowell@ycst.com) (collectively, the "**Declaration Notice Parties**"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to these Procedures (each, a "**Declaration of Status as a Substantial Shareholder**"), on or before the later of (A) 20 business days after the date of the Notice of Interim Order (as defined herein) and (B) 10 calendar days after becoming a Substantial Shareholder; *provided*, that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.      At least 20 business days prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock as to which a Substantial Shareholder has Beneficial Ownership or would result in a person or Entity becoming a Substantial Shareholder (including the actual or deemed exercise of any Option to acquire Common Stock that would result in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be, a Substantial Shareholder), the parties to such transaction must file with the Court and serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "**Declaration of Intent to Accumulate Common Stock**").

c.      At least 20 business days prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in a person or Entity ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court and serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "**Declaration of Intent to Transfer Common Stock or Options**" and, together with a Declaration of Intent to Accumulate Common Stock, each, a "**Declaration of Proposed Transfer**").

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' Motion for Entry of Interim and Final Orders (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against the Debtors and (B) Granting Related Relief* (the "**Motion**").

d.    The Debtors shall have 15 business days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such person or Entity an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.

e.    If the Debtors file an objection, the proposed transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.

f.    If the Debtors do not object within such 15-business day period, the proposed transaction may proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of these Procedures must be the subject of additional notices in accordance with these Procedures, with an additional 15-business day waiting period for each Declaration of Proposed Transfer.

g.    For purposes of these Procedures for Transfers of Beneficial Ownership of Common Stock, (i) "**Substantial Shareholder**" means any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock as of the Petition Date); and (ii) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

Procedures for Declarations of Worthlessness of Common Stock

a.      Any person or Entity that currently is or becomes a 50% Shareholder (as defined below) must file with the Court and serve the Declaration Notice Parties a notice of such status, in the form of **Exhibit 1D** attached to these Procedures, on or before the later of (i) 30 calendar days after the date of the Notice of Interim Order and (ii) 10 calendar days after becoming a 50% Shareholder; *provided*, that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50% Shareholder even if no Declaration of Status as a 50% Shareholder has been filed.

b.      Prior to filing any federal, state, or local tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court and serve upon the Declaration Notice Parties an advance written notice substantially in the form of **Exhibit 1E** attached to these Procedures (a "**Declaration of Intent to Claim a Worthless Stock Deduction**") of the intended claim of worthlessness.

    i.      The Debtors shall have 15 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    ii.      If the Debtors file an objection, the 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates unless such objection is withdrawn by the Debtors or the proposed worthless stock deduction is approved by a final and non-appealable order of the Court.

    iii.      If the Debtors do not object within such 15-business day period, the filing of the tax return or amendment with such claim will be permitted solely as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of these Procedures must be the subject of additional notices as set forth herein, with an additional 15-business day waiting period.

c.      For purposes of these Procedures for Declarations of Worthlessness of Common Stock, a "**50% Shareholder**" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations).

Notice Procedures

a.      No later than 3 business days following entry of the Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall serve by first class or overnight mail a notice, substantially in the form of **Exhibit 1F** attached to the Procedures (the "**Notice of Interim Order**"), on the parties listed in paragraph 30 of the Motion (collectively, the "**Notice Parties**") and the Nominees.  Additionally, no later than 3 business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the final order has been entered (as modified, the "**Notice of Final Order**") on the same entities that received the Notice of Interim Order.

b.      Upon receipt of the Notice of Interim Order or Notice of Final Order, as applicable, all Nominees of Common Stock shall serve the applicable notice upon parties on behalf of which they directly hold record ownership, with correlative instructions to serve notices, sequentially, to reach the beneficial level, by no later than 5 business days after being served with notice.  Additionally, any entity or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

c.      To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors shall not be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection filed with the Court, (ii)  otherwise required by law, or (iii) that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  If confidential information is necessary to respond to a petitioner's objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

d.      The Debtors, may waive any and all restrictions, stays, and notification Procedures contained in the Notice of Interim Order or Notice of Final Order.

**EXHIBIT 1A**

**Declaration of Status as a Substantial Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IRONNET, INC., *et al.*,[1] | ) Case No. 23-11710 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Ref. Docket No. ___ |

**DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER**[2]

       **PLEASE TAKE NOTICE** that the undersigned party is/has become a

Substantial Shareholder with respect to the common stock of IronNet, Inc. or with respect to any

Beneficial Ownership therein (the "**Common Stock**").[3]   IronNet, Inc. is a debtor and debtor in

possession in Case No. 23-11710 (___) pending in the United States Bankruptcy Court for the

District of Delaware (the "**Court**").

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    For purposes of this Declaration: (a) a "**Substantial Shareholder**" is any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing 4.5% of all issued and outstanding shares of Common Stock outstanding as of the Petition Date); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]    For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

30854688.4

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of the Common Stock and/or Options to acquire _____ shares of the Common Stock.  The following table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying the Options beneficially owned by the undersigned party and (b) the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Options to acquire such Common Stock (categorized by class, as applicable).  In the case of Common Stock and/or Options that are not owned directly by the undersigned party but are nonetheless beneficially owned by the undersigned party, the table sets forth (i) the name(s) of each record or legal owner of such shares of Common Stock and/or Options that are beneficially owned by the undersigned party, (ii) the number of shares of Common Stock and/or the number of shares of the Common Stock underlying the Options beneficially owned by such undersigned party, and (iii) the date(s) on which such Common Stock was and/or Options were acquired (categorized by class, as applicable).

| Name of Owner | Shares Owned | Date(s) Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and*

*Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against the Debtors and (B) Granting Related Relief* [Docket No. _____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
      Name: _____
      Address: _____
      _____
      Telephone: _____
      Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)                    (State)

## **EXHIBIT 1B**

**Declaration of Intent to Accumulate Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | ) ) | Case No. 23-11710 (___) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | **Ref. Docket No. ___** |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate (the "**Proposed Transfer**") one or

more shares of common stock of IronNet, Inc. or any Beneficial Ownership therein

(the "**Common Stock**").[3]  IronNet, Inc. is a debtor and debtor in possession in Case No. 23-

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    For purposes of this Declaration:  (a) a "**Substantial Shareholder**" is any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing 4.5% of all issued and outstanding shares of Common Stock outstanding as of the Petition Date); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]    For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

11710 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2023, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against the Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 15-business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)


By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)                    (State)

## <u>EXHIBIT 1C</u>

**Declaration of Intent to Transfer Common Stock or Options**

30854688.4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Ref. Docket No. ___** |

### DECLARATION OF INTENT TO TRANSFER COMMON STOCK OR OPTIONS[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer (the "**Proposed Transfer**") one or more shares of

common stock of IronNet, Inc. or any Beneficial Ownership therein (the "**Common Stock**").[3]

IronNet, Inc. is a debtor and debtor in possession in Case No. 23-11710 (___) pending in the

United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]   The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]   For purposes of this Declaration:  (a) a "**Substantial Shareholder**" is any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing 4.5% of all issued and outstanding shares of Common Stock outstanding as of the Petition Date); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]   For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against the Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 15-business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)        (State)

## **<u>EXHIBIT 1D</u>**

### **Declaration of Status as 50% Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| IRONNET, INC., *et al.*,[1] | ) |
|  | ) Case No. 23-11710 (___) |
| Debtors. | ) |
|  | ) (Jointly Administered) |
|  | ) |
|  | ) **Ref. Docket No. ___** |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50% Shareholder with respect to the common stock of IronNet, Inc. or any Beneficial Ownership therein (the "**Common Stock**").[3]  IronNet, Inc. is a debtor and debtor in possession in Case No. 23-11710 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]  The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]  For purposes of this Declaration:  (a) a "**50% Shareholder**" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code (the "**IRC**") and the applicable Treasury Regulations); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]  For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following table sets forth the number of shares of Common Stock and the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and (II) Granting Related Relief* [Docket No. ____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank]*

30854688.4

Respectfully submitted,

(Name of 50% Shareholder)


By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____


Dated: _____ __, 20__
_____, _____
(City)           (State)

30854688.4

**<u>EXHIBIT 1E</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

## <u>DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>[2]

  **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to one or more shares of common stock of IronNet, Inc. or any Beneficial Ownership therein (the "**Common Stock**"). IronNet, Inc. is a debtor and debtor in possession in Case No. 23-11710 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2] For purposes of this Declaration:  (a) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (b) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2023, the undersigned party filed a declaration of status as a 50% Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party proposes to declare for [federal / a specific state] tax purposes that _____ shares of Common Stock became worthless during the tax year ending _____ (the "**Proposed Worthlessness Claim**").

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against the Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes non-appealable. If the Debtors do not object within such 15-business day period,

then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 15-business day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)           (State)

**<u>EXHIBIT 1F</u>**

**Notice of Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (___) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. ___** |

### NOTICE OF (A) DISCLOSURE PROCEDURES APPLICABLE TO CERTAIN HOLDERS OF COMMON STOCK OR OPTIONS, (B) DISCLOSURE PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK, AND (C) FINAL HEARING ON THE APPLICATION THEREOF

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF IRONNET, INC. (THE "COMMON STOCK"):**

**PLEASE TAKE NOTICE** that on October 12, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed petitions with the United States Bankruptcy Court for the District of Delaware (the "**Court**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with*

---

[1]  The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

*Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. [●]] (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that on [●], 2023, the Court entered the *Interim Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against the Debtors and (B) Granting Related Relief* [Docket No. [●]] (the "**Order**")[2] approving procedures for certain transfers of, and declarations of worthlessness with respect to, Common Stock, set forth in Exhibit 1 attached to the Order (the "**Procedures**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, a Substantial Shareholder or person that may become a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such transaction in violation of the Procedures shall be null and void *ab initio*, and certain remedial actions may be required to restore the status quo ante.

PLEASE TAKE FURTHER NOTICE that**,** pursuant to the Order, a 50% Shareholder may not claim a worthless stock deduction in respect of the Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such deduction in violation of the Procedures is null and void *ab initio*, and the 50% Shareholder shall be required to file an amended tax return revoking such proposed deduction.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Order, as applicable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, solicitation, and claims agent for the Debtors, Stretto, Inc., will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  The Order and such declarations are also available via PACER on the Court's website at https://ecf.delb.uscourts.gov/ for a fee, or at no charge by accessing the Debtors' restructuring website at:

https://protect-us.mimecast.com/s/oCU1C0R9NqhgyQ8KuwUnA3?domain=cases.stretto.com.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "**Final Hearing**") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023.  If no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

**PLEASE TAKE FURTHER NOTICE** THAT FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.

**PLEASE TAKE FURTHER NOTICE** THAT ANY PROHIBITED PURCHASE, SALE, OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK OR BENEFICIAL OWNERSHIP THEREIN IN VIOLATION OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO* AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY DETERMINE.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:  October [•], 2023
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Timothy R. Powell (No. 6894)
Kristin L. McElroy (No. 6871)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
        kenos@ycst.com
        ejustison@ycst.com
        tpowell@ycst.com
        kmcelroy@ycst.com

