## <u>EXHIBIT A</u>

**Beach Declaration**

30868693.5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF SEAN M. BEACH IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

I, Sean M. Beach, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.    I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**" or the "**Firm**"), with offices at Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, and have been duly admitted to practice in the State of Delaware, the State of New Jersey, and the State of New York, as well as in the United States Court of Appeals for the Third Circuit, the United States District Court for the District of Delaware, the United States District Court for the District of New Jersey, and the United States District Court for the Southern District of New York.  I submit this declaration (this "**Declaration**") in support of *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Counsel for the Debtors, Effective as of the Petition Date*

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

(the "**Application**").[2]  This Declaration is also intended to provide the disclosure of compensation required under section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

2.    Young Conaway has conducted a series of searches in the Firm's conflicts databases to identify relationships with the Debtors, their lenders, equity holders, and various other parties in interest in these chapter 11 cases (collectively, the "**Interested Parties**").[3]

3.    Based on the conflicts and connections search conducted and described herein, to the best of my knowledge, neither I, Young Conaway, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors or any other parties in interest herein, except as stated below:

   a.    In recent months, Young Conaway and certain of its partners and associates have rendered legal services to the Debtors relating to their plans to seek relief under chapter 11 of the Bankruptcy Code and the preparation of the petitions and other papers initiating and prosecuting these chapter 11 cases.

   b.    The Debtors have sought or will seek to retain, among others, Capstone Capital Markets, LLC as investment banker, Arnold & Porter Kaye Scholer LLP as special corporate counsel, and Stretto, Inc. as claims, noticing, and administrative agent in these chapter 11 cases.  Young Conaway has in the past and currently does work with and against these professionals in connection with matters wholly unrelated to these chapter 11 cases.

   c.    Young Conaway may have previously represented the Interested Parties listed below, or parties who may be affiliated with such Interested Parties, in matters wholly unrelated to the Debtors and these chapter 11 cases:

      i.    AIU Holdings
      ii.    Cede & Co.
      iii.    Cigna
      iv.    Citibank, N.A.
      v.    CNA Insurance Companies
      vi.    Continental Casualty Company

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3]    A list of the Interested Parties is attached hereto as **Schedule 1**.

30868693.5

       vii.     Dell Financial Services
       viii.    First Citizens Bank and Trust Company
       ix.      Hanover Insurance Group
       x.       Hewlett-Packaged Financial Services Company
       xi.      Indian Harbor Insurance Company
       xii.     Liberty Mutual Insurance
       xiii.    Lloyds
       xiv.    National Union Fire Insurance Company of Pittsburgh
       xv.      Nationwide Group
       xvi.     NYSE
       xvii.    Old Republic Insurance Company
       xviii.   Price Waterhouse Coopers LLP
       xix.     Sompo International
       xx.      Svb Innovation Lending Fund VIII L.P.
       xxi.     Travelers Insurance Company
       xxii.    XL Specialty Insurance Company

    d.     Young Conaway currently represents (and may in the past have represented) the Interested Parties listed below, or parties who may be affiliated with such Interested Parties, in matters wholly unrelated to the Debtors and these chapter 11 cases:

       i.       Amazon Web Services, Inc.[4]
       ii.      Morrison Foerster LLP
       iii.     PNC Bank
       iv.     W.R. Berkley Group

    4.     Furthermore, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at Young Conaway, is a relative of the United States Bankruptcy Judge assigned to these chapter 11 cases, and Young Conaway does not have a connection with the United States Bankruptcy Judge that would render its retention in these chapter 11 cases improper.  Further, in accordance with Bankruptcy Rule 2014, Young Conaway does not have any connection with the Office of the United States Trustee (the "**U.S. Trustee**") or any persons employed by the U.S. Trustee.

---

[4]    Amazon Web Services, Inc. is an affiliate of Amazon.com, Inc. ("**Amazon.com**"), which is a current client of Young Conaway.  However, Amazon.com was dismissed from the case in which it is represented by Young Conaway and is currently subject to the opposing party's right to appeal.  For the avoidance of doubt, Young Conaway has received a waiver from Amazon.com in bankruptcy related matters such as these chapter 11 cases.

30868693.5

5.      Young Conaway is continuing to review the Debtors' complete list of creditors.  Based upon its review as of this date, Young Conaway has determined that it does not represent any party in these chapter 11 cases with a material adverse interest with respect to the Debtors.   Young Conaway will supplement this Declaration, as necessary, with additional information or disclosures in the event that additional information is developed.

6.      Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Young Conaway, its partners, counsel, and associates:

a.      are not creditors, equity security holders, or insiders of the Debtors;

b.      are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors; and

c.      do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

7.      As set forth above, and subject to any explanations and/or exceptions contained herein, Young Conaway (a) does not hold or represent any interest adverse to the Debtors in connection with the matters upon which Young Conaway is to be engaged, and (b) is disinterested.  If the results of further investigation reveal any additional connections, Young Conaway will make any further disclosures as may be appropriate at that time.

