## EXHIBIT A

**Bidding Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. __** |

**ORDER (I)(A) ESTABLISHING**
**BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY**
**ALL ASSETS, (B) SCHEDULING AUCTION AND SALE HEARING,**
**AND (C) APPROVING FORM AND MANNER OF NOTICE THEREOF,**
**AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the

above-captioned chapter 11 cases (the "**Debtors**") for entry:  (a) of this order (this "**Bidding**

**Procedures Order**"):    (i) authorizing and approving bidding procedures (the "**Bidding**

**Procedures**") for the sale (the "**Sale**") of substantially all of the Debtors' assets (collectively, the

"**Assets**") and/or equity of the reorganized Debtors (the "**Reorganized Equity**") pursuant to a

plan, (ii) scheduling an auction for the Sale of the Assets (the "**Auction**"), (iii) scheduling a

hearing to consider approval of any Sale (the "**Sale Hearing**"), (iv) approving the form and

manner of notice in connection with the foregoing, and (v) granting related relief; and (b) one or

more orders (each, a "**Sale Order**"), as applicable:  (i) authorizing and approving the sale of the

Assets free and clear of all Interests to the winning bidder (the "**Successful Bidder**") pursuant to

a purchase agreement to be executed by the Successful Bidder (an "**Asset Purchase**

---

[1]   The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]   Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

**Agreement**"), and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion with respect to the Bidding Procedures (the "**Bidding Procedures Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion with respect to the Bidding Procedures establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, CONCLUDED, AND DETERMINED THAT:**[3]

A.     The Debtors have articulated good and sufficient business reasons for this Court to (a) authorize and approve the Bidding Procedures, (b) authorize and approve the form and manner of notice of the foregoing, (c) schedule the Auction, and (d) schedule the Sale Hearing.

B.     Notice of the Motion, the Bidding Procedures Hearing, and the entry of this Bidding Procedures Order complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

---

[3]   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      The Debtors' proposed notice of the Sale, Auction, Bid Deadline, and Bidding Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

D.      The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable, and represent the best method for maximizing the value of the Debtors' estates in connection with a Sale.

### IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted, as set forth herein.

2.      All objections to the entry of this Bidding Procedures Order, to the extent not withdrawn or settled, are overruled.

3.      The Bidding Procedures, as attached hereto, are approved.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

### NOTICE PROCEDURES

4.      Copies of this Bidding Procedures Order and the attached Bidding Procedures shall be served electronically, where available, and/or by first class mail no later than three business days after entry of this Bidding Procedures Order upon the Transaction Notice Parties.

5.      On or before the date that is 21 calendar days before the Sale Hearing (the "**Mailing Date**"), if applicable, in accordance with Bankruptcy Rule 2002(a) and (c), the Debtors or their agents shall serve the auction and sale notice, substantially in the form attached hereto as **Exhibit 2** (the "**Auction and Sale Notice**"), electronically, where available, and/or by

30892728.7

3

first-class mail, postage prepaid, upon the Transaction Notice Parties and upon all other known creditors of the Debtors.

6.      The Auction and Sale Notice shall indicate that copies of the Motion and the Bidding Procedures can be obtained on the website maintained by the Debtors' claims and noticing agent, Stretto, at https://cases.stretto.com/ironnet.  The Auction and Sale Notice shall also indicate the deadline for objecting to a Sale to the Successful Bidder and the date and time of the Sale Hearing.  Such notice shall be sufficient and proper notice of the Sale with respect to known interested parties.

7.      The Debtors shall also publish a notice of a proposed Sale, in substance substantially similar to the Auction and Sale Notice, in the national edition of *The New York Times*, *The Wall Street Journal*, *USA Today* or another publication with similar national circulation on the Mailing Date or as soon as practicable thereafter.  Such publication notice shall be sufficient and proper notice of a Sale to any other interested parties whose identities are unknown to the Debtor.

## BID DEADLINE

8.      Qualified Bids must be received in writing on or before 5:00 p.m. (prevailing Eastern Time) on December 12, 2023 (the "**Bid Deadline**") and served on:  (a) the Debtors; (b) proposed counsel to the Debtors,  (i) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn:  Sean M. Beach (sbeach@ycst.com),    Kenneth    J.    Enos    (kenos@ycst.com),    Elizabeth    S.    Justison (ejustison@ycst.com), and Timothy R. Powell (tpowell@ycst.com)); (ii) Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60622 (Attn: Brian Lohan (brian.lohan@arnoldporter.com)) and (c) Capstone Capital Markets LLC, 176 Federal St., 3rd Floor, Boston, Massachusetts 02110 (Attn: Jamie Lisac (Jlisac@capstonepartners.com), David

Brinkley (dbrinkley@capstonepartners.com), Jacob Lee (jlee@capstonepartners.com), and Justin O'Malley (jomalley@capstonepartners.com)).

9.     The DIP Agent, the DIP Lenders, and the Prepetition Secured Creditors shall have the right to credit bid all or a portion of the value of such party's secured claims within the meaning of section 363(k) of the Bankruptcy Code; provided that nothing herein shall prejudice the rights of any party under section 363(k) of the Bankruptcy Code.  For purposes of the Bidding Procedures, the Proposed Plan shall constitute a Qualified Bid.

<u>**NOTICE OF AUCTION AND SALE HEARING**</u>

10.     As soon as practicable after the Bid Deadline, the Debtors shall file a notice indicating whether the Auction will be held, and if applicable, the date and time of the Auction.  If the Auction will not be held, such notice shall also provide notice of the cancellation of the Sale Hearing.

11.     The Debtors shall file a notice identifying any Successful Bidder, and indicating whether the Sale Hearing will be held, by noon (prevailing Eastern Time) the calendar day after the Auction is completed.

<u>**AUCTION PROCEDURES**</u>

12.     The Debtors are authorized to commence the Auction on or before December 14, 2023 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, or via remote video, or on such other date and/or at such other location as determined by the Debtors in consultation with the Consultation Parties.  If the date or location of the Auction is changed from that which is described in the Auction and Sale Notice, the Debtors will file a revised notice at least 24 hours before the Auction indicating such change, and will serve the same on all Qualified Bidders and any creditors that have made a request for such service.  If

only one Qualified Bid has been received with respect to particular Assets, the Debtors may cancel the Auction with respect to such Assets.  The Debtors are authorized, subject to the terms of this Bidding Procedures Order and the Bidding Procedures, to take actions reasonably necessary, in their discretion, to conduct and implement the Auction.

13.     Only (a) the Qualified Bidders that have submitted Qualified Bids, and (b) such other parties as the Debtors shall determine will be entitled to make any Bids at the Auction.  The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed.  Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures, and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Bidding Procedures Order, a Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

14.     Subject to the rights of parties in interest under applicable law, the Debtors may, in consultation with the Consultation Parties, (a) select, in their business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder(s), and (b) reject any bid that, in the Debtors' business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Bidding Procedures or (iii) contrary to the best interests of the Debtors and their estates, creditors, interest holders, or parties in interest.

15.     The failure to specifically include or reference any particular provision, section, or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish

30892728.7

6

or impair the effectiveness or such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety and incorporated herein by reference.

**SALE HEARING**

16.     The Sale Hearing to approve the Sale of the Assets shall be held on or before December 19, 2023 at [_____] (prevailing Eastern Time).

17.     Any and all objections, if any, to a Sale of the Assets and entry of a Sale Order with respect thereto (a "**Sale Objection**") must be filed and served on the follow parties by 4:00 p.m. (prevailing Eastern Time) on December 12, 2023 (the "**Sale Objection Deadline**"): (a) proposed counsel to the Debtors (i) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:   Sean M. Beach (sbeach@ycst.com),   Kenneth   J.   Enos   (kenos@ycst.com),   Elizabeth   S.   Justison (ejustison@ycst.com), and Timothy R. Powell (tpowell@ycst.com), and (ii) Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60622, Attn: Brian Lohan (brian.lohan@arnoldporter.com); (b) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn:  Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov); (c) counsel to the DIP Lenders, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Raphael M. Russo (rrusso@paulweiss.com), Sean A. Mitchell (smitchell@paulweiss.com), Diane Meyers (dmeyers@paulweiss.com), and Grace Hotz (ghotz@paulweiss.com), and (ii) Landis Rath & Cobb LLP, 919 N. Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Richard S. Cobb (cobb@lrclaw.com) and Joshua B. Brooks (brooks@lrclaw.com); and (d) counsel to any statutory Committee appointed in these Chapter 11 Cases.  Any and all objections (a) related to the identity of the Successful Bidder(s) (other than with respect to executory contracts and unexpired leases) (a "**Buyer-Related Objection**") or (b) to the conduct of the Auction (an "**Auction Objection**")

must be must be filed with the Court by 5:00 p.m. (prevailing Eastern Time) on December 15, 2023 (the "**Auction Objection Deadline**" and "**Buyer-Related Objection Deadline**").   Any party failing to timely file a Sale Objection or raise an Auction Objection, as applicable, will be forever barred from objecting and will be deemed to have consented to the Sale, including the transfer of the Debtors' right, title, and interest in, to, and under the assets free and clear of any and all liens, claims, interests, and encumbrances in accordance with the definitive agreement for a Sale.

