IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| IRONNET, INC., *et al.*,[1] | ) Case No. 23-11710 (BLS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Ref. Docket Nos. 8 & 36 |

**FINAL ORDER (A) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK OF IRONNET, INC. AND CLAIMS AGAINST THE DEBTORS AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for the entry of a final order (this "**Final Order**") (a) approving the Procedures related to certain transfers of, or declarations of worthlessness with respect to Beneficial Ownership of Common Stock and/or Claims against one or more of the Debtors; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock, or any acquisition, disposition, or trading of any Claims against the Debtors, in each case shall be null and void *ab initio*; and (c) granting related relief; and upon consideration of the First Day Declaration and the record of these chapter 11 cases; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30906103.2

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court, if any; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

3. The Procedures, as set forth in **Exhibit 1** attached hereto, are approved on a final basis.

4. Any transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock, or any purchase, sale, or other transfer of Claims, in each case, in violation of the Procedures (including, but not limited to, the notice requirements) shall be null and void *ab initio*.

5. In the case of any attempted transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock and any acquisition, disposition, or trading of Claims against the Debtors, in each case in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such transfer, declaration, acquisition, disposition, or trade shall be required to take remedial actions specified by the Debtors to appropriately reflect that such transfer, declaration, acquisition, disposition, or trade is null and void *ab initio*. In the case of any such declaration of worthlessness with respect

to Beneficial Ownership of Common Stock in violation of the Procedures (including, but not limited to, the notice requirements), the person or entity attempting to make such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6. The Debtors may retroactively or prospectively waive any and all sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures or imposed by this Final Order on parties other than the Debtors.

7. Other than to the extent that this Final Order expressly conditions or restricts trading in Common Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such Common Stock under any chapter 11 plan or any applicable bankruptcy court order.

8. The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

9. Within 3 business days of the entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Notice of Final Order to all parties that were served with notice of the Motion and the Nominees that hold Common Stock in "street name" for the beneficial holders. Within 5 business days of the entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors shall post this Final Order and the Procedures to the website established by the Debtors' claims and noticing agent, Stretto, Inc., and publish the Notice of Final Order once in the national edition of *The New York Times*. The Debtors may also file a form 8-K with a reference to the entry of this Final Order.

10. Nothing herein shall preclude any person desirous of acquiring any Common Stock or Claim from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

11. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

30906103.2

5

14.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation of this Final Order.

**Dated: November 1st, 2023**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

30906103.2