**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 7, 31 & 88 |

**REVISED FINAL ORDER (A) AUTHORIZING AND APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM, (B) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (C) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS IN THE ORDINARY COURSE OF BUSINESS AND GRANTING ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION INTERCOMPANY CLAIMS, (D) AUTHORIZING CONTINUANCE OF CORPORATE CREDIT CARD PROGRAM, AND (E) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Final Order**"), pursuant to sections 105(a), 363, 503(b), 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-2, (a) authorizing and approving the Debtors' continued use of their Cash Management System, (b) granting the Debtors a waiver of the U.S. Trustee Guidelines, (c) authorizing the Debtors to continue performing Intercompany Transactions in the ordinary course of business, including with their Non-Debtor Affiliates, and granting administrative expense status for postpetition Intercompany Claims, (d) authorizing the Debtors to continue the Corporate Credit Card Program, and (e) granting certain related relief; and upon

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30906101.5


consideration of the First Day Declaration and the record of these chapter 11 cases; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court, if any; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, in their discretion, to: (a) designate, maintain, and continue to use, with the same account numbers, all of their bank accounts in existence on the Petition Date (collectively, the "**Bank Accounts**"), including, without limitation, those bank accounts identified in the Motion; (b) use, in their present form, any and all checks and other documents related to the Bank Accounts; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date; and (d) pay the Cash Management Fees, subject to cap of $10,000.00 for accrued and unpaid pre-petition amounts.

3. The Banks are hereby authorized to continue to service and administer all of the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and

in the ordinary course in a manner consistent with any agreements between the Banks and the Debtors that existed prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on, such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored by any Bank only if such requests (a) have been represented by the Debtors to have been authorized by an order of this Court, (b) have been directed by the Debtors and not otherwise prohibited by a "stop payment" request received by the relevant Bank from the Debtors, and (c) are supported by sufficient funds in the relevant Bank Account.

4. Except for those that comply with paragraph 3 herein, no checks, drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date, but presented for payment after the Petition Date, shall be honored or paid.

5. The Banks shall not be liable to the Debtors or to their estates and shall not be deemed to be in violation of this Final Order for honoring a prepetition check or other item drawn on any account that is the subject of this Final Order: (a) at the direction of the Debtors; (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite implementation of reasonable item handling procedures.

6. The Debtors are authorized to continue to use all of their correspondence and business forms (including, without limitation, checks, invoices, letterhead, stationery, and purchase orders) existing immediately before the Petition Date without reference to the Debtors'

30906101.5

status as debtors-in-possession; *provided, however*, that upon the depletion of any pre-printed check stock and other business forms, the Debtors will obtain new check stock and business forms reflecting their status as debtors-in-possession; *provided further, however*, that, to the extent not already done, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing "Debtor-in-Possession" or "DIP" and the jointly administered case number for these chapter 11 cases on such items.

7. The Debtors are authorized to open any new bank accounts and close any of the Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that the Debtors shall provide notice to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases within fifteen (15) days of the opening or closing of such accounts; *provided, further, however*, that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

8. The relief granted herein is extended to any new bank accounts opened by the Debtors after the date hereof in accordance with this Final Order, and any such new accounts shall be deemed a Bank Account and part of the Cash Management System for purposes of this Final Order.

9. Subject to paragraph 3 hereof, the Banks are hereby authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtors' accounts with the Banks prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in

30906101.5

4

connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Banks as service charges for the maintenance of the Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to the Debtors' account after the Petition Date, regardless of the reason such item is returned or reversed.

10. The Debtors shall maintain accurate and detailed records of all transfers within the Cash Management System, including Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

11. The Debtors are authorized to continue performing Intercompany Transactions amongst themselves and their Non-Debtor Affiliates in the ordinary course of business; *provided* that the Debtors shall not be authorized by this Final Order to undertake any Intercompany Transactions that are not on terms materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period.

12. The Debtors are authorized to pay Vistra Corporate Services ("**Vistra**") in accordance with their pre-petition practices, including amounts incurred pre-petition.

13. Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

14. The Debtors are authorized to (a) continue the Corporate Credit Card Program in the ordinary course, including making ordinary course modifications thereto,

30906101.5

(b) perform their obligations under the Corporate Credit Card Program, and (c) pay outstanding prepetition and postpetition expenses arising thereunder in the ordinary course. The prepetition agreements between the Debtors and Silicon Valley Bank, a division of First-Citizens Bank & Trust Company ("**SVB**") shall continue to govern the Corporate Credit Card Program postpetition. Postpetition credit extended under the Corporate Credit Card Program shall (i) have a $40,000.00 credit limit (inclusive of any outstanding prepetition amounts), and (ii) be 105% secured with the Debtors' cash on deposit at SVB. SVB is authorized to (x) hold up to $42,000.00 in cash collateral in connection with the Debtors' credit card program in a segregated account at SVB, (y) debit any cash collateral held in connection with the credit card program in the ordinary course of business in accordance with the applicable contract governing the credit card facility, and (z) terminate any credit card program in accordance with the applicable contract governing the credit card facility, including the notice requirements set forth therein, in each case without further approval from this Court. The Debtors are authorized to execute such documentation as may be reasonably required to effectuate the foregoing. The Debtors are authorized and directed to reimburse SVB for reasonable and documented legal fees and out-of-pocket expenses incurred after the Petition Date in connection with the foregoing, following the submission of a summary invoice to the Debtors, in an aggregate amount not to exceed $10,000.00 without further order from this Court.

15. Nothing in this Final Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

30906101.5

16. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

17. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

**Dated: November 15th, 2023**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**