**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STATEMENT OF FINANCIAL AFFAIRS
## OF IRONNET, INC. (CASE NO. 23-11710)

---

[1]   The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:   IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).   The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (BLS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Debtors' respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management and their advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred, or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Additionally, because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

The Schedules and Statements have been signed by Cameron Pforr, President and Chief Financial Officer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Pforr necessarily relied upon the efforts, statements, and representations of the Debtors' management and advisors. Mr. Pforr has not, and could not have, personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

These Global Notes supplement, and are in addition to, any specific notes contained in the Debtors' Schedules or Statements. Furthermore, the fact that the Debtors have prepared specific notes with respect to any of the Debtors' Schedules and Statements and not to another should not be interpreted as a decision by the Debtors to exclude the applicability of such specific notes to any other of the Debtors' Schedules and Statements.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **Description of These Chapter 11 Cases and "As of" Information Date**. On October 12, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner, or statutory committee has been appointed in these chapter 11 cases. To the best of the Debtors' knowledge, the information included in the Schedules and Statements is presented as of the Petition Date, unless otherwise indicated herein or in the Schedules and Statements.

2. **General Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. However, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to (a) amend the Schedules and Statements with respect to any claim (each, a "**Claim**") description or designation; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, security, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (i) liability, or (ii) amounts due or owing, if any, by the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses,

equitable subordination, or Causes of Action (as defined below), including those arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant bankruptcy or nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3. **Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles, nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Additionally, the Schedules and Statements reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

4. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any Claim or cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, whether known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other right or theory of law (collectively, the "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

5. **First Day Orders**. Pursuant to various "first day" orders (each, a "**First Day Order**," and collectively, the "**First Day Orders**") entered by the Court, the Debtors and their estates are authorized to pay certain prepetition Claims, including, without limitation, certain Claims related to employees, taxes and fees, and insurance premiums. To the extent certain prepetition Claims were paid pursuant to the relief granted by the First Day Orders, such Claims have been omitted from the Schedules and Statements. Additionally, certain Claims on the Schedules and Statements may have been, or may in the future be, satisfied pursuant to the First Day Orders.

6. **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, interests, and other items reported in the Schedules and Statements. Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

7. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in

connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

8.      **Excluded Assets and Liabilities**.  The Debtors have excluded rejection damage Claims of counterparties to executory contracts that may be rejected, if any, to the extent such damage Claims exist.  In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

9.      **Estimates**.  To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, management may have made certain estimates and assumptions that affected the reported amounts of the Debtors' assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions, if any.

10.    **Currency**.  The financial statements for each Debtor are recorded in United States currency.

11.    **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  Although the Debtors have made diligent attempts to properly identify the parties to each executory contract on Schedule G, it is possible that there are more counterparties to certain executory contracts on Schedule G than listed herein.  The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts, the inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract.  Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts, inadvertent errors, omissions, or over inclusion may have occurred.

12.    **Insiders**.  The Debtors have attempted to include all payments made on or within twelve (12) months before the Petition Date to any individual or entity deemed an "insider."  An individual or entity may be an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" or the inclusion of transactions with any party designated as such in the Schedules and Statements is made here to provide parties in interest with information and is not intended to be nor should be construed as a legal characterization of such party as an insider or to reflect any legal conclusions made by the Debtors and does not act as an admission of any fact, claim, right, or defense, and all such

rights, claims, and defenses are hereby expressly reserved. Furthermore, certain of the individuals identified above may not have been insiders for the entirety of the twelve (12)-month period, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

13. **Accounts Payable and Disbursement Systems**. The Debtors maintain a cash management system (the "**Cash Management System**") to collect and disburse funds in the ordinary course. A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing and Approving Continued Use of Cash Management System, (B) Authorizing Use of Prepetition Bank Accounts and Business Forms, (C) Authorizing Performance of Intercompany Transactions in the Ordinary Course of Business and Granting Administrative Expense Status for Postpetition Intercompany Claims, (D) Waiving Strict Compliance with Section 345(b) of the Bankruptcy Code and Certain Operating Guidelines, as Applicable, (E) Authorizing Continuance of Corporate Credit Card Program, and (F) Granting Certain Related Relief* [Docket No. 7] (the "**Cash Management Motion**").