*Proposed Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT B**

## **Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IRONNET, INC., *et al.*,[1] | ) Case No. 23-11710 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket Nos. ___ & ___** |

**FINAL ORDER (A) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK OF IRONNET, INC. AND CLAIMS
AGAINST THE DEBTORS AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (the "**Debtors**") for the entry of a final order (this "**Final Order**")

(a) approving the Procedures related to certain transfers of, or declarations of worthlessness with

respect to Beneficial Ownership of Common Stock and/or Claims against one or more of the

Debtors; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness

with respect to Beneficial Ownership of Common Stock, or any acquisition, disposition, or

trading of any Claims against the Debtors, in each case shall be null and void *ab initio*; and (c)

granting related relief; and upon consideration of the First Day Declaration and the record of

these chapter 11 cases; and due and proper notice of the Motion having been given; and it

appearing that no other or further notice of the Motion is required except as otherwise provided

herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with

28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core

---

[1]  The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court, if any; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

3.      The Procedures, as set forth in **Exhibit 1** attached hereto, are approved on a final basis.

4.      Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock, or any purchase, sale, or other transfer of Claims, in each case, in violation of the Procedures (including, but not limited to, the notice requirements) shall be null and void *ab initio*.

5.      In the case of any attempted transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock and any acquisition, disposition, or trading of Claims against the Debtors, in each case in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such transfer, declaration, acquisition, disposition, or trade shall be required to take remedial actions specified by the Debtors to appropriately reflect that such transfer, declaration, acquisition, disposition, or trade is null and void *ab initio*.  In the case of any such declaration of worthlessness with respect

to Beneficial Ownership of Common Stock in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6. The Debtors may retroactively or prospectively waive any and all sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures or imposed by this Final Order on parties other than the Debtors.

7. Other than to the extent that this Final Order expressly conditions or restricts trading in Common Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such Common Stock under any chapter 11 plan or any applicable bankruptcy court order.

8. The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

9. Within 3 business days of the entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Notice of Final Order to all parties that were served with notice of the Motion and the Nominees that hold Common Stock in "street name" for the beneficial holders. Within 5 business days of the entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors shall post this Final Order and the Procedures to the website established by the Debtors' claims and noticing agent, Stretto, Inc., and publish the Notice of Final Order once in the national edition of *The New York Times*. The Debtors may also file a form 8-K with a reference to the entry of this Final Order.

10.     Nothing herein shall preclude any person desirous of acquiring any Common Stock or Claim from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

11.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

## <u>EXHIBIT 1</u>

**Procedures for Transfers of Beneficial Ownership of Common Stock or Claims, and Declarations of Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF**
**BENEFICIAL OWNERSHIP OF COMMON STOCK**
**OR CLAIMS AND DECLARATIONS OF WORTHLESSNESS**
**WITH RESPECT TO BENEFICIAL OWNERSHIP OF COMMON STOCK**

<u>Procedures for Transfers of Beneficial Ownership of Common Stock</u>[1]

a.   Any person or Entity (as defined below) that, at any time on or after the Petition Date, is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon: (i) the Debtors, 7900 Tysons One Place, Suite 400, McLean, VA 22102, Attention:   Cameron Pforr (Cameron.pforr@cybernetsecurity.com);   (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King St., Wilmington, Delaware 19801, Attention: Elizabeth S. Justison (ejustison@ycst.com),   and Timothy R. Powell (tpowell@ycst.com)   (collectively, the "**Declaration Notice Parties**"), a declaration of such status, substantially in the form of **<u>Exhibit 1A</u>** attached to these Procedures (each, a "**Declaration of Status as a Substantial Shareholder**"), on or before the later of (A) 20 business days after the date of the Notice of Interim Order (as defined herein) and (B) 10 calendar days after becoming a Substantial Shareholder; *provided*, that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.   At least 20 business days prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock as to which a Substantial Shareholder has Beneficial Ownership or would result in a person or Entity becoming a Substantial Shareholder (including the actual or deemed exercise of any Option to acquire Common Stock that would result in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be, a Substantial Shareholder), the parties to such transaction must file with the Court and serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **<u>Exhibit 1B</u>** attached to these Procedures (each, a "**Declaration of Intent to Accumulate Common Stock**").

c.   At least 20 business days prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in a person or Entity ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court and serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **<u>Exhibit 1C</u>** attached to these Procedures (each, a "**Declaration of Intent to Transfer Common Stock or**

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' Motion for Entry of Interim and Final Orders (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* (the "**Motion**").

**Options**," and together with a Declaration of Intent to Accumulate Common Stock, each, a "**Declaration of Proposed Transfer**").

d.    The Debtors shall have 15 business days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such person or Entity an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.

e.    If the Debtors file an objection, the proposed transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.

f.    If the Debtors do not object within such 15-business day period, the proposed transaction may proceed solely as set forth in the Declaration of Proposed Transfer.    Further transactions within the scope of these Procedures must be the subject of additional notices in accordance with these Procedures, with an additional 15-business day waiting period for each Declaration of Proposed Transfer.

g.    For purposes of these Procedures for Transfers of Beneficial Ownership of Common Stock, (i) "**Substantial Shareholder**" means any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock as of the Petition Date); and (ii) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

Procedures for Declarations of Worthlessness of Common Stock

a.      Any person or Entity that currently is or becomes a 50% Shareholder (as defined below) must file with the Court and serve the Declaration Notice Parties a notice of such status, in the form of **Exhibit 1D** attached to these Procedures, on or before the later of (i) 30 calendar days after the date of the Notice of Interim Order and (ii) 10 calendar days after becoming a 50% Shareholder; *provided*, that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50% Shareholder even if no Declaration of Status as a 50% Shareholder has been filed.