8.      Young Conaway was retained by the Debtors pursuant to an engagement agreement dated December 8, 2022 (the "**Engagement Agreement**").  On December 16, 2022, Young Conaway received a retainer of $350,000.00 (the "**Initial Retainer**") in connection with the planning and preparation of initial documents and the Firm's proposed postpetition representation of the Debtors.   Young Conaway received an additional retainer payment of

4

$275,000.00 on October 9, 2023 (the "**Supplemental Retainer**," and together with the Initial Retainer, the "**Retainer**").

9.      As shown below, Young Conaway received the following payments from the Debtors, for services rendered and reimbursement of chapter 11 filing fees for the Debtors, prior to the Petition Date:

| Invoice Date | Billing Period | Payment Date | Payment Amount | Form of Payment | Retainer Balance |
|---|---|---|---|---|---|
| N/A | Initial Retainer | 12/16/22 | $350,000.00 | Retainer | $350.000.00 |
| 1/17/23 | 12/7/22-12/31/22 | 1/17/23 | $101,127.73 | Trust | $248,872.27 |
| 3/8/23 | 1/1/23-1/24/23 | 3/10/23 | $3,005.23 | Trust | $245,867.24 |
| 6/7/23 | 4/5/23-5/31/23 | 6/7/23 | $39,913.78 | Trust | $205,953.46 |
| 7/19/23 | 6/1/23-6/30/23 | 7/20/23 | $33,500.50 | Trust | $172,452.96 |
| 8/10/23 | 7/12/23-7/31/23 | 8/11/23 | $18,811.50 | Trust | $153,641.46 |
| 9/6/23 | 8/2/23-8/31/23 | 9/7/23 | $46,058.00 | Trust | $107,583.46 |
| N/A | Supplemental Retainer | 10/9/23 | $275,000.00 | Supplemental Retainer | $382,583.46 |

10.     Following a final reconciliation, the Debtors are holding approximately $90,249.56 as a Retainer, which will constitute a general security retainer for postpetition services and expenses.

11.     Within the year prior to the Petition Date, Young Conaway received no other payments or promises of payment from the Debtors on account of services rendered or to be

rendered in contemplation of or in connection with these chapter 11 cases.  Young Conaway will seek approval of payment of compensation upon its filing of appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

12.     Young Conaway intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative order entered by the Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Young Conaway.  The Firm operates in a national and regional marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the firm's experience, performance and reputation, the nature of the work involved, and other factors.  The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

| Timekeeper | Title | Hourly Rate |
|---|---|---|
| Sean M. Beach | Partner | $1,070.00 |
| Kenneth J. Enos | Partner | $910.00 |
| Elizabeth S. Justison | Associate | $720.00 |
| Timothy R. Powell | Associate | $560.00 |
| Kristin L. McElroy | Associate | $475.00 |
| Beth Olivere | Paralegal | $355.00 |

13.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.[5]  Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

14.     The hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature and these rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15.     Compensation agreed to be paid by the Debtors to Young Conaway will be for legal services rendered in connection with these chapter 11 cases.  The Debtors have agreed to pay Young Conaway at the Firm's standard hourly rates for the legal services rendered or to be rendered on the Debtors' behalf in connection with these chapter 11 cases by Young Conaway's

---

[5]     Generally, the Firm implements rate increases on January 1 of each year.  Young Conaway will file a notice of revised hourly rates if the hourly rates of the attorneys working for the Debtors increase during the pendency of these chapter 11 cases.

30868693.5

various attorneys and paralegals.  The Debtors have also agreed to reimburse Young Conaway for its actual, necessary, and reasonable expenses incurred in connection with these chapter 11 cases.

16.     No promises have been received by Young Conaway, nor by any partner, counsel, or associate thereof, as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.  Young Conaway has no agreement with any other entity to share with such entity any compensation received by Young Conaway in connection with these chapter 11 cases.

17.     Young Conaway intends to perform the services including, but not limited to, the following:

a.      providing legal advice and services with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business, management of their property, the Local Rules, practices, and procedures, and providing substantive and strategic advice on how to accomplish the Debtors' goals in connection with the prosecution of these chapter 11 cases;

b.      pursuing a sale of the Debtors' assets and approving bid procedures related thereto;

c.      preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;

d.      appearing in Court and protecting the interests of the Debtors before the Court; and

e.      performing all other legal services for the Debtors that may be necessary and proper in these chapter 11 cases as counsel to the Debtors.

18.     The facts set forth in the Application are true and correct to the best of my knowledge, information, and belief.