## RELATED RELIEF

18.    Notwithstanding anything to the contrary contained herein, any of the deadlines contained in the proposed Bidding Procedures and this Bidding Procedures Order may be extended or modified by the Debtors in accordance with the Bidding Procedures.

19.    Copies of the Motion, Bidding Procedures, all exhibits and schedules thereto, this Bidding Procedures Order, and the Auction and Sale Notice, and certain other documents relevant to the Sale, may be obtained on the website maintained by the Debtors' claims and noticing agent, Stretto, at https://cases.stretto.com/ironnet.

20.    All rights of the Debtors, as they may reasonably determine to be in the best interest of their estates, in consultation with the Consultation Parties, to:  (a) determine which Bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best Bid or combination of Bids and which is the next highest or otherwise best Bid or combination of Bids; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, (iii) contrary to the best interests of the Debtors and their estates, or (iv) subject to any financing contingency or otherwise not fully financed; (e) waive terms and conditions set forth in the Bidding Procedures with respect to all

30892728.7

potential Bidders; (f) impose additional terms and conditions with respect to all potential Bidders; (g) with the consent of the DIP Agent and/or DIP Lenders, as applicable, extend the deadlines set forth in the Bidding Procedures; (h) continue or cancel the Auction or Sale Hearing in open court without further notice; and (i) modify the Bidding Procedures and implement additional procedural rules that the Debtors determine, in their reasonable business judgment, and in consultation with the Consultation Parties, will better promote the goals of the bidding process, are hereby reserved; *provided*, *however*, that any modification of the Bidding Procedures shall not be inconsistent with the Bankruptcy Code and Bankruptcy Rules, and shall be disclosed to each Qualified Bidder at any Auction. Nothing in this Bidding Procedures Order or the Bidding Procedures shall require the Debtors to take any action, or refrain from taking any action, with respect thereto to the extent the Debtors determine that taking such action, or refraining from taking such action, as applicable, is required or appropriate to comply with applicable law or their fiduciary obligations.

21.     This Bidding Procedures Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

22.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Bidding Procedures Order shall be effective and enforceable immediately upon entry hereof.

23.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Bidding Procedures Order.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bidding Procedures Order.

30892728.7

# EXHIBIT 1

**Bidding Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## BIDDING PROCEDURES FOR THE SALE OF
## THE DEBTORS' ASSETS OR REORGANIZED EQUITY

On October 12, 2023 (the "**Petition Date**"), IronNet, Inc. and its debtor affiliates (the "**Debtors**") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

On October 24, 2023, the Debtors filed the *Motion of Debtors for Entry of Order (I)(A) Establishing Bidding Procedures for Sale of Substantially All Assets, (B) Scheduling Auction and Sale Hearing, and (C) Approving Form and Manner of Notice Thereof, (II) Approving Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief* [Docket No. [ ● ]] (the "**Bidding Procedures Motion**").

On  [ ● ], 2023, the Court entered an order [Docket No. [ ● ]] (the "**Bidding Procedures Order**") granting the relief requested in the Bidding Procedures Motion, including approval of the Bidding Procedures (as defined below).  A copy of the Bidding Procedures Order is available on the website maintained by the Debtors' claims and noticing agent, Stretto, Inc. ("**Stretto**"), at https://cases.stretto.com/ironnet.[2]

Set forth below are the bidding procedures approved by the Court (the "**Bidding Procedures**") pursuant to which the Debtors are authorized to conduct a marketing process and auction (the "**Auction**") for the sale (the "**Sale**") of some or all of their assets (collectively, the "**Assets**") or equity of the reorganized Debtors (the "**Reorganized Equity**"), as applicable, which may be effectuated through either a chapter 11 plan of reorganization or a sale pursuant to section 363 of the Bankruptcy Code.  The Bidding Procedures provide interested parties with the opportunity to qualify for and participate in the Auction and to submit Bids (as defined below) for the Assets or Reorganized Equity.

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    Unless otherwise specified herein, capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Motion or the Bidding Procedures Order, as applicable.

For the avoidance of doubt, the Debtors, in the exercise of their reasonable business judgment, in consultation with the Consultation Parties, may elect to exclude any Assets or Reorganized Equity from the Bidding Procedures and sell such Assets or Reorganized Equity, subject to Court approval, through any alternative sale method. Furthermore, the Debtors may determine in their discretion, upon consultation with the Consultation Parties, whether to proceed with a Sale of any Asset or of Reorganized Equity pursuant to the Bidding Procedures.

To the extent that these Bidding Procedures require the Debtors to consult with the Consultation Parties in connection with making a determination or taking any action, or in connection with any other matter related to these Bidding Procedures or at the Auction, if any, the Debtors shall do so in a regular and timely manner prior to making such determination or taking any such action; *provided*, however, during any period in which a Consultation Party has submitted a Qualified Bid (as defined herein) (other than the Proposed Plan) and has become a Qualified Bidder (as defined herein), such Consultation Party shall no longer be considered a Consultation Party under the Bidding Procedures

## ASSETS AND REORGANIZED EQUITY

The Debtors are offering the Assets and Reorganized Equity, and Qualified Bidders (as defined below) may submit Bids for (a) all, substantially all, or any part that is less than all of the Assets or (b) all, substantially all, or any part that is less than all of the Reorganized Equity. For the avoidance of doubt, Qualified Bids (as defined below) may include Bids for less than all or substantially all of the Assets or Reorganized Equity, and the Debtors will consider separate proposed Bids for components of their business, in addition to Bids for their entire business. Any Successful Bid for Reorganized Equity will be effectuated through the Debtors' chapter 11 plan of reorganization, and any Successful Bid for Assets may be effectuated through a standalone 363 sale or under a plan, all as further set forth therein.

Except as otherwise provided in a purchase agreement (an "**Asset Purchase Agreement**") to be executed by a Successful Bidder (as defined below), all of the Debtors' rights, title, and interest in and to the Assets subject thereto will be sold free and clear of all liens, claims, encumbrances, and other interests (collectively, and as more fully set forth below, the "**Interests**")[3] to the maximum extent permitted by section 363 (and, if

---

[3]    As used herein, Interests include all of the following, in each case, to the extent against or with respect to the Debtors, or in, on, or against, or with respect to any of the Assets:  liens (as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial, or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (a) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of setoff (except for setoffs validly exercised before the Petition Date), rights of use or possession, subleases, leases, conditional sale arrangements, deferred purchase price obligations, or any similar rights; (b) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings,

applicable and subject to plan confirmation, sections 1123 and 1141) of the Bankruptcy Code, with such Interests to attach to the proceeds of the sale of the Assets with the same validity and priority as such Interests applied against the Assets.

Notwithstanding the foregoing, but subject to the stipulations, terms, and conditions of the *Final Order (A) Authorizing the Debtors to (I) Obtain Postpetition Financing and (II) Use of Cash Collateral, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Granting Adequate Protection to Prepetition Secured Parties, (D) Modifying the Automatic Stay and (F) Granting Related Relief* [Docket No. [●]] (the "**DIP Order**")], the Debtors and each of the Consultation Parties reserve the right to contest the validity, nature, extent, or priority of or seek to set aside or avoid any and all Interests under applicable law.  For the avoidance of doubt, the Debtors will retain all rights to the Assets that are not sold pursuant to a Bid accepted by the Debtors pursuant to these Bidding Procedures and approved by the Court.