14. **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

15. **Unliquidated Claim Amounts**. Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

16. **Undetermined Amounts**. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

17. **Global Notes Control**. In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

A. **Schedule A/B – Real and Personal Property**

18. It would be unduly burdensome and an inefficient use of estate assets and other resources for the Debtors to obtain current market valuations of all of their assets listed in Schedule A/B. Accordingly, unless otherwise indicated, all values identified in Schedule A/B are net book value as of, or as near as possible to, the Petition Date. These amounts may materially vary from current fair market value.

19. **Item 74**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective Causes of Action or potential Causes of Action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, Causes of Action arising under the Bankruptcy Code or any other applicable

laws.  The Debtors and their estates reserve all rights with respect to any claims and Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and Causes of Actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and Causes of Action.

**B.      Schedule D – Creditors Who Have Claims Secured by Property**

20.      The Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtors.  Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  Except as specifically stated herein or in the Schedules and Statements, real property lessors, utility companies, customers, and other parties which may hold security deposits have not been listed on Schedule D.  Moreover, the Debtors have not or may not have included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are solely acknowledging that an interest has been asserted by the party that filed such UCC-1 filing, and do not concede that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing.  The Debtors reserve all rights with respect to all UCC-1 filings, as set forth in these Global Notes.  For the avoidance of doubt, Schedule D does not include Claims for which a lien was filed prepetition, but which was subsequently released postpetition.

No Claim set forth on Schedule D is intended to acknowledge Claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.  Additionally, in regards to the promissory notes referenced in Schedule D of IronNet, Inc., the date the debt was incurred is listed as the effective date of the promissory note.  Where a debt was incurred through more than one promissory note, the date the debt was incurred is listed as "various."

Reference to the applicable contracts or loan agreements and related documents and applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any of the Debtors' agreements.

The Debtors have made reasonable efforts to locate and identify guaranties in each of the secured financings, debt instruments, and other such agreements to which the Debtors are a party.  The Debtors reserve their rights to amend their respective Schedules and Statements to the extent additional guaranties are identified or such guaranties are discovered to have expired or be unenforceable.  In addition, the Debtors reserve the right

to amend their respective Schedules and Statements and to re-characterize or reclassify any such contract or Claim, whether by amending the Schedules and Statements or in another appropriate filing.

## C.    Schedule E/F – Creditors Who Have Unsecured Claims

21.    Unless otherwise specified, the amounts listed in Schedule E/F are listed as of the Petition Date.

*Part 1:  Creditors Holding Priority Unsecured Claims*.  The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time.  Additionally, the Debtors did not list any Claims of any potential priority unsecured creditors whose Claims were satisfied in accordance with the First Day Orders, if any.

*Part 2:  Creditors Holding Non-Priority Unsecured Claims*.  The Debtors have used reasonable efforts to list all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.  However, additional Claims may exist.

Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts.  The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment rights, and the Debtors reserve all rights to assert any such setoff or recoupment rights.  Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule E/F.  The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien by a creditor listed on Schedule E/F of the Debtors.

In addition, Schedule E/F does not include rejection damage Claims of the counterparties to the executory contracts that may be rejected, to the extent such damage Claims exist.

Certain of the Claims listed on Schedule E/F are marked as unliquidated out of an abundance of caution, but are the Debtors' best estimates of such Claims based on the Debtors' books and records.

## D.    Schedule G – Executory Contracts

22.    While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status,

or enforceability of any contract or agreement set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts and agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors hereby reserve all of their rights, claims, and Causes of Action with respect to the contracts and agreements whether or not listed on Schedule G, including, but not limited to, all of their property rights, the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's Claim, to dispute the validity, status, or enforceability of any contract or agreement set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the counterparty to such contract, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements. To the extent that such confidentiality agreements constitute executory contracts, they are not listed individually on Schedule G.