b.      Prior to filing any federal, state, or local tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court and serve upon the Declaration Notice Parties an advance written notice substantially in the form of **Exhibit 1E** attached to these Procedures (a "**Declaration of Intent to Claim a Worthless Stock Deduction**").

   i.      The Debtors shall have 15 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii.     If the Debtors file an objection, the 50% Shareholder shall not claim, or cause or be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates unless such objection is withdrawn by the Debtors or the proposed worthless stock deduction is approved by a final and non-appealable order of the Court.

   iii.    If the Debtors do not object within such 15-business day period, the filing of the tax return or amendment with such claim will be permitted solely as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of these Procedures must be the subject of additional notices as set forth herein, with an additional 15-business day waiting period.

c.      For purposes of these Procedures for Declarations of Worthlessness of Common Stock, a "**50% Shareholder**" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations).

Procedures Applicable to Transfers of Claims Against the Debtors

a.  Disclosure of 382($l$)(5) Plan.  If the proponent of a plan of reorganization (a "**Plan Proponent**") determines that any reorganized Debtor likely could qualify for and benefit from the application of section 382($l$)(5) of the IRC and reasonably anticipates that the post-emergence debtors will invoke such section, then the Plan Proponent, in proposing a 382($l$)(5) Plan, shall disclose the following in its proposed disclosure statement or, in the case of items (iii) through (v) described below, a later, separate notice (collectively, the "**Proposed 382($l$)(5) Disclosure Statement**"):

   i.   Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382($l$)(5) of the IRC that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

   ii.   A summary of any restrictions expected to be imposed on the transferability of securities issued under the 382($l$)(5) Plan in order to preserve such incremental tax benefits;

   iii.   The (A) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in the New Common Stock and (B) number of any of the specified interests (the "**Owned Interests**") in the Debtors which shall include, but not necessarily be limited to, Common Stock expected to result in a one-percent (1%) interest in the New Common Stock, in each case based upon then-available information;

   iv.   A specified date (the "**Determination Date**") that is not less than 10 days after the service of the notice of the hearing with respect to the Proposed 382($l$)(5) Disclosure Statement;

   v.   A specified date (the "**Reporting Deadline**") that is not less than 5 days after the Determination Date, by which persons (including Entities) must serve on various parties the notice required by these Procedures (the "**Notice of Substantial Claim Ownership**"); and

   vi.   In the event that items (iii) through (v) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the Securities and Exchange Commission on Form 8-K.

b.   Notice of Substantial Claim Ownership.

   i.   Any person (including any Entity) that beneficially owns either (A) more than a specified amount of Claims[2] or (B) a lower amount of Claims that (based on the

---

[2]   This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382($l$)(5) Plan, and disclosed in the Proposed 382($l$)(5) Disclosure Statement.  The "specified amount" may be expressed by class or type of Claim(s), if applicable.

applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), in each case, that is reasonably expected to result in such holder of Claims holding the Applicable Percentage of the New Common Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), a Notice of Substantial Claim Ownership, in substantially the form annexed to the Procedures as **<u>Exhibit 1F</u>** (or as adjusted and annexed to the Proposed 382(*l*)(5) Disclosure Statement) on or before the Reporting Deadline. Such person or Entity also shall set forth in the Notice of Substantial Claim Ownership its Beneficial Ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring Beneficial Ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(*l*)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership). A person (including any Entity) that is required to file a Notice of Substantial Claim Ownership may or may not be a Substantial Claimholder. The standard for a person (including an Entity) being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be filed with the Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

ii.   In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(*l*)(5) of the IRC, the Debtors may request[3] from any person (including any Entity) that beneficially owns either (A) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (B) a lower amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of the New Common Stock, in each case, as of the date specified in such request, information regarding its Beneficial Ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(*l*)(5) Disclosure Statement, in a manner consistent with these Procedures. A response to such request shall be served upon the Debtors and their counsel. In addition, the Debtors shall disclose such request in a separate filing with the Securities and Exchange Commission on Form 8-K.

iii.  Any person (including any Entity) that fails to comply with its notification obligations set forth in this paragraph shall, among other things, be subject to such remedy as the Court may find appropriate upon motion by the Debtors, after service of the Motion upon such person or Entity and a hearing on the Motion in

---

[3]   For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(*l*)(5) Disclosure Statement pursuant to these Procedures.

accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of any Beneficial Ownership of Claims to the extent of such person's (or Entity's) ownership of an Excess Amount and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

c.    <u>Claims Trading Before and After Determination Date</u>.

    i.    Any person (including any Entity) generally may trade freely and make a market in Claims until the Determination Date.

    ii.    After the Determination Date, any acquisition of Claims by a person (including any Entity) who filed or is or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person or Entity, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with these Procedures.

    iii.    At least ten (10) days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent) a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Procedures attached to the Final Order as **<u>Exhibit 1G</u>**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.  At the election of the Substantial Claimholder, the Claims Acquisition Request to be filed with the Court (but not the Claims Acquisition Request that is served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

    iv.    The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent), whether to approve a Claims Acquisition Request.  If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

d.    <u>Creditor Conduct and Sell-Down</u>.

    i.    To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or

their advisors with regard to such a chapter 11 plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a Beneficial Ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a chapter 11 plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has Beneficial Ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed chapter 11 plan; voting to accept or reject a proposed chapter 11 plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an ad hoc committee; or taking any action required by an order of the Court.