Dated: October 24, 2023
        Wilmington, Delaware                          /s/ *Sean M. Beach*
                                                      Sean M. Beach

## **SCHEDULE 1**

**Interested Parties**

## IronNet, Inc.

### *Potential Parties in Interest*

**Debtors**
IronNet, Inc.
IronNet Cybersecurity, Inc.
IronNet International LLC
IronCAD LLC
HighDegree, LLC

**Non-Debtor Affiliates**
IronNet Cybersecurity Singapore Pte Ltd
IronNet Cybersecurity UK, Ltd.
IronNet Cybersecurity Japan, GK
IronNet Cybersecurity FZ-LLC
IronNet Australia Pty Ltd

**Debtors' Advisors**
Young Conaway Stargatt & Taylor, LLP
Stretto, Inc.
Arnold & Porter Kaye Scholer LLP

**Banks**
PNC Bank
First Citizens Bank and Trust Company
Texas Partners Bank
Citibank, N.A.

**Lenders/ UCC Parties**
Korr Acquisitions Group, Inc.
3i, LP
ITC Global Advisers LLC
C5 Capital Limited
C5 Space Data LP
C5 Transatlantic Investors LP
C5 Cyber Partners II SCSP RAIF
Michael J. Rogers
General Keith B. Alexander
Russell D. Richardson
Vice Admiral Jan E. Tighe
Vice Admiral John M. McConnell
Forgepoint Cybersecurity Fund I, L.P.
Forgepoint Cyber Affiliates Fund I, L.P.
Theodore E. Schlein
Ferrous Investors LP

Hewlett-Packaged    Financial    Services
Company
Dell Financial Services L.L.C.
SHI International Corp
SVB Innovation Lending Fund VIII, L.P.
VAR Technology Finance

**Material Vendors and Contract Counterparties**
Amazon Web Services, Inc.

**Litigation Counterparties**
James Shunk
Justin Gruetzmacher

**Current and Former Directors & Officers**
General Keith B. Alexander
Donald R. Dixon
General John M. Keane
Linda Zecher Higgins
Vice Admiral John M. McConnell
Theodore E. Schlein
Vice Admiral Jan E. Tighe
Cameron Pforr
Michael J. Rogers
Mary E. Gallagher
Robert V. LaPenta, Jr.

**Equity Holders Holding 5% or More**
Cede & Co.
C5 Partners, LLC
General Keith B. Alexander

**Governmental Agencies/Taxing Authorities**
Delaware Division of Revenue
Virginia Department of Revenue
North Carolina Department of Revenue
New York Department of Revenue
Colorado Department of Revenue
Washington Department of Revenue

**Top 30 Unsecured Creditors**
3i, LP
Data 365
Cooley LLP
Dell Financial Services
Ecosystems Services LLC
Korr Acquisitions Group, Inc.
Amazon Web Services, Inc.
Riveron Consulting LLC
NYSE
Tiempo Development LLC
Morvillo Abramowitz Grand Iason Anello PC
CORVID Cyberdefense
CAST AI Group Inc.
Cigna
Gartner
Tyson's Corner Office I LLC
Salesforcecom Inc.
SHI
Fitcheven
PricewaterhouseCoopers LLP
Informa Tech Holdings LLC
Public Strategies Washington Inc.
Donnelly Financial
HCL Technologies Corporate Services Ltd
LinkSquares
KirkpatrickPrice Inc.
Sacumen Division of Clarion Technologies Pvt Ltd
The Open Information Security Foundation
Forvis LLP
Morrison Foerster LLP

**Insurance Providers**
XL Specialty Insurance Company
W.R. Berkley Group
Nationwide Group
CNA Insurance Companies
Lloyds
AIU Holdings
National Union Fire Insurance Company of Pittsburgh, PA
SCOR Group
Liberty Mutual Insurance
Ironshore Indemnity Inc.

Canopius Insurance Services
Old Republic Insurance Company
SOMPO International
Westfield Specialty Insurance Company
Lockton Companies
Indian Harbor Insurance Company
Continental Casualty Company
Hanover Insurance Group
Travelers Insurance Company

**Judges**
Chan, Ashely M.
Dorsey, John T.
Goldblatt, Craig T.
Horan, Thomas M.
Owens, Karen B.
Shannon, Brendan L.
Silverstein, Laurie Selber
Stickles, J. Kate
Walrath, Mary F.

**Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Nyanquoi Jones
Jonathan Lipshie
Jonathan Nyaku
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch

Timothy J. Fox, Jr.

## **EXHIBIT B**

## **Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Ref. Docket No. ___** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for the entry of an order,

pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-

1, authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("**Young**

**Conaway**" or the "**Firm**") as counsel to the Debtors, effective as of the Petition Date; and upon

consideration of the Beach Declaration and the record of these chapter 11 cases; and it appearing

that the relief requested is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and this Court having jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and

consideration of the Application and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Application having been provided under the particular

circumstances, and it appearing that no other or further notice need be provided; and this Court

---

[1]  The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (a) Young Conaway has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Beach Declaration, (b) Young Conaway is not a creditor, equity security holder, or insider of the Debtors, (c) none of Young Conaway's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors, and (d) Young Conaway does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ the firm of Young Conaway as their counsel on the terms set forth in the Application, the Beach Declaration, and the Engagement Agreement, effective as of the Petition Date.

3.      Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these chapter 11 cases.

4.      Young Conaway shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee and any committee appointed in these chapter 11 cases before any increases in rates set forth in the Application are implemented, and shall file such notice with the Court.

5.      Notwithstanding anything contained in the Engagement Agreement to the contrary, the Engagement Agreement does not supersede the requirements of 11 U.S.C. § 327(a) that govern the retention of counsel for the Debtors.  In the event a material conflict arises, Young Conaway shall make the requirement disclosures and take all required actions to address and resolve the conflict

6.      In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

7.      Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted herein.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.      Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.