---

warranties, guarantees, indemnities, rights of recovery, setoff (except for setoffs validly exercised before the Petition Date), indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise; (c) all debts, liabilities, obligations, contractual rights and claims, and labor, employment, and pension claims; (d) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the purchaser's interest in the Assets, or any similar rights; (e) any rights under labor or employment agreements; (f) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, "**ERISA**")), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability; (g) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (i) ERISA, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Age Discrimination and Employment Act of 1967 and the Age Discrimination in Employment Act, each as amended, (vii) the Americans with Disabilities Act of 1990, (viii) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (ix) state discrimination laws, (x) state unemployment compensation laws or any other similar state laws, (xi) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or (xii) the WARN Act (29 U.S.C. §§ 2101, *et seq.*) or any state or other laws of similar effect; (h) any bulk sales or similar law; (i) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Assets or business of the Debtors before the closing of a Sale; (j) any unexpired and executory contract or unexpired lease to which the Debtors are a party that is not assumed; (k) any other excluded liabilities under the Asset Purchase Agreement; and (l) Interests arising under or in connection with any acts, or failures to act, of the Debtors or any of their predecessors, affiliates, or subsidiaries, including, but not limited to, Interests arising under any doctrines of successor liability (to the greatest extent permitted by applicable law), or transferee or vicarious liability, violation of the Securities Act, the Exchange Act, or other applicable securities laws or regulations, breach of fiduciary duty, or aiding or abetting breach of fiduciary duty, or any similar theories under applicable law or otherwise.

## SUBMISSIONS TO THE DEBTORS

All submissions to the Debtors required or permitted to be made under the Bidding Procedures must be directed to each of the following persons or entities unless otherwise provided (the "**Bid Notice Parties**"): (a) the Debtors; (b) proposed counsel to the Debtors, (i) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Sean M. Beach (sbeach@ycst.com), Kenneth J. Enos (kenos@ycst.com), Elizabeth S. Justison (ejustison@ycst.com), and Timothy R. Powell (tpowell@ycst.com)); and (ii) Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60622 (Attn: Brian Lohan (brian.lohan@arnoldporter.com)); and (c) Capstone Capital Markets LLC, 176 Federal St., 3rd Floor, Boston, Massachusetts 02110 (Attn: Jamie Lisac (Jlisac@capstonepartners.com), David Brinkley (dbrinkley@capstonepartners.com), Jacob Lee (jlee@capstonepartners.com), and Justin O'Malley (jomalley@capstonepartners.com)).

## CONSULTATION PARTIES

The "**Consultation Parties**" are, collectively, (i) the professionals to the Committee (if any) and (ii) the professionals to the DIP Lenders.

Throughout the sale process, the Debtors and their advisors will consult with the Consultation Parties as provided for in these Bidding Procedures, or as is otherwise necessary or appropriate, as determined in the Debtors' business judgment.

## KEY DATES

The key dates for the sale process are as follows, each of which may be extended by the Debtors in consultation with the Consultation Parties (subject to the terms of the DIP Order):

| Event | Proposed Date |
|---|---|
| Deadline to serve Bidding Procedures Order on Transaction Notice Parties | Within three days of entry of Bidding Procedures Order |
| Sale Objection Deadline | December 12, 2023, at 4:00 p.m. (prevailing Eastern Time) |
| Bid Deadline | December 12, 2023, at 5:00 p.m. (prevailing Eastern Time) |
| Commencement of Auction (if necessary) | December 14, 2023, at 10:00 a.m. (prevailing Eastern Time) |

| Event | Proposed Date |
|---|---|
| Deadline to file Notice of Successful Bidder[4] | By 5:00 p.m. (prevailing Eastern Time) as soon as reasonably practicable after closing the Auction, if any, and in any event not less than 24 hours following closing the Auction |
| Auction Objection Deadline; Buyer-Related Objection Deadline[5] | December 15, 2023 at 5:00 p.m. (prevailing Eastern Time) |
| Sale Hearing[6] | On or about December 19, 2023 |
| Deadline to consummate approved Sale | December 21, 2023 |

## POTENTIAL BIDDERS AND QUALIFIED BIDDERS

To participate in the bidding process and otherwise be considered for any purpose under the Bidding Procedures, a party interested in consummating a Sale (other than the DIP Lenders, the DIP Agent, and the Prepetition Secured Creditors) (a "**Potential Bidder**") must submit to the Debtors and each of their advisors the following documents and information demonstrating the party's financial capability to consummate a Sale (unless the Debtors, in their business judgment and in consultation with the Consultation Parties, choose to waive any of the following requirements for any Potential Bidder):

> A. a statement and other factual support demonstrating, to the Debtors' satisfaction, that the Potential Bidder has a bona fide interest in purchasing any or all of the Assets or Reorganized Equity and is likely to be able to

---

[4] In the event that an Auction is not held because the Debtors receive only one Qualified Bid, then the Debtors shall file a notice no later than 5:00 p.m. (prevailing Eastern Time) on December 14, 2023. In the event that the Auction is not held because the Debtors do not receive a Qualified Bid, the Debtors shall file a notice no later 5:00 p.m. (prevailing Eastern Time) on December 14, 2023. To the extent the Successful Bidder is an Alternate Plan Sponsor, the Notice of Successful Bidder will identify the Alternate Plan Sponsor and identify the timeline for the Debtors' filing an amendment to their plan of reorganization reflecting the Alternate Plan Sponsor (the "**Amended Plan**").

[5] The Buyer-Related Objection Deadline only applies to objections other than with respect to executory contracts and unexpired leases that are related to the identity of the Successful Bidder(s). For buyer-specific objections relating to adequate assurance of future performance under executory contracts and unexpired leases to be assumed by such buyer, the Debtors have proposed the same Buyer-Related Objection Deadline in the Contract Notice and Procedures Motion.

[6] To the extent the Successful Bidder is an Alternate Plan Sponsor, the Sale Hearing will be cancelled and the Debtors will seek confirmation of the Debtors' Amended Plan.

submit a Qualified Bid (as defined below) by the Bid Deadline (as defined below);

B.  a description of any connections or relationships between (a) the Potential Bidder and its officers, directors, affiliates and related persons, on the one hand, and (b) the Debtors or their officers, directors, affiliates or related persons and their primary creditors as identified by the Debtors, on the other;

C.  identification of the Potential Bidder and any principals and representatives thereof who are authorized to appear and act on such Potential Bidder's behalf for all purposes regarding the contemplated Sale; and

D.  (1) the most current audited and latest unaudited financial statements (the "**Financials**") of the Potential Bidder; or (2) if the Potential Bidder is an entity formed for the purpose of acquiring the Assets or Reorganized Equity, (a) Financials of the Potential Bidder's equity holder(s) or such other form of financial disclosure as is acceptable to the Debtors and their advisors and (b) a written commitment acceptable to the Debtors and their advisors of the Potential Bidder's equity holder(s) to be responsible for the Potential Bidder's obligations in connection with the applicable Sale.

The Debtors, in consultation with their advisors and the Consultation Parties, will determine and notify each Potential Bidder whether such Potential Bidder has submitted adequate documents so that such Potential Bidder may proceed to conduct due diligence and submit a Bid (such Potential Bidder, a "**Qualified Bidder**"). Notwithstanding anything else set forth herein, the DIP Agent, the DIP Lenders, and the Prepetition Secured Creditors shall each be deemed a Qualified Bidder, and may submit a credit bid for any Assets at any time before or during the Auction, as provided below and subject to section 363(k) of the Bankruptcy Code.

## <u>DUE DILIGENCE</u>

Subject to the terms of these Bidding Procedures, the Debtors, with their advisors, will allow Qualified Bidders to access standard and customary diligence materials (the "**Diligence Materials**"), including as necessary to allow Qualified Bidders to submit a Qualified Bid (as defined below) and to seek and obtain financing commitments.

Only Qualified Bidders will be eligible to receive the Diligence Materials and access non-public information regarding the Debtors.  The Debtors will provide the Diligence Materials to each Qualified Bidder upon receiving a request in writing, as soon as reasonably practicable after such request.