Certain executory contracts are described as quotes, invoices, purchase orders, or similar descriptions because, in the ordinary course of the Debtors' business, their contracts are routinely amended through such documents. Each of these documents relates to an executory contract, and they were listed on Schedule G out of an abundance of caution.

**SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS**

23.     **Statement 3**. Statement 3 includes any disbursement or other transfer made by each Debtor within the ninety (90) days before the Petition Date, except for those made to insiders and bankruptcy professionals. Payments to insiders and bankruptcy professionals are listed in Statements 4 and 11, respectively, for IronNet Cybersecurity, Inc. ("**Cybersecurity**") and IronNet International, LLC.

24.     **Statement 4**. The Debtors have relied on the financial data and information available to them at the time of filing the Schedules and Statements, and have made reasonable efforts to accurately describe the transfers listed in Statement 4. However, the Debtors are continuing to review their books and records and reserve all rights to recharacterize the

transfers listed therein, and to amend or supplement the information provided, to the extent that additional information becomes available and the Debtors determine it is necessary to do so.

The Debtors' directors and officers are paid by Cybersecurity. Accordingly, all payments to directors are listed solely in Statement 4 for Cybersecurity.

Prior to the Petition Date, certain of the Debtors' directors provided loans to the Debtors in anticipation of a potential filing under chapter 7 of the Bankruptcy Code. However, once it became evident that the Debtors were going to file petitions under chapter 11 of the Bankruptcy Code, such loans were repaid to the respective directors. Both transfers are included in Statement 4 for Cybersecurity.

25. **Statement 7**. The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

26. **Statement 11**. All of the Debtors' professionals are paid by Cybersecurity. Accordingly, all payments to bankruptcy professionals are listed solely in Statement 11 for Cybersecurity.

27. **Statement 18**. As discussed in the Cash Management Motion, shortly before the Petition Date, the Debtors began the process of closing three (3) bank accounts. As of the date of the filing of these Global Notes and the Schedules and Statements, but after the Petition Date, only one (1) of these accounts has been closed (*i.e.*, the Texas Partners Bank account ending in 4152). The Debtors are actively working on closing the remaining two (2) accounts (*i.e.*, the SVB account ending in 1606 and the Citibank account ending in 4313).

28. **Statement 26**. The Debtors provided financial statements in the ordinary course of their businesses to certain parties within two (2) years immediately before the Petition Date. Considering the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, or are subject to confidentiality agreements, the Debtors may not have disclosed all parties that may have received such financial statements for the purposes of Statement 26. In addition, IronNet, Inc. is a publicly-traded company, so its financial statements are publicly available.

29. **Statement 30**. Unless otherwise indicated in a Debtors' specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

**Fill in this information to identify the case:**

Debtor name: IronNet, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11710

☐ **Check if this is an amended filing**

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                              04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to _Filing Date_ | ☐ Operating a business<br>☐ Other | _____ |
| **For prior year:** | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |
| **For the year before that:** | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to _Filing Date_ | _____ | _____ |
| **For prior year:** | From _____ to _____ | _____ | _____ |
| **For the year before that:** | From _____ to _____ | _____ | _____ |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>Relationship to debtor | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | Last 4 digits of account number | | |

**Part 3:** **Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** Grad, et al. v. IronNet, Inc., Keith B. Alexander, James C. Gerber, and William E. Welch **Case number** 1:22-cv-00449 | Securities Class Action Lawsuit | Name United States District Court, Eastern District of VA  Street Walter E. Hoffman United States Courthouse, 600 Granby Street  City Norfolk  State VA  Zip 23510 | ☑ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address  Street  City    State    Zip | Case title  Case number  Date of order or assignment | Court name and address Name  Street  City    State    Zip |