ii.  Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their Beneficial Ownership of Claims in order to ensure that the requirements of section 382(*l*)(5) of the IRC will be satisfied, the Plan Proponent may file a motion with the Court for entry of an order—after notice to counsel to the Debtors (if the Debtors are not the Plan Proponent), and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "**Sell-Down Notice**") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its Beneficial Ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "**Excess Amount**").  The motion shall be heard on expedited basis such that the Court can render a decision on the motion at or before the hearing on confirmation of the 382(*l*)(5) Plan.  If the Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

iii.  Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any Beneficial Ownership of Claims if such sale or transfer would result in the Substantial Claimholder's Beneficial Ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

iv.  Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its Beneficial Ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "**Sell-Down**"); *provided, however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own,

immediately after the contemplated transfer, an Excess Amount of Claims; *provided, further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

v.    By the date that is the later of (A) five (5) days after the entry of an order confirming the 382(*l*)(5) Plan and (B) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(*l*)(5) Plan (the "**Sell-Down Date**"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving the New Common Stock, serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent) a notice, substantially in the form annexed to these Procedures as **Exhibit 1H** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "**Notice of Compliance**").    Any Substantial Claimholder who fails to comply with this provision shall not receive the New Common Stock with respect to any Excess Amount of Claims.    At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Court (but not the Notice of Compliance that is served upon the Debtors and the attorneys for the Debtors) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

vi.    Other than information that is public or in connection with an audit or other investigation by the Internal Revenue Service or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person (including any Entity); *provided, however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Court; *provided, further,* that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Court under seal.

vii.    Any person (including any Entity) that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire Beneficial Ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership) in its

Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a Beneficial Ownership of the New Common Stock that is attributable to the Excess Amount of Claims for such person or Entity and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person or Entity (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become Beneficial Ownership of the New Common Stock without the need to receive new equity interests, such person or Entity shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a Beneficial Ownership of the New Common Stock attributable to such person's (or Entity's) Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided, however*, that such person (or Entity) may be entitled to receive any other consideration to which such person (or Entity) may be entitled by virtue of holding Claims (this provision, the "**Equity Forfeiture Provision**").  Any purported acquisition of, or other increase in the Beneficial Ownership of, the New Common Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity**."  Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including the Post-Emergence Company) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including the Post-Emergence Company) (A) any Forfeited Equity still held by such acquirer and (B) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Court may determine.  Any Forfeited Equity returned to the Debtors, including the Post-Emergence Company, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

viii.    In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

e.      Exceptions.

i.      No person (including any Entity) shall be subject to the approval provisions of paragraphs (b) and (c) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph (d) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining the New Common Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii); *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), a notice of such status, substantially in the form annexed to the Procedures as **Exhibit 1F**, as provided in these Procedures.

ii.     For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Owned Interests, notes, bonds, debentures, property, or other debt securities or obligations (A) issued by any of the Debtors, (B) secured by assets of any of the Debtors or agreements with respect to such assets, or (C) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above; *provided, however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

f.      For Purposes of These Procedures Applicable to Transfers of Claims Against the Debtors.

i.      "**Applicable Percentage of the New Common Stock**" means, (A) if only one class of the New Common Stock is to be issued pursuant to the terms of a 382(*l*)(5) Plan and holders within each class of Claims receiving the New Common Stock will receive a *pro rata* distribution of the New Common Stock, 4.5% of the number of shares of the New Common Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(*l*)(5) Plan, as determined for U.S. federal income tax purposes, or (B) if multiple classes of the New Common Stock are issued pursuant to the terms of a 382(*l*)(5) Plan, a percentage of the number of shares of each class of the New Common Stock (which percentage may be different for each such class) that have an aggregate fair market value equal to 4.5% of the fair market value of all the New Common Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(*l*)(5) Plan, as determined for U.S. federal income tax purposes.

ii.     "**Beneficial Ownership**" of a Claim or Owned Interest means:  (A) the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in

accordance with applicable rules under section 382 of the IRC, the Treasury Regulations, and rulings issued by the Internal Revenue Service and as described herein (for such purpose, a Claim or Owned Interest is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (x) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries), (y) ownership by a holder's family members, and (z) ownership by any Entity, Owned Interests, and/or stock; and (B) the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest. For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a chapter 11 plan or any applicable bankruptcy court order.

iii.    "**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors, whether secured or unsecured, other than any claims under or in connection with any proposed debtor in possession financing facility (a "**DIP Loan**").

iv.    "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims or the New Common Stock.

v.    "**Holdings Report**" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date.

vi.    "**Maximum Amount**" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382($l$)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:    (A) Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382($l$)(5) Plan (the "**Sell-Down Amount**"); (B) The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (1) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (x) the applicable Threshold Amount and (y) the Protected Amount for such Substantial Claimholder, and (2) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (x) the aggregate applicable Threshold Amount for

all Substantial Claimholders and (y) the aggregate Protected Amount of all Substantial Claimholders; and (C) for each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount. The difference shall be the Maximum Amount.

vii.    "**New Common Stock**" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of the Post-Emergence Company, including Options to acquire the same.

viii.   "**Newly Traded Claims**" means Claims (A) with respect to which a person (including any Entity) acquired Beneficial Ownership after the date that was eighteen (18) months prior to the Petition Date and (B) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person (including any Entity) always has had Beneficial Ownership.

ix.    "**Permitted Transferee**" with respect to a Substantial Claimholder is a person (including any Entity) whose holding of a Claim would not result in such Substantial Claimholder having Beneficial Ownership of such Claim.

x.     "**Post-Emergence Company**" means the reorganized Debtors or any successor thereto.