The Debtors reserve the right to require that Qualified Bidders enter into confidentiality agreements with the Debtors in order to obtain Diligence Materials, and to withhold any Diligence Materials that the Debtors determine are business-sensitive or otherwise not appropriate for disclosure to a Qualified Bidder. In addition, the Debtors may decline to provide Diligence Materials to Qualified Bidders who, at such time and in the Debtors'

reasonable business judgment and after consultation with the Consultation Parties, have not established, or who have raised doubt, that such Qualified Bidder intends in good faith to, or has the capacity to, consummate a Sale.

To the extent the Debtors withhold Diligence Materials from a Qualified Bidder, the Debtors will notify the Consultation Parties of the identity of any such Qualified Bidder and the Diligence Materials that were withheld. Neither the Debtors nor their representatives will be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Qualified Bidder. The Debtors may, in the exercise of their reasonable business judgment and in consultation with the Consultation Parties, extend a Qualified Bidder's time to conduct due diligence after the Bid Deadline until the Auction.

Each Potential Bidder and Qualified Bidder must comply with all reasonable requests with respect to information and due diligence access by the Debtors or their advisors regarding such Potential Bidder or Qualified Bidder and its contemplated Sale transaction.

Each Qualified Bidder submitting a Bid (a "**Bidder**") will comply with all reasonable requests for additional information and due diligence access requested by the Debtors or their advisors regarding the ability of the Bidder to consummate a Sale transaction. Failure by a Bidder to comply with requests for additional information and due diligence access may be a basis for the Debtors, in consultation with the Consultation Parties, to determine that such Bidder is no longer a Qualified Bidder or that a Bid made by such Bidder is not a Qualified Bid.

**All requests for Diligence Materials must be directed to Capstone Capital Markets LLC, 176 Federal St., 3rd Floor, Boston, Massachusetts 02110 (Attn: Jamie Lisac (Jlisac@capstonepartners.com), David Brinkley (dbrinkley@capstonepartners.com), Jacob Lee (jlee@capstonepartners.com), and Justin O'Malley (jomalley@capstonepartners.com)).**

## NO COMMUNICATIONS AMONG BIDDERS WITHOUT CONSENT

There shall be no communications between or among Potential Bidders and/or Qualified Bidders unless the Debtors' advisors have authorized such communication in writing. The Debtors reserve the right, in their reasonable business judgment and following consultation with the Consultation Parties, to disqualify any Potential Bidders or Qualified Bidders that have communications between or amongst themselves without the prior authorization of the Debtors' advisors. For the avoidance of doubt, the joining of Bids between Potential Bidders or Qualified Bidders may be permitted in the reasonable discretion of the Debtors on a case-by-case basis (in consultation with the Consultation Parties); provided that, if any Potential Bidders or Acceptable Bidders are interested in joining Bids, the Debtors' advisors will facilitate the communications between such parties and the potential joining of Bids.

## BID REQUIREMENTS

To be eligible to participate in the Auction, each offer, solicitation, or proposal to acquire Assets or Reorganized Equity (each, a "**Bid**") other than a Qualified Credit Bid (as defined below) must be (a) made by a Qualified Bidder, (b) received by the Bid Notice Parties before the Bid Deadline or such other date as may be agreed to by the Debtors, after consulting

with the Consultation Parties, and (c) reasonably determined by the Debtors, in consultation with the Consultation Parties, to satisfy each of the following conditions (unless otherwise agreed by the Debtor, in consultation with the Consultation Parties):

a. <u>Proposed Sale Transaction</u>. Each Bid must clearly propose a Sale transaction for some or all of the Assets and/or a plan transaction for the Reorganized Equity. Each Bid must specify which of such Assets or Reorganized Equity are to be included in or excluded from the proposed Sale.

b. <u>Purchase Price</u>.  Each Bid must set forth the purchase price (the "**Purchase Price**") to be paid for the Assets and/or Reorganized Equity, as applicable, denominated in United States dollars.  Upon the request of the Debtors, a Bid must specify how the Purchase Price is to be allocated among the Assets or Reorganized Equity that is the subject of the Bid. In order to be a Qualified Bid, the Bid must provide for the payment in full, in cash, of all DIP Obligations unless otherwise agreed to by the DIP Agent (the "**Approved Non-Cash Consideration**").  To the extent a Bidder seeks to be an Alternate Plan Sponsor, the Bid shall clearly set forth the proposed treatment for each class of claims and interests.

c. <u>Good Faith Deposit</u>.  Each Bid must be accompanied by a cash deposit in the amount of 10% of the Purchase Price into an escrow account to be identified and established by the Debtors, except as may be otherwise agreed by the Debtors, in consultation with the Consultation Parties (the "**Good Faith Deposit**"); *provided*, *however*, that none of the DIP Agent, the DIP Lenders, or the Prepetition Secured Creditors shall be required to submit a deposit in connection with the Proposed Plan or any Bid.

d. <u>Executed Agreement</u>.  Each Bid must include an executed asset purchase agreement, including exhibits, schedules, and ancillary agreements related thereto and any other material documents integral to such Bid, signed by an authorized representative of such Qualified Bidder, pursuant to which the Qualified Bidder proposes to effectuate a Sale (an "**Asset Purchase Agreement**").  Each Bid for the Assets must also include a redlined copy of the Asset Purchase Agreement marked against a form asset purchase agreement (which form asset purchase agreement shall be reasonably acceptable to the DIP Lenders in advance of distribution to any Qualified Bidders) to be provided to Qualified Bidders by counsel to the Debtors (the "**Form Asset Purchase Agreement**") to show all changes requested by the Qualified Bidder (including the inclusion of the Purchase Price). To the extent a Bid seeks to be an Alternate Plan Sponsor, the Bid shall contain a markup of the Debtors' Proposed Plan.

e. <u>Designation of Assigned Contracts and Leases</u>.  Each Bid must identify any and all executory contracts and unexpired leases (collectively, "**Contracts**") of the Debtors that the Qualified Bidder wishes to be assumed and assigned to the Qualified Bidder at closing. Each Bid must confirm that the Qualified Bidder will be responsible for any cure costs associated with such assumption, and include a

good faith estimate of such cure costs (which estimate, after consultation with the Consultation Parties, may be provided by the Debtors).

f.   <u>Adequate Assurances</u>.  Each Bidder must make a representation that it will be able to provide adequate assurance of future performance under any Contracts to be assumed and assigned under section 365 of the Bankruptcy Code, as well as written evidence that the Debtors, in consultation with the Consultation Parties, believes to be sufficient to demonstrate the foregoing, which shall include, but is not limited to, audited and unaudited financial statements, tax returns, bank account statements, and a description of the business to be conducted at the premises, and such other documentation as the Debtors may request.  To the extent the Bid seeks to be an Alternate Plan Sponsor, the Bidder must also provide written evidence that the Debtors, in consultation with the Consultation Parties, believes sufficient to satisfy Section 1129(a)(11) of the Bankruptcy Code.

g.   <u>Designation of Assumed Liabilities</u>.  Each Bid must identify all liabilities that the Qualified Bidder proposes to assume, which will be valued by the Debtors in their business judgment, in consultation with the Consultation Parties.

h.   <u>Corporate Authority</u>.  Each Bid must include written evidence reasonably acceptable to the Debtors, in consultation with the Consultation Parties, demonstrating appropriate corporate authorization to consummate the proposed Sale; *provided* that, if the Qualified Bidder is an entity specially formed for the purpose of effectuating the Sale, then the Qualified Bidder must furnish written evidence reasonably acceptable to the Debtors of the approval of the Sale by the equity holder(s) of such Qualified Bidder.

i.   <u>Joint Bids</u>.  The Debtors will be authorized to approve (in consultation with the Consultation Parties) joint Bids in their reasonable discretion on a case-by-case basis.

j.   <u>Disclosure of Identity of Qualified Bidder</u>.  Each Bid must fully disclose the identity of each entity (including any equity owners, sponsors, or co-investors) that will be bidding for or purchasing the Assets or Reorganized Equity or otherwise participating in connection with such Bid, and the complete terms of any such participation, including any agreements, arrangements, or understandings concerning a collaborative or joint Bid or any other combination concerning the proposed Bid.  Each Bid must include a binding representation by the Qualified Bidder (including all persons comprising such Qualified Bidder, if a collaborative or joint Bid) that it has not engaged in collusion with any other Bidder or other party regarding the sale of the Assets or Reorganized Equity.