**Part 4:** **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name  Street  City    State    Zip  **Recipient's relationship to debtor** | | | |

## Part 5:   Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| Trustee | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property  by sale, trade, or any other means  made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1 | |
| Street | From _____ to _____ |
| City _____ State _____ Zip _____ | |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |
| Street | | |
| City _____ State _____ Zip _____ | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider | How are records kept? Check all that apply: ☐ Electronically ☐ Paper |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name _____ Street _____ City ____ State ____ Zip ____ | _____ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name _____ Street _____ City ____ State ____ Zip ____ | Address _____ _____ | _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name _____ Street _____ City ____ State ____ Zip ____ | Address _____ _____ | _____ | ☐ No ☐ Yes |

| **Part 11:** | **Property the Debtor Holds or Controls that the Debtor Does Not Own** |
|---|---|

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

| **Part 12:** | **Details About Environmental Information** |
|---|---|

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

### 22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1<br><br>Case Number | Name<br><br>Street<br><br>City    State    Zip | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

### 23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1<br>Name<br><br>Street<br><br>City    State    Zip | Name<br><br>Street<br><br>City    State    Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 Name | Name | | |
| Street | Street | | |
| City    State    Zip | City    State    Zip | | |

---

**Part 13:  Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. | | |
|---|---|---|---|---|
| **25.1**<br>Cyber Analytics, PTE LTD<br>30A Kallang Place<br>#08-01<br>339213<br>Singapore | Global Cybersecurity | EIN  201907354C<br>**Dates business existed**<br>From<br>3/7/2019 | to<br>9/8/2022 | |
| **25.2**<br>HighDegree, LLC<br>7900 One Place, Suite 400<br>McLean, VA 22102 | Global Cybersecurity | EIN  84-3938474<br>**Dates business existed**<br>From<br>8/30/2018 | to<br>Present | |
| **25.3**<br>IronCAD LLC<br>7900 Tysons One Place, Ste 400<br>McLean, VA 22102 | Global Cybersecurity | EIN  38-4141162<br>**Dates business existed**<br>From<br>3/14/2019 | to<br>Present | |
| **25.4**<br>IronNet Australia Pty Ltd<br>181 William Street, Level 19<br>c/o Baker and McKenzie, Adrian Chinn<br>Melbourne, Victoria 3000<br>Australia | Global Cybersecurity | EIN  634 032 992<br>**Dates business existed**<br>From<br>6/19/2019 | to<br>Present | |
| **25.5**<br>IronNet Cybersecurity FZ-LLC<br>DIC Building # 3<br>Suite 310<br>Internet City, Dubai<br>United Arab Emirates | Global Cybersecurity | EIN  97432<br>**Dates business existed**<br>From<br>7/20/2020 | to<br>Present | |

**25.6**

IronNet Cybersecurity Japan, GK
11-22, Higashikaigan 4-Chome Chigasaki-shi
Kanagawa
Japan

Global Cybersecurity

EIN     9010003029746

**Dates business existed**

From
4/23/2019

to
Present

**25.7**

IronNet Cybersecurity Singapore PTE. LTD.
10, Collyer Quay, #10-01
Ocean Financial Centre
c/o DrewCorp
49315
Singapore

Global Cybersecurity

EIN     201906319H

**Dates business existed**

From
2/27/2019

to
Present

**25.8**

IronNet Cybersecurity UK, Ltd.
Tower 42, 25 Old Broad Street
Floor 30
c/o Arnold and Porter, Jeremy Willcocks
London EC2N 1HQ
England