xi.    "**Protected Amount**" means the amount of Claims (by class or other applicable classification) of which a holder had Beneficial Ownership on the Petition Date (or such later date as may be specified by the Plan Proponent in the Proposed 382(*l*)(5) Disclosure Statement) *plus* the amount of Claims of which such holder acquires, directly or indirectly, Beneficial Ownership pursuant to trades entered into prior to the Petition Date (or such later date), but that had not yet closed as of the Petition Date (or such later date), and the amount of Claims of which such holder acquires, directly or indirectly, Beneficial Ownership pursuant to trades entered into after the Petition Date (or such later date) that have been approved by the Debtors in accordance with these Procedures minus the amount of Claims of which such holder sells, directly or indirectly, Beneficial Ownership pursuant to trades entered into prior to the Petition Date (or such later date), but that had not yet closed as of the Petition Date (or such later date).

xii.   "**Substantial Claimholder**" means any person (including any Entity) that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person through which such person beneficially owns Claims against the Debtors, of more than the Threshold Amount other than any claims under or in connection with any DIP Loan. For the avoidance of doubt, section 382 of the IRC, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when a person's (including an

Entity's) status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

xiii. "**Threshold Amount**" means an amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of the New Common Stock. For this purpose, the Beneficial Ownership of an Option to acquire Owned Interests shall be considered Beneficial Ownership of Owned Interests. Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring Beneficial Ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the "**Minimum Threshold Amount**," which shall be the amount of Claims beneficially owned by a holder of Claims continuously from the Petition Date to the Sell-Down Date (as hereinafter defined).

xiv. "**382(*l*)(5) Plan**" means a plan of reorganization that contemplates the use of section 382(*l*)(5) of the IRC by a reorganized debtor to obtain certain incremental tax benefits.

<u>Notice Procedures</u>

a. No later than three business days following entry of the Final Order, or as soon as was reasonably practicable thereafter, the Debtors served by first class mail a notice, substantially in the form of **Exhibit 1** attached to the Procedures (the "**Notice of Final Order**"), on the parties listed in paragraph 30 of the Motion (collectively, the "**Notice Parties**") and the Nominees.

b. Upon receipt of the Notice of Interim Order or Notice of Final Order, as applicable, all Nominees shall serve the applicable notice to any beneficial holders of the Common Stock as required pursuant to subparagraph (a), immediately above, by no later than five (5) business days after being served with notice. Additionally, any Entity or broker or agent acting on such Entity's or individual's behalf who sells Common Stock to another Entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

c. Any Entity or broker or agent acting on such Entity's or individual's behalf who sells Common Stock to another person or Entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d. To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided* that any such declarations served on the Debtors shall not be in redacted form.

The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except to the extent (i) necessary to respond to a petition or objection filed with the Court, (ii) otherwise required by law, or (iii) that the information contained therein is already public; *provided* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. If confidential information is necessary to respond to a petitioner's objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

e.    The Debtors may waive any and all restrictions, stays, and notification Procedures contained in the Notice of Interim Order and Notice of Final Order.

**EXHIBIT 1A**

**Declaration of Status as a Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Ref. Docket No. ___** |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the common stock of IronNet, Inc. or with respect to any Beneficial Ownership therein (the "**Common Stock**").[3] IronNet, Inc. is a debtor and debtor in possession in Case No. 23-11710 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    For purposes of this Declaration: (a) a "**Substantial Shareholder**" is any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing 4.5% of all issued and outstanding shares of Common Stock outstanding as of the Petition Date); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]    For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of the Common Stock and/or Options to acquire _____ shares of the Common Stock.  The following table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying the Options beneficially owned by the undersigned party and (b) the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Options to acquire such Common Stock (categorized by class, as applicable).  In the case of Common Stock and/or Options that are not owned directly by the undersigned party but are nonetheless beneficially owned by the undersigned party, the table sets forth (i) the name(s) of each record or legal owner of such shares of Common Stock and/or Options that are beneficially owned by the undersigned party, (ii) the number of shares of Common Stock and/or the number of shares of the Common Stock underlying the Options beneficially owned by such undersigned party, and (iii) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Name of Owner | Shares Owned | Date(s) Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and*

*Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. _____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)                      (State)

## **EXHIBIT 1B**

**Declaration of Intent to Accumulate Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. ___** |

### DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate (the "**Proposed Transfer**") one or

more shares of common stock of IronNet, Inc. or any Beneficial Ownership therein

(the "**Common Stock**").[3]  IronNet, Inc. is a debtor and debtor in possession in Case No. 23-

---

[1]   The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102

[2]   For purposes of this Declaration:  (a) a "**Substantial Shareholder**" is any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing 4.5% of all issued and outstanding shares of Common Stock outstanding as of the Petition Date); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]   For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

30854688.4

11710 (\_\_\_) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ \_\_, 2023, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. \_\_\_\_] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 15-business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank]*

Respectfully submitted,

(Name of Declarant)


By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____


Dated: _____ __, 20__
_____, _____
(City)             (State)

30854688.4

## EXHIBIT 1C

**Declaration of Intent to Transfer Common Stock or Options**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (___) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ___ |

### DECLARATION OF INTENT TO TRANSFER COMMON STOCK OR OPTIONS[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "**Proposed Transfer**") one or more shares of common stock of IronNet, Inc. or any Beneficial Ownership therein (the "**Common Stock**").[3] IronNet, Inc. is a debtor and debtor in possession in Case No. 23-11710 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    For purposes of this Declaration:  (a) a "**Substantial Shareholder**" is any person or Entity that has Beneficial Ownership of at least 5,467,805.28 shares of Common Stock (representing 4.5% of all issued and outstanding shares of Common Stock outstanding as of the Petition Date); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]    For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