k.   <u>Proof of Financial Ability to Perform</u>.  Each Bid must include written evidence that the Debtors may reasonably conclude, in consultation with their advisors and the Consultation Parties, that the Qualified Bidder has demonstrated the necessary financial ability to close the Sale and comply with its obligations thereunder, including all liabilities to be assumed. Such information must include the

following: (1) contact names and telephone numbers for verification of financing sources, (2) evidence of the Qualified Bidder's internal resources and, if applicable, proof of unconditional fully executed and effective financing commitments from one or more reputable sources in an aggregate amount equal to the Purchase Price of such Bid, (3) a description of the Qualified Bidder's pro forma capital structure, and (4) any other financial disclosure or credit-quality support information or enhancement reasonably requested by the Debtors demonstrating that such Qualified Bidder has the ability to close the proposed Sale.

l.      Regulatory and Third Party Approvals.  Each Bid must set forth each regulatory and third-party approval, if any, required for the Qualified Bidder to consummate the Sale, and the time period within which the Qualified Bidder expects to receive such regulatory and third-party approvals, and the Debtors, in consultation with the Consultation Parties, may consider in evaluating the Bid the timing and likelihood of such approvals, and any actions the Qualified Bidder will need to take to ensure receipt of such approval(s) as promptly as possible.  Each Bid must contain the affirmative representation of the Qualified Bidder that the Qualified Bidder understands and agrees that the Qualified Bidder will cooperate with the Debtors and the Consultation Parties (at the Qualified Bidder's cost) in negotiations with any such third parties.  In the event that any Qualified Bidder is, or any holder of an ownership interest in a Qualified Bidder is, a "Foreign Person" requiring the approval of the Committee on Foreign Investment in the United States, or if the transfer of any assets (including the transfer of any license to use electromagnetic spectrum) would otherwise be subject to additional scrutiny or reasonably anticipated delays by any regulatory agency or other governmental authority whose consent is necessary for the transfer of Assets, the Qualified Bidder shall bear the costs incurred in connection with the preparation, filing, and prosecution of any submission before any regulatory agency or other governmental authority (including, without limitation, any filing fees and legal fees incurred by Debtors related to such regulatory approval process) and must include additional consideration sufficient to support the continued operations of the Debtors during the regulatory approval process.

m.      Contact Information and Affiliates.  Each Bid must provide the identity and contact information for the Qualified Bidder and full disclosure of any parent companies of the Qualified Bidder.

n.      Contingencies.  No Bid may be conditioned on obtaining or the sufficiency of financing or any internal approval, on the outcome or review of due diligence, or otherwise subject to contingencies more burdensome, in the Debtors' business judgment, and after consultation with the Consultation Parties, than those set forth in the Form Asset Purchase Agreement.  All conditions to completion of the Sale must be set forth in the Asset Purchase Agreement.

o.      Irrevocable.  Each Bid must be irrevocable until the Good Faith Deposit has been returned in accordance with the provisions hereof, *provided* that, if such Bid is

accepted as the Successful Bid or the Backup Bid (as defined below), such Bid will continue to remain irrevocable through the Outside Backup Date (as defined below).

p.  <u>Compliance with Diligence Requests</u>.  The Qualified Bidder submitting a Bid must have complied with reasonable requests for additional information and due diligence access requested by the Debtors to the reasonable satisfaction of the Debtors, in consultation with the Consultation Parties.

q.  <u>As-Is, Where-Is</u>.  Each Bid must include the following representations and warranties: (a) expressly state that the Qualified Bidder has had an opportunity to conduct any and all due diligence regarding the Debtors' businesses and the Assets prior to submitting its Bid; and (b) a statement that the Qualified Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Assets, if applicable, in making its Bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Debtors' businesses or the Assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Qualified Bidder's proposed asset purchase agreement ultimately accepted and executed by the Debtors.

r.  <u>Termination Fees</u>.  No Bid will entitle the Qualified Bidder to any expense reimbursement, break-up fee, or similar type of payment in connection with the Bid.

s.  <u>Consent to Jurisdiction</u>.  Each Bid will state that the Qualified Bidder consents to the jurisdiction of the Court.

t.  <u>Bid Deadline</u>.  Each Bid must be transmitted via email (in .pdf or similar format) so as to be actually received on or before 5:00 p.m. (prevailing Eastern Time) on December 12, 2023 (the "**Bid Deadline**") by the Bid Notice Parties.  The Debtors will deliver copies of all Bids received to the Consultation Parties within 24 hours of receipt.

A Bid received from a Qualified Bidder that (A) meets the above requirements, as determined by the Debtors in their reasonable business judgment after consultation with the Consultation Parties, and (B) if selected as the Successful Bid (or Back-Up Bid, as applicable), is reasonably likely to be consummated no later than December 21, 2023 (the "**Applicable Outside Date**"), will constitute a "**Qualified Bid**"; *provided* that, if the Debtors receive a Bid that is not a Qualified Bid, the Debtors may provide the Qualified Bidder with the opportunity to remedy any deficiencies before the Auction in order to render such Bid a Qualified Bid; *provided*, *further*, that for the avoidance of doubt, if any Qualified Bidder fails to comply with reasonable requests for additional information and due diligence access requested by the Debtors to the satisfaction of the Debtors, the Debtors may, after consulting with the Consultation Parties, disqualify any Qualified Bidder and Qualified Bid and such Qualified Bidder will not be entitled to attend or

participate in the Auction.  The Debtors may also waive or modify any of the above requirements in the exercise of their reasonable business judgment after consultation with the Consultation Parties; *provided* that the consent of the DIP Agent and the DIP Lenders is required to waive or extend the Applicable Outside Date; *provided further*, that the Debtors may only waive or modify terms subject to the consent of the DIP Agent and/or the DIP Lenders with the consent of the DIP Agent and/or the DIP Lenders, as applicable.

By submitting a Bid, each Bidder is agreeing, and shall be deemed to have agreed, to abide by and honor the terms of the Bidding Procedures and to refrain from (A) submitting a Bid after conclusion of the Auction (if any) or (B) seeking to reopen the Auction (if any) once closed.

The Debtors, in consultation with the Consultation Parties, may accept a single Qualified Bid or multiple Bids for non-overlapping material portions of the Assets or Reorganized Equity that, if taken together in the aggregate, would otherwise meet the standards for a single Qualified Bid.  The Debtors, in consultation with the Consultation Parties, may also permit otherwise Qualified Bidders who submitted Bids by the Bid Deadline for a material portion of the Assets but who were not identified as a component of a single Qualified Bid consisting of multiple Bids, to participate in the Auction and to submit higher or otherwise better bids that in subsequent rounds of bidding may be considered, together with other Bids for non-overlapping material portions of the Assets, as part of such a single Qualifying Bid.  For purposes of the Bidding Procedures, the Proposed Plan shall constitute a Qualified Bid.

## RIGHT TO CREDIT BID

Any Qualified Bidder (including the DIP Agent, the DIP Lenders, and the Prepetition Secured Creditors) that has a valid and perfected lien on any Assets of the Debtors' estates shall be entitled to credit bid all or a portion of the face value of such secured party's claims against the Debtors toward the Purchase Price specified in such Qualified Bidder's Bid. Notwithstanding anything to the contrary herein, the DIP Agent, the DIP Lenders, and the Prepetition Secured Creditors shall each be deemed to be a Qualified Bidder and, subject to section 363(k) of the Bankruptcy Code and its compliance with the Bidding Procedures, may submit a credit bid of all or any portion of the aggregate amount of its secured claim, including any postpetition financing claims, pursuant to section 363(k) at any time during the Auction, and any such credit bid will be considered a Qualified Bid (such a Qualified Bid, a "**Qualified Credit Bid**"),. Further, (a) no good faith deposit will be required in connection with a Qualified Credit Bid, and (b) the Qualified Credit Bid will not serve as a Backup Bid without the written consent of the applicable Qualified Bidder. For the avoidance of doubt, any of the prepetition or post-petition obligations that are credit bid as part of a Qualified Credit Bid will be treated as cash consideration at the face amount of such obligations for the purposes of calculating whether such Qualified Credit Bid is the Prevailing Highest Bid (as defined below). If a Qualified Credit Bid is the Successful Bid, unless the applicable Qualified Bidder elects to consummate a Sale pursuant to section 363 of the Bankruptcy Code, the Debtors will reorganize pursuant to a chapter 11 plan in a manner consistent with the DIP Term Sheet, as modified by such Qualified Credit Bid.