Global Cybersecurity

EIN     11954939

**Dates business existed**

From
4/18/2019

to
Present

**25.9**

IronNet Cybersecurity, Inc.
7900 Tysons One Place
Suite 400
McLean, VA 22102

Global Cybersecurity

EIN     46-5742655

**Dates business existed**

From
5/21/2014

to
Present

**25.10**

IronNet International, LLC
7900 Tysons One Place
Suite 400
McLean, VA 22102

Global Cybersecurity

EIN     83-3237621

**Dates business existed**

From
12/11/2018

to
Present

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|

**26a.1**

Cameron Pforr
7900 Tysons One Place, Suite 400
McLean VA 22102

From
8/22/2022

to
Present

**26a.2**

Chi Nguyen
7900 Tysons One Place, Suite 400
McLean VA 22102

From
3/7/2022

to
Present

| 26a.3 | | | |
|---|---|---|---|
| | James Gerber | From | to |
| | Address on File | 6/27/2016 | 9/15/2022 |

| 26a.4 | | | |
|---|---|---|---|
| | Matt Horne | From | to |
| | Address on File | 6/29/2020 | 5/2/2022 |

| 26a.5 | | | |
|---|---|---|---|
| | Tim Myszkowski | From | to |
| | 7900 Tysons One Place, Suite 400 | 12/13/2021 | Present |
| | McLean VA 22102 | | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | | Dates of service | |
|---|---|---|---|
| 26b.1 | | | |
| | PricewaterhouseCoopers, LLP | From | to |
| | 100 East Pratt Street, Suite 2600 | 2019 | Present |
| | Baltimore MD 21202 | | |
| 26b.2 | | | |
| | Riveron Consulting, LLC | From | to |
| | 1000 Wilson Boulevard, Suite 2200 | 2021 | Present |
| | Arlington, VA 22209 | | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 | |
| Cameron Pforr | |
| 7900 Tysons One Place, Suite 400 | |
| McLean VA 22102 | |
| 26c.2 | |
| Chi Nguyen | |
| 7900 Tysons One Place, Suite 400 | |
| McLean VA 22102 | |
| 26c.3 | |
| Tim Myszkowski | |
| 7900 Tysons One Place, Suite 400 | |
| McLean VA 22102 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |
| _____ |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 Cameron Pforr<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | President and CFO | N/A |
| 28.2 Donald R. Dixon<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | Director | 0.286% |
| 28.3 Gen John M. Keane (Ret.)<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | Director | 0.259% |
| 28.4 Gen. Keith B. Alexander (Ret.)<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | Director | 9.097% |
| 28.5 Ivona Smith<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | Independent Director | N/A |
| 28.6 Linda Zecher Higgins<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | CEO and Director | N/A |

| 28.7 | | |
|------|------|------|
| Theodore Schlein<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | Director | 0.089% |

| 28.8 | | |
|------|------|------|
| VADM Jan E Tighe<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | Director | 0.055% |

| 28.9 | | |
|------|------|------|
| VADM. John M. McConnell (Ret.)<br>7900 Tysons One Place, Suite 400<br>McLean, VA 22102 | Director | 0.259% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held | |
|------|------|------|------|
| **29.1**<br>Gen. Keith B. Alexander (Ret.)<br>Address on File | Former CEO and President | From<br>9/1/2021 | to<br>7/11/2023 |
| **29.2**<br>Hon. Michael Rogers<br>Address on File | Former Director | From<br>9/1/2021 | to<br>7/20/2023 |
| **29.3**<br>Mary E. Gallagher<br>Address on File | Former Director | From<br>9/1/2021 | to<br>8/31/2023 |
| **29.4**<br>Robert V. LaPenta Jr.<br>Address on File | Former Director | From<br>9/1/2021 | to<br>9/1/2023 |
| **29.5**<br>Scott Alridge<br>Address on File | Former Secretary | From<br>3/15/2021 | to<br>8/4/2023 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 _____ | _____ | _____ | _____ |

| Relationship To Debtor |
|---|
| _____ |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1    IronNet, Inc. | EIN    83-4599446 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 _____ | EIN _____ |

**Fill in this information to identify the case:**

Debtor name: IronNet, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11710

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
11/16/2023

/s/ Cameron Pforr

Signature of individual signing on behalf of debtor

Cameron Pforr

Printed name

President and CFO

Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☑ No

☐ Yes