30854688.4

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 15-business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)        (State)

30854688.4

# **EXHIBIT 1D**

**Declaration of Status as 50% Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IRONNET, INC., *et al.*,[1] | ) Case No. 23-11710 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket No. ___** |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

    **PLEASE TAKE NOTICE** that the undersigned party is/has become a 50% Shareholder with respect to the common stock of IronNet, Inc. or any Beneficial Ownership therein (the "**Common Stock**").[3]  IronNet, Inc. is a debtor and debtor in possession in Case No. 23-11710 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    For purposes of this Declaration:  (a) a "**50% Shareholder**" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code (the "**IRC**") and the applicable Treasury Regulations); (b) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (c) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (d) "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

[3]    For the avoidance of doubt, the definition of Common Stock shall not include record or Beneficial Ownership in any securities to be issued in connection with a chapter 11 plan of reorganization of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following table sets forth the number of shares of Common Stock and the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of Page Intentionally Left Blank]*

30854688.4

Respectfully submitted,

(Name of 50% Shareholder)


By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____


Dated: _____ __, 20__
_____, _____
(City)          (State)

## **EXHIBIT 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| IRONNET, INC., *et al.*,[1] | ) Case No. 23-11710 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket No. ___** |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to one or more shares of common stock of IronNet, Inc. or any Beneficial Ownership therein (the "**Common Stock**").  IronNet, Inc. is a debtor and debtor in possession in Case No. 23-11710 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a declaration of status as a 50% Shareholder with the Court and served copies thereof as set forth therein.

---

[1]     The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]     For purposes of this Declaration:  (a) "**Beneficial Ownership**" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and rulings issued by the Internal Revenue Service and includes direct, indirect, and constructive ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (i) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (ii) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (iii) an individual and such individual's family members may be treated as one individual, (iv) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (v) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (b) an "**Option**" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

30854688.4

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that the undersigned party proposes to declare for [federal/state] tax purposes that _____ shares of Common Stock became worthless during the tax year ending _____ (the "**Proposed Worthlessness Claim**").

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), this declaration (this "**Declaration**") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Court that becomes non-appealable.  If the Debtors do not object within such 15-business day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court

30854688.4

2

to be served in the same manner as this Declaration and are subject to an additional 15-business day waiting period.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)          (State)

**EXHIBIT 1F**

**(A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (____) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Ref. Docket No. ___** |

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

**PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. _____] (the "**Order**"), [person (including any Entity)] hereby provides notice that the undersigned party beneficially owns either (a) more than $[●] of Claims[2] against the Debtors or (b) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of Substantial Claimholder), could result in such holder of Claims holding the Applicable Percentage of New Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:  (a) in the case of Claims that are owned directly by the undersigned party, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Exhibit 1 to the Order.

defined) by the undersigned party (categorized by class or other applicable classification); and (b) in the case of Claims that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the table sets forth (i) the name(s) of each record or legal owner of such Claims that are beneficially owned by the undersigned party and (ii) the dollar amount of all Claims beneficially owned by such undersigned party (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|-------|---------------------|---------------|---------------------|
|       |                     |               |                     |
|       |                     |               |                     |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the undersigned party (whether owned by the undersigned party directly or indirectly) and that undersigned party will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|---------------------|---------------|------------------|
|       |                     |               |                  |
|       |                     |               |                  |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:  (a) in the case of Owned Interests that are owned directly by the undersigned party, the table sets forth (i) the type and number of any Owned Interests

beneficially owned (or that are subject to Options that are beneficially owned) by the undersigned party and (ii) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification); and (b) in the case of Owned Interests that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the table sets forth (i) the name(s) of each record or legal owner of such Owned Interests that are beneficially owned by the undersigned party, (ii) the type and number of any such Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by such undersigned party, and (iii) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).  The undersigned party will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire Beneficial Ownership of additional Owned Interests (and Options to acquire the same) before Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that, the taxpayer identification number of the undersigned party is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The undersigned party is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Party]

By: _____
      Name: _____
      Address: _____
      _____
      Telephone: _____
      Facsimile: _____
      Date: _____

30854688.4

## **EXHIBIT 1G**

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Ref. Docket No. ___** |

## NOTICE OF REQUEST TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTORS

**PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), [person (including any Entity)] hereby provides notice of (a) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (b) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the undersigned party (any proposed transaction described in (a) or (b), a "**Proposed Transfer**").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on [prior date(s)], the undersigned party served a Notice of Substantial Claim Ownership with the Plan Proponent and counsel to the Plan Proponent (and the Debtors and their counsel if not the Plan Proponent).

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Exhibit 1 to the Order.

**PLEASE TAKE FURTHER NOTICE** that, the undersigned party is filing this notice as (check one):

| | |
|---|---|
| *A person (including any Entity) that served or was required to serve a Notice of Substantial Claim Ownership* | |
| *A person (including any Entity) that, upon consummation of the Proposed Transfer, would have been required to serve a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

**PLEASE TAKE FURTHER NOTICE**, that the following tables set forth the following information: (a) in the case of Claims and/or Owned Interests that are owned directly by the undersigned party, the tables set forth (i) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) beneficially owned by the undersigned party (categorized by class or other applicable classification) and, (ii) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired; and (b) in the case of Claims and/or Owned Interests that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the tables set forth (i) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that are beneficially owned by the undersigned party, (ii) the dollar amount of all Claims and the type and number of Owned Interests beneficially owned by the undersigned party (categorized by class or other applicable classification), and, (iii) if applicable, the date such Owned Interests (and Options to acquire the same) were acquired. The undersigned party will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