30892728.7

## AUCTION

If one or more Qualified Bids is received by the Bid Deadline, the Debtors may conduct an Auction to determine the highest or otherwise best Qualified Bid or combination of Qualified Bids. The Debtors will have the right, in consultation with the Consultation Parties, to adjourn or cancel the Auction at any time either by delivering notice of such adjournment or cancellation to all Qualified Bidders, announcing such adjournment or cancellation on the record before the Court or on the record at the Auction(s), or filing a notice announcing such adjournment or cancellation on the Court's docket; *provided further*, that the Debtors will have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than all, of the Assets and/or Reorganized Equity if the Debtors determine, in consultation with the Consultation Parties, that such process would be in the best interest of the Debtors' estates. The Debtors will confirm to all Qualified Bidders that submitted Qualified Bids the time and place of the Auction and any adjournments thereof.

The Qualified Bid or combination of Bids selected by the Debtors, in consultation with the Consultation Parties, as the highest or best Bid or combination of Bids following the Bid Deadline, and before the start of the Auction, will be identified to all other Qualified Bidders at or before the start of the Auction (the "**Baseline Bid**"). The Debtors will provide copies of the documents supporting the Baseline Bid to all Qualified Bidders and the Consultation Parties as soon as practicable after the Bid Deadline and in any event no later than one business day prior to the commencement of the Auction. The Debtors' determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factors the Debtors, in their business judgment and in consultation with the Consultation Parties, deem relevant to the value of the Qualified Bid to the Debtors' estates.

If the Debtors, in consultation with the Consultation Parties, determine that they have received no Qualified Bids, then the Auction will not occur. If the Debtors make such a determination, the Debtors shall file a notice with the Court within one business day of making such determination.

## AUCTION PROCEDURES

The Auction, if necessary, will take place beginning on **December 14, 2023 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, or via remote video, or on such other date and/or at such other location as determined by the Debtors in consultation with the Consultation Parties. If the date or location of the Auction is changed from that which is described in the notice of auction, the Debtors will file a revised notice at least 24 hours before the Auction indicating such change, and will serve the same on all Qualified Bidders and any creditors that have made a request for such service. The Auction will be conducted according to the following procedures, which procedures will be subject to modification by the Debtors as the Debtors, in consultation with the Consultation Parties, deem necessary to better promote the goals of the Auction and to comply with their fiduciary obligations. For the avoidance of doubt, the Debtors, in consultation with the Consultation Parties, may adopt any procedures for the Auction that the Debtors believe, in the exercise of

30892728.7

their reasonable business judgment, will maximize value, including, but not limited to, conducting separate Auctions for discrete pools of Assets and/or Reorganized Equity.

### *Participation*

Only Qualified Bidders that have submitted Qualified Bids, the DIP Agent, the DIP Lenders, the Committee (if any), each of the Prepetition Secured Creditors, and each of their respective advisors, as applicable, and parties in interest that have submitted a written request to attend the Auction to counsel to the Debtors no less than 24 hours prior to commencement, will be entitled to attend the Auction. Only Qualified Bidders that have submitted Qualified Bids and the Plan Sponsor, and such other parties as determined by the Debtors, in consultation with the Consultation Parties, will be entitled to make any Bids at the Auction. Qualified Bidders must appear at the Auction, or through a duly-authorized representative, unless otherwise agreed by the Debtors in consultation with the Consultation Parties. Each Qualified Bidder must have at least one individual representative with authority to bind the Qualified Bidder attend the Auction.

### *Debtors Will Conduct Auction*

The Debtors and their advisors will direct and preside over the Auction in consultation with the Consultation Parties. The Auction will be fairly and evenly administered, and not intended to cause any participating Qualified Bidder to be disadvantaged in any material way with respect to the process as compared to any other participating Qualified Bidder. All participating Qualified Bidders will be entitled to be present for all bidding with the understanding that the true identity of each bidder (*i.e.*, the principals submitting each bid) will be fully disclosed to all other participating Qualified Bidders and that all material terms of each Qualified Bid will be fully disclosed to all other bidders throughout the entire Auction. Each Bid by a Qualified Bidder at the Auction, if not inconsistent with the provisions of these Bidding Procedures, will be deemed to constitute a Qualified Bid.

The Debtors, in consultation with the Consultation Parties, will conduct the Auction in the manner they reasonably determine will result in the highest or otherwise best Qualified Bid or combination of Bids. In addition, at the start of the Auction, the Debtors will describe the terms of the Baseline Bid. Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets or Reorganized Equity described herein, (b) reviewed, understands, and accepts the Bidding Procedures, and (c) consents to the core jurisdiction of the Court (as described more fully below). The Auction will be transcribed and all Qualified Bids will be made and confirmed on the record.

### *Terms of Overbids*

An "**Overbid**" is any Bid made at the Auction after the Debtors' announcement of the Baseline Bid. Any Overbid for purposes of the Auction must comply with the following conditions:

    a.    <u>Initial Bid</u>. At the commencement of the Auction, the Debtors will announce the Baseline Bid for the applicable Assets and/or Reorganized Equity.

b.      <u>Minimum Bid Increments</u>.  Any Overbid after and above the Baseline Bid will be made in increments in an amount to be announced at the Auction.  In order to maximize value, the Debtors reserve the right, in consultation with the Consultation Parties, to announce reductions or increases in the minimum incremental Bids (or in valuing such Bids) at any time during the Auction.  Additional consideration in excess of the amount set forth in the respective Baseline Bid may include cash or non-cash consideration; *provided*, *however*, that (a) the value for such non-cash consideration will be determined by the Debtors, in consultation with the Consultation Parties, in their reasonable business judgment, and (b) such non-cash consideration is in a form that is reasonably acceptable to the DIP Agent.

c.      <u>Overbid Alterations</u>.    An applicable Overbid may contain alterations, modifications, additions, or deletions of any terms of the Bid no less favorable to the Debtors' estates than any prior Bid or Overbid, as determined in the Debtors' reasonable business judgment, in consultation with the Consultation Parties, but will otherwise comply with the terms of these Bidding Procedures.  Any Overbid must comply with the conditions for a Qualified Bid.

d.      <u>Announcing Highest Bid</u>.  Following the initial round of bidding, the Debtors will, after consulting with the Consultation Parties, announce whether the Debtors have identified an Overbid as being higher or otherwise better than the Baseline Bid for the applicable Assets and/or Reorganized Equity, or in subsequent rounds, the Overbid previously designated by the Debtors as the prevailing highest or otherwise best Bid for the applicable Assets and/or Reorganized Equity (the "**Prevailing Highest Bid**").  The Debtors will describe to all Qualified Bidders the material terms of any new Overbid designated by the Debtors as the Prevailing Highest Bid as well as the value attributable by the Debtors to such Prevailing Highest Bid.

e.      <u>Consideration of Overbids</u>.  The Debtors reserve the right, in their reasonable business judgment, and in consultation with the Consultation Parties, to adjourn the Auction one or more times to, among other things:  (a) facilitate discussions among the Debtors and any Qualified Bidders; (b) allow Qualified Bidders to consider how they wish to proceed; (c) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their reasonable business judgment, and in consultation with the Consultation Parties, may require, including that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt or equity funding commitments to consummate the proposed transaction at the prevailing Overbid amount; and (d) to provide the Debtors with an opportunity to consider how to value each Overbid in consultation with the Consultation Parties.

*Additional Procedures*

The Debtors, after consulting with the Consultation Parties, may announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction.