30854688.4

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that, the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the undersigned party (whether owned by the undersigned party directly or indirectly).  The undersigned party will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that, the following table sets forth the following information:  (a) if the Proposed Transfer involves the purchase or acquisition of Claims directly by the undersigned party, the table sets forth the dollar amount of all Claims

30854688.4

(categorized by class or other applicable classification) proposed to be purchased or acquired; and (b) if the Proposed Transfer involves the purchase or acquisition of Claims by a person (including any Entity) other than the undersigned party, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the undersigned party, the table sets forth (i) the name(s) of each such person that proposes to purchase or acquire such Claims and (ii) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|-------|----------------------|---------------|------------------------------|
|       |                      |               |                              |
|       |                      |               |                              |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that, if the Proposed Transfer involves a purchase or acquisition of Claims directly by the undersigned party and such Proposed Transfer would result in (a) an increase in the Beneficial Ownership of Claims by a person (including any Entity) (other than the undersigned party) that currently is a Substantial Claimholder or (b) a person's (other than the undersigned party) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person, (ii) the dollar amount of all Claims beneficially owned by such person currently (*i.e.*, prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that would be beneficially owned by such person  immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the same) beneficially owned by such person as of the date of the Proposed Transfer

(categorized by class or other applicable classification), and (v) the date such Owned Interests

(and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(Attach additional page if necessary)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that, the undersigned party [agreed ☐ /

did not agree ☐— **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim

Ownership served that it would not acquire Beneficial Ownership of additional Owned Interests

(and Options to acquire the same) before the Debtors' emergence from bankruptcy protection

and that it immediately would dispose of any Owned Interests (and Options to acquire the same)

that were acquired on or after the  Petition Date and prior to submitting its Notice of Substantial

Claim Ownership, and the undersigned party has complied with and intends to continue to

comply with such statement.

**PLEASE TAKE FURTHER NOTICE** that, if the Plan Proponent approves the

Proposed Transfer and the undersigned party did not previously serve a Notice of Substantial

Claim Ownership, the undersigned party, under penalty of perjury, hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire Beneficial Ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that, the taxpayer identification number of the undersigned party is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, the undersigned party hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within eight days after the filing of this Notice, such Proposed Transfer shall be deemed rejected. If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE:]  The undersigned party is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____

[Name of Party]

By:_____

Name: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

## **EXHIBIT 1H**

**Notice of Compliance**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| IRONNET, INC., *et al.*,[1] | ) Case No. 23-11710 (___) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Ref. Docket No. ___** |

## NOTICE OF COMPLIANCE

**PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. ____] (the "**Order**"), [person (including any Entity)] hereby provides notice that undersigned party has complied in full with the terms and conditions set forth in the Order and as further set forth in the Sell-Down Notice[2] issued to undersigned party, such that (a) undersigned party does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan and (b) if undersigned party so agreed in its Notice of Substantial Claim Ownership, undersigned party does not and will not beneficially own any Owned Interests (and Options to acquire the same) unless acquired prior to the Petition Date.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of undersigned party is _____.

---

[1]  The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Exhibit 1 to the Order.

[[IF APPLICABLE:]  The undersigned party is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Party]

By:_____

Name: _____

Address: _____

Telephone: _____

Facsimile: _____

Date:  _____

**<u>EXHIBIT 1I</u>**

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**NOTICE OF FINAL ORDER ESTABLISHING
NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN
TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK OF IRONNET, INC.**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF IRONNET, INC. (THE "COMMON STOCK")**:

**PLEASE TAKE NOTICE** that on October 12, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed petitions with the United States Bankruptcy Court for the District of Delaware (the "**Court**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with*

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

*Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. [●]] (the "**Motion**").

   **PLEASE TAKE FURTHER NOTICE** that on [●], 2023, the Court entered the *Final Order (A) Establishing Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of IronNet, Inc. and Claims Against Debtors and (B) Granting Related Relief* [Docket No. [●]] (the "**Order**")[2] approving procedures for certain transfers of, and declarations of worthlessness with respect to, Common Stock, set forth in Exhibit 1 attached to the Order (the "**Procedures**").

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder or person that may become a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such transaction in violation of the Procedures shall be null and void *ab initio*, and certain remedial actions may be required to restore the status quo.

   **PLEASE TAKE FURTHER NOTICE** that**,** pursuant to the Order, a 50% Shareholder may not claim a worthless stock deduction in respect of the Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, any such deduction in violation of the Procedures is null and void *ab initio*, and the 50% Shareholder shall be required to file an amended tax return revoking such proposed deduction.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Order, as applicable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, solicitation, and claims agent for the Debtors, Stretto, Inc., will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. The Order and such declarations are also available via PACER on the Court's website at https://ecf.delb.uscourts.gov/ for a fee, or at no charge by accessing the Debtors' restructuring website at:

https://protect-us.mimecast.com/s/oCU1C0R9NqhgyQ8KuwUnA3?domain=cases.stretto.com.

**PLEASE TAKE FURTHER NOTICE** THAT FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.

**PLEASE TAKE FURTHER NOTICE** THAT ANY PROHIBITED PURCHASE, SALE, OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK OR BENEFICIAL OWNERSHIP THEREIN IN VIOLATION OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO* AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY DETERMINE.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:  October [•], 2023
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*  _____

Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Timothy R. Powell (No. 6894)
Kristin L. McElroy (No. 6871)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
         kenos@ycst.com
         ejustison@ycst.com
         tpowell@ycst.com
         kmcelroy@ycst.com

*Proposed Counsel for the Debtors and Debtors in Possession*

30854688.4

4