*Consent to Jurisdiction and Authority as Condition to Bidding*

All Qualified Bidders will be deemed to have (a) consented to the core jurisdiction of the Court to enter an order or orders, which will be binding in all respects, in any way related to the Debtors, the Chapter 11 Cases, the Bidding Procedures, the Auction, the Asset Purchase Agreement, or the construction and enforcement of documents relating to any Sale, (b) waived any right to a jury trial in connection with any disputes relating to the Debtors, the Chapter 11 Cases, the Bidding Procedures, the Auction, the Asset Purchase Agreement, or the construction and enforcement of documents relating to any Sale, and (c) consented to the entry of a final order or judgment in any way related to the Debtors, the Chapter 11 Cases, the Bidding Procedures, the Auction, the Asset Purchase Agreement, confirmation of a chapter 11 plan of reorganization (the "**Confirmation Order**") or the construction and enforcement of documents relating to any Sale if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

*Sale Will Be As Is/Where Is*

Except as expressly provided in the Asset Purchase Agreement approved by the order approving the Sale which, for the avoidance of doubt may be the Confirmation Order (the "**Sale Order**"), the Assets, Reorganized Equity, or any other assets of the Debtors sold pursuant to the Bidding Procedures, will be conveyed at the closing of a Sale with a Successful Bidder in their then-present condition, "AS IS, WHERE IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED." Consistent with representations and warranties made in the Bid, the Successful Bidder will have (a) had an opportunity to conduct any and all due diligence regarding the Debtors' businesses and the Assets and Reorganized Equity prior to submitting its Bid; and (b) relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Assets, if applicable, in making its Bid and will have not relied on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Debtors' businesses or the Assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Successful Bidder's proposed asset purchase agreement ultimately accepted and executed by the Debtors.

*Closing the Auction*

The Auction may continue until the Debtors, in their reasonable business judgment, and in consultation with the Consultation Parties, subject to the express consent of the DIP Agent (subject to the "Consultation Party" section hereof), select the highest or otherwise best Qualified Bid or combination of Bids at the Auction (such Bid, the "**Successful Bid**," and the Qualified Bidder submitting such Successful Bid, the "**Successful Bidder**"). The Successful

Bid may consist of a single Qualified Bid or multiple Bids.  The determination of what constitutes the Successful Bid will take into account any factors the Debtors, in consultation with the Consultation Parties, reasonably deems relevant to the value of the Qualified Bid to the Debtors' estates.

If no Qualified Bid is submitted by a Qualified Bidder by the Bid Deadline or all Qualified Bids that have been submitted have been withdrawn after the Bid Deadline, then the Debtors will cancel the Auction.  Unless otherwise required pursuant to the Debtors' fiduciary duties, no bids will be accepted or considered by the Debtors after the conclusion of the Auction.

By 5:00 p.m. (prevailing Eastern Time) on the calendar day that is as soon as reasonably practicable after the Auction is completed, the Debtors will announce the Successful Bid, Successful Bidder, and Backup Bid and will file with the Court, a notice of the Successful Bid ("**Notice of Successful Bidder**"), Successful Bidder, Backup Bid, and, in the case of Successful Bids for the Assets, the Sale Hearing.  At that same time, the Debtors will serve notice of the same by fax, email, or (if neither is available) overnight courier to all creditors or Contract counterparties that made a request for such service to Debtor's counsel at least two business days before the Auction.  To the extent the Successful Bid was for the Reorganized Equity, approval of the Sale to such Successful Bidder will be sought at the confirmation hearing for the Debtors' plan of reorganization.

The Debtors' presentation of a particular Qualified Bid to the Court does not constitute the Debtors' acceptance of the Bid.

***Backup Bidder***

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder(s) with the next highest or otherwise best Bid or combination of Bids at the Auction, as determined by the Debtors, in the exercise of their reasonable business judgment, and after consulting with the Consultation Parties, subject to the express consent of the DIP Agent (subject to the "Consultation Party" section hereof), will be designated as the backup bidder (the "**Backup Bidder**").  The Backup Bidder will be required to keep its initial Bid (or if the Backup Bidder submitted one or more Overbids at the Auction, the Backup Bidder's final Overbid) (the "**Backup Bid**") open and irrevocable until the date (the "**Outside Backup Date**") that is the earlier of (a) the date that is 30 calendar days after the date of entry of the Sale Order, or (b) the closing date of the Sale with the Successful Bidder.  In no event shall the DIP Agent or the DIP Lenders be required to act as a Backup Bidder.

Following the Sale Hearing and entry of the Sale Order, if the Successful Bidder fails to consummate an approved Sale, the Backup Bidder will be deemed to be the Successful Bidder, and the Backup Bid the Successful Bid, and the Debtors will be authorized, but not required, without further order of the Court, to consummate the Sale with the Backup Bidder.  In such case of a breach or failure to perform on the part of the Successful Bidder (including any Backup Bidder designated as a Successful Bidder), the defaulting Successful Bidder's deposit will be forfeited to the Debtors.  The Debtors, on their behalf and on behalf of their estates, specifically reserve the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Backup Bidder designated as a Successful

30892728.7

Bidder but excluding the DIP Agent, the DIP Lenders, or any other party that submits a Qualified Credit Bid) in accordance with the terms of the Bidding Procedures.

## SALE HEARING

The Sale Hearing, if applicable, will be conducted by the Court on **December 19, 2023 at [___] (prevailing Eastern Time)** and may be adjourned or rescheduled, in consultation with the Consultation Parties, by an announcement of the adjourned date at the Sale Hearing or by the filing of a hearing agenda.  At the Sale Hearing, the Debtors will seek Court approval of the Successful Bid(s) and the Backup Bid(s).  Unless the Court orders otherwise, the Sale Hearing will be an evidentiary hearing on matters relating to the Sale and there will be no further bidding at the Sale Hearing.  In the event that the Successful Bidder(s) cannot or refuses to consummate the Sale because of the breach or failure on the part of the Successful Bidder(s), the Backup Bidder(s) will be deemed the new Successful Bidder(s) and the Debtors will be authorized, but not required, to close with the Backup Bidder on the Backup Bid without further order of the Court.

The Debtors will sell the Assets to the Successful Bidder(s) only upon the approval of its Successful Bid by the Court after the Sale Hearing.  The Debtors' presentation of a particular Qualified Bid to the Court for approval does not constitute the Debtors' acceptance of the Bid.  The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing.

Parties to the Chapter 11 Cases may file (a) objections to the Sale of Assets to the Successful Bidder(s) and/or a Backup Bidder, as applicable, any of the relief requested in the Bidding Procedures Motion, and entry of the Sale Order (each, a "**Sale Objection**"), (b) objections to the conduct of the Auction (each, an "**Auction Objection**"), or (c) objections relating to the identity of the Successful Bidder(s) (other than with respect to executory contracts or unexpired leases) (each, a "**Buyer-Related Objection**").  All such objections must (a) be in writing and specify the nature of such objection, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all orders of the Court entered in the Chapter 11 Cases, (c) be filed with the Court by (i) December 8, 2023 at 4:00 p.m. (prevailing Eastern Time) (the "**Sale Objection Deadline**") or (ii) 5:00 p.m. (prevailing Eastern Time) on the day that is one day before the Sale Hearing (the "**Auction Objection Deadline**" and "**Buyer-Related Objection Deadline**"), and, in the case of a Sale Objection, (d) be served upon the following parties (collectively, the "**Objection Notice Parties**"): (a) proposed counsel to the Debtors (i) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Sean M. Beach (sbeach@ycst.com), Kenneth J. Enos (kenos@ycst.com), Elizabeth S. Justison (ejustison@ycst.com), and Timothy R. Powell (tpowell@ycst.com), and (ii) Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60622, Attn: Brian Lohan (brian.lohan@arnoldporter.com); (b) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn:  Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov); (c) counsel to the DIP Lenders, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Raphael M. Russo (rrusso@paulweiss.com), Sean A. Mitchell (smitchell@paulweiss.com), Diane Meyers (dmeyers@paulweiss.com), and Grace Hotz (ghotz@paulweiss.com), and (ii) Landis Rath & Cobb LLP, 919 N. Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Richard S.

Cobb (cobb@lrclaw.com) and Joshua B. Brooks (brooks@lrclaw.com); (d) counsel to any statutory Committee appointed in these Chapter 11 Cases; and (e) any Successful Bidders.

## RETURN OF GOOD FAITH DEPOSITS

The Good Faith Deposits of all Qualified Bidders will be held in one or more escrow accounts by the Debtors, but will not become property of the Debtors' estate, or subject to the claims, liens, security interests, or encumbrances of the Debtors' creditors, unless and until such amounts are actually released to the Debtors as provided herein, absent further Court order. The Good Faith Deposit of any Qualified Bidder that is neither a Successful Bidder nor a Backup Bidder will be returned to such Qualified Bidder not later than five business days after entry of the Sale Order.  The Good Faith Deposit of a Successful Bidder shall, upon consummation of any Sale, be credited against the purchase price paid for the applicable assets.  The Good Faith Deposit of any Backup Bidder will be returned to such Backup Bidder on the date that is the earlier of 72 hours after (a) the closing of the Sale with the Successful Bidder, and (b) the Outside Backup Date.

## COMMISSIONS

The Debtors shall be under no obligation to pay any commissions, fees, or expenses to any Bidder's agent, advisor, or broker. All commissions, fees, or expenses for any such agents, advisors, or brokers may be paid by Bidders at such Bidder's discretion. In no case shall any commissions, fees, or expenses for any Bidder's agent, advisor, or broker be deducted from any proceeds derived from any Sale of the Assets or Reorganized Equity.

## RESERVATION OF RIGHTS OF DEBTORS

The Debtors reserve the right, as it may reasonably determine to be in the best interest of their estates, in consultation with the Consultation Parties, to:  (a) determine which Bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best Bid or combination of Bids and which is the next highest or otherwise best Bid or combination of Bids; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, (iii) contrary to the best interests of the Debtors and their estates, or (iv) subject to any financing contingency or otherwise not fully financed; (e) waive terms and conditions set forth herein with respect to all potential Bidders; (f) impose additional terms and conditions with respect to Potential Bidders; (g) with the consent of the DIP Agent and/or the DIP Lenders, as applicable, extend the deadlines set forth herein; (h) continue or cancel the Auction or Sale Hearing in open court without further notice; and (i) modify the Bidding Procedures and implement additional procedural rules that the Debtors determine, in their reasonable business judgment, and in consultation with the Consultation Parties, will better promote the goals of the bidding process.

## FIDUCIARY OUT

Nothing in these Bidding Procedures will require the Debtors to take any action, or refrain from taking any action, with respect to these Bidding Procedures to the extent the

Debtors determine that taking such action, or refraining from taking such action, as applicable, is required or appropriate to comply with applicable law or their fiduciary obligations.

**<u>EXHIBIT 2</u>**

**Auction and Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. __** |

### NOTICE OF SALE, BIDDING PROCEDURES,
### AUCTION, SALE HEARING, AND OBJECTION DEADLINE

        **PLEASE TAKE NOTICE** that, on October __, 2023, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed a motion [Docket No. [ ● ]] (the "**Sale Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking entry: (a) of an order (the "**Bidding Procedures Order**"): (i) authorizing and approving bidding procedures (the "**Bidding Procedures**") for the sale (the "**Sale**") of substantially all of the Debtors' assets (collectively, the "**Assets**"), and/or equity of the reorganized Debtors (the "**Reorganized Equity**"), (ii) scheduling an auction of the Assets (the "**Auction**"), (iii) scheduling a hearing to consider approval of any Sale (the "**Sale Hearing**"), (iv) approving the form and manner of notice in connection with the foregoing, and (v) granting related relief; and (b) one or more orders (each, a "**Sale Order**"),[3] as applicable: (i) authorizing and approving the sale of the Assets free and clear of all liens, claims, encumbrances, and other interests to the winning bidder (the "**Successful Bidder**") pursuant to a purchase agreement to be executed by the Successful Bidder (an "**Asset Purchase Agreement**"), and (ii) granting related relief.

        **PLEASE TAKE FURTHER NOTICE** that, on November __, 2023, the Court entered the Bidding Procedures Order [Docket No. [ ● ]]. In accordance therewith, the Debtors are soliciting offers for the purchase of the Assets or the Reorganized Equity consistent with the bidding procedures (the "**Bidding Procedures**") attached as Exhibit 1 to the Bidding Procedures Order. All interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order.[4] Any interested bidder should contact Jamie Lisac

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2]    Capitalized terms used in this notice but not otherwise herein defined have the meanings given to such terms in the Sale Motion or Bidding Procedures, as applicable.

[3]    A form of Sale Order will be filed with the Court on December 5, 2023 or as soon as reasonably practicable thereafter.

[4]    To the extent of any inconsistencies between this notice and the Bidding Procedures or the Bidding Procedures Order, the Bidding Procedures or the Bidding Procedures Order, as applicable, shall govern in all respects.

(Jlisac@capstonepartners.com), David Brinkley (dbrinkley@capstonepartners.com), Jacob Lee (jlee@capstonepartners.com), and Justin O'Malley (jomalley@capstonepartners.com) at Capstone Partners, the Debtors' proposed investment banker. A separate notice will be provided to counterparties to executory contracts and unexpired leases with the Debtors that may be assumed, assigned, and sold in connection with the proposed Sale.

   **PLEASE TAKE FURTHER NOTICE** that, if the Debtors receive qualified competing bids within the requirements and timeframe specified by the Bidding Procedures, the Debtors will conduct an auction (the "**Auction**") of the Assets and/or the Reorganized Equity on **December 14, 2023 at 10:00 a.m. (prevailing Eastern time)** at the offices of Young Conaway Stargatt & Taylor, LLP, or via remote video, or on such other date and/or at such other location as determined by the Debtors in accordance with the Bidding Procedures and as to which the Debtors shall notify all Qualified Bidders. Only Qualified Bidders that have submitted Qualified Bids, the DIP Agent, the DIP Lenders, the Committee (if any), and each of their respective advisors, as applicable, and parties in interest that have submitted a written request to attend the Auction to counsel to the Debtors no less than 24 hours prior to commencement will be entitled to attend the Auction.

   **PLEASE TAKE FURTHER NOTICE** that, if the Debtors proceed with a Sale transaction, the Sale Hearing will take place on **December 19, 2023 at [___] (prevailing Eastern Time)** (the "**Sale Hearing**") before the Honorable Brendan L. Shannon, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at 824 North Market Street, Wilmington, Delaware 19801.

   **PLEASE TAKE FURTHER NOTICE** that objections to the relief requested in the Sale Motion ***must***: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be ***actually received* on or before December 12, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**") by the following parties and any other party that has filed a notice of appearance in these chapter 11 cases:

| Proposed Counsel to the Debtors | The United States Trustee |
|---|---|
| Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Rodney Square<br>Wilmington, DE 19801-6108<br>Attn: Sean M. Beach (sbeach@ycst.com), Kenneth J. Enos (kenos@ycst.com), Elizabeth S. Justison (ejustison@ycst.com), and Timothy R. Powell (tpowell@ycst.com)<br><br>-and-<br><br>Arnold & Porter Kaye Scholer LLP<br>70 West Madison Street, Suite 4200<br>Chicago, Illinois 60622<br>Attn: Brian Lohan (brian.lohan@arnoldporter.com) | Office of the United States Trustee<br>for the District of Delaware<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE, 19801<br>Attn: Timothy J. Fox<br>Timothy.Fox@usdoj.gov |

30892728.7

US-DOCS\138355895

|  | **Counsel to the DIP Lender** |
| --- | --- |
|  | Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Attn: Raphael M. Russo (rrusso@paulweiss.com),<br>Sean A. Mitchell (smitchell@paulweiss.com), Diane<br>Meyers (dmeyers@paulweiss.com), and Grace Hotz<br>(ghotz@paulweiss.com)<br><br>-and-<br><br>Landis Rath & Cobb LLP<br>919 N. Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Attn: Richard S. Cobb (cobb@lrclaw.com) and Joshua<br>B. Brooks (brooks@lrclaw.com) |

Any and all objections to the conduct of the Auction (an "**Auction Objection**") must be must be filed with the Court by 5:00 p.m. (prevailing Eastern Time) on the day that is one day before the Sale Hearing (the "**Auction Objection Deadline**").

CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION:

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE SALE OBJECTION DEADLINE OR THE AUCTION OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE ASSET PURCHASE AGREEMENT.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures Motion, the Bidding Procedures, the Bidding Procedures Order, the Sale Order, and all related exhibits are or will be available free of charge on the Debtors' restructuring website, http:// https://cases.stretto.com/ironnet.

Dated:  October [], 2023
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____

Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Timothy R. Powell (No. 6894)
Kristin L. McElroy (No. 6871)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
         kenos@ycst.com
         ejustison@ycst.com
         tpowell@ycst.com
         kmcelroy@ycst.com

*Proposed Counsel for the Debtors and Debtors in Possession*

30892728.7

US-DOCS\138355895