**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SCHEDULES OF ASSETS AND LIABILITIES
## OF IRONCAD LLC (CASE NO. 23-11713)

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:   IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).   The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Debtors' respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management and their advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred, or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Additionally, because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1]    The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

The Schedules and Statements have been signed by Cameron Pforr, President and Chief Financial Officer of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Pforr necessarily relied upon the efforts, statements, and representations of the Debtors' management and advisors.  Mr. Pforr has not, and could not have, personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

These Global Notes supplement, and are in addition to, any specific notes contained in the Debtors' Schedules or Statements.  Furthermore, the fact that the Debtors have prepared specific notes with respect to any of the Debtors' Schedules and Statements and not to another should not be interpreted as a decision by the Debtors to exclude the applicability of such specific notes to any other of the Debtors' Schedules and Statements.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1.  **Description of These Chapter 11 Cases and "As of" Information Date**.   On October 12, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, no trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.  To the best of the Debtors' knowledge, the information included in the Schedules and Statements is presented as of the Petition Date, unless otherwise indicated herein or in the Schedules and Statements.

2.  **General Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements.  However, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to (a) amend the Schedules and Statements with respect to any claim (each, a "**Claim**") description or designation; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, security, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of (i) liability, or (ii) amounts due or owing, if any, by the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses,

equitable subordination, or Causes of Action (as defined below), including those arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant bankruptcy or nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3.  **Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles, nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Additionally, the Schedules and Statements reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

4.  **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any Claim or cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, whether known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other right or theory of law (collectively, the "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

5.  **First Day Orders**. Pursuant to various "first day" orders (each, a "**First Day Order**," and collectively, the "**First Day Orders**") entered by the Court, the Debtors and their estates are authorized to pay certain prepetition Claims, including, without limitation, certain Claims related to employees, taxes and fees, and insurance premiums. To the extent certain prepetition Claims were paid pursuant to the relief granted by the First Day Orders, such Claims have been omitted from the Schedules and Statements. Additionally, certain Claims on the Schedules and Statements may have been, or may in the future be, satisfied pursuant to the First Day Orders.

6.  **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, interests, and other items reported in the Schedules and Statements. Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items. The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

7.  **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in

connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

8.  **Excluded Assets and Liabilities**. The Debtors have excluded rejection damage Claims of counterparties to executory contracts that may be rejected, if any, to the extent such damage Claims exist. In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

9.  **Estimates**. To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, management may have made certain estimates and assumptions that affected the reported amounts of the Debtors' assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions, if any.

10. **Currency**. The financial statements for each Debtor are recorded in United States currency.

11. **Executory Contracts and Unexpired Leases**. The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. Rather, executory contracts and unexpired leases have been set forth solely on Schedule G. Although the Debtors have made diligent attempts to properly identify the parties to each executory contract on Schedule G, it is possible that there are more counterparties to certain executory contracts on Schedule G than listed herein. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts, the inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts, inadvertent errors, omissions, or over inclusion may have occurred.

12. **Insiders**. The Debtors have attempted to include all payments made on or within twelve (12) months before the Petition Date to any individual or entity deemed an "insider." An individual or entity may be an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" or the inclusion of transactions with any party designated as such in the Schedules and Statements is made here to provide parties in interest with information and is not intended to be nor should be construed as a legal characterization of such party as an insider or to reflect any legal conclusions made by the Debtors and does not act as an admission of any fact, claim, right, or defense, and all such

rights, claims, and defenses are hereby expressly reserved.  Furthermore, certain of the individuals identified above may not have been insiders for the entirety of the twelve (12)-month period, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

13. **Accounts Payable and Disbursement Systems**.    The Debtors maintain a cash management system (the "**Cash Management System**") to collect and disburse funds in the ordinary course.  A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing and Approving Continued Use of Cash Management System, (B) Authorizing Use of Prepetition Bank Accounts and Business Forms, (C) Authorizing Performance of Intercompany Transactions in the Ordinary Course of Business and Granting Administrative Expense Status for Postpetition Intercompany Claims, (D) Waiving Strict Compliance with Section 345(b) of the Bankruptcy Code and Certain Operating Guidelines, as Applicable, (E) Authorizing Continuance of Corporate Credit Card Program, and (F) Granting Certain Related Relief* [Docket No. 7] (the "**Cash Management Motion**").

14. **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

15. **Unliquidated Claim Amounts**.  Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

16. **Undetermined Amounts**.  The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

17. **Global Notes Control**.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

### A.    Schedule A/B – Real and Personal Property

18. It would be unduly burdensome and an inefficient use of estate assets and other resources for the Debtors to obtain current market valuations of all of their assets listed in Schedule A/B.    Accordingly, unless otherwise indicated, all values identified in Schedule A/B are net book value as of, or as near as possible to, the Petition Date.  These amounts may materially vary from current fair market value.

19. **Item 74**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective Causes of Action or potential Causes of Action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, Causes of Action arising under the Bankruptcy Code or any other applicable

laws.  The Debtors and their estates reserve all rights with respect to any claims and Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and Causes of Actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and Causes of Action.

**B.      Schedule D – Creditors Who Have Claims Secured by Property**

20.     The Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtors.  Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  Except as specifically stated herein or in the Schedules and Statements, real property lessors, utility companies, customers, and other parties which may hold security deposits have not been listed on Schedule D.  Moreover, the Debtors have not or may not have included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are solely acknowledging that an interest has been asserted by the party that filed such UCC-1 filing, and do not concede that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing.  The Debtors reserve all rights with respect to all UCC-1 filings, as set forth in these Global Notes.  For the avoidance of doubt, Schedule D does not include Claims for which a lien was filed prepetition, but which was subsequently released postpetition.

No Claim set forth on Schedule D is intended to acknowledge Claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.  Additionally, in regards to the promissory notes referenced in Schedule D of IronNet, Inc., the date the debt was incurred is listed as the effective date of the promissory note.  Where a debt was incurred through more than one promissory note, the date the debt was incurred is listed as "various."

Reference to the applicable contracts or loan agreements and related documents and applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any of the Debtors' agreements.

The Debtors have made reasonable efforts to locate and identify guaranties in each of the secured financings, debt instruments, and other such agreements to which the Debtors are a party.  The Debtors reserve their rights to amend their respective Schedules and Statements to the extent additional guaranties are identified or such guaranties are discovered to have expired or be unenforceable.  In addition, the Debtors reserve the right

30909201.6

to amend their respective Schedules and Statements and to re-characterize or reclassify any such contract or Claim, whether by amending the Schedules and Statements or in another appropriate filing.

## C.    Schedule E/F – Creditors Who Have Unsecured Claims

21.    Unless otherwise specified, the amounts listed in Schedule E/F are listed as of the Petition Date.

*Part 1:  Creditors Holding Priority Unsecured Claims*.  The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any Claim on any basis at any time.  Additionally, the Debtors did not list any Claims of any potential priority unsecured creditors whose Claims were satisfied in accordance with the First Day Orders, if any.

*Part 2:  Creditors Holding Non-Priority Unsecured Claims*.  The Debtors have used reasonable efforts to list all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.  However, additional Claims may exist.

Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts.  The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment rights, and the Debtors reserve all rights to assert any such setoff or recoupment rights.  Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule E/F.  The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien by a creditor listed on Schedule E/F of the Debtors.

In addition, Schedule E/F does not include rejection damage Claims of the counterparties to the executory contracts that may be rejected, to the extent such damage Claims exist.

Certain of the Claims listed on Schedule E/F are marked as unliquidated out of an abundance of caution, but are the Debtors' best estimates of such Claims based on the Debtors' books and records.

## D.    Schedule G – Executory Contracts

22.    While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status,

30909201.6

or enforceability of any contract or agreement set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts and agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors hereby reserve all of their rights, claims, and Causes of Action with respect to the contracts and agreements whether or not listed on Schedule G, including, but not limited to, all of their property rights, the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's Claim, to dispute the validity, status, or enforceability of any contract or agreement set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract on Schedule G does not constitute an admission as to the executory nature (or non-executory nature) of the contract, or an admission as to the existence or validity of any Claims held by the counterparty to such contract, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements. To the extent that such confidentiality agreements constitute executory contracts, they are not listed individually on Schedule G.

Certain executory contracts are described as quotes, invoices, purchase orders, or similar descriptions because, in the ordinary course of the Debtors' business, their contracts are routinely amended through such documents. Each of these documents relates to an executory contract, and they were listed on Schedule G out of an abundance of caution.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS

23.     **Statement 3**. Statement 3 includes any disbursement or other transfer made by each Debtor within the ninety (90) days before the Petition Date, except for those made to insiders and bankruptcy professionals. Payments to insiders and bankruptcy professionals are listed in Statements 4 and 11, respectively, for IronNet Cybersecurity, Inc. ("**Cybersecurity**") and IronNet International, LLC.

24.     **Statement 4**. The Debtors have relied on the financial data and information available to them at the time of filing the Schedules and Statements, and have made reasonable efforts to accurately describe the transfers listed in Statement 4. However, the Debtors are continuing to review their books and records and reserve all rights to recharacterize the

transfers listed therein, and to amend or supplement the information provided, to the extent that additional information becomes available and the Debtors determine it is necessary to do so.

The Debtors' directors and officers are paid by Cybersecurity.  Accordingly, all payments to directors are listed solely in Statement 4 for Cybersecurity.

Prior to the Petition Date, certain of the Debtors' directors provided loans to the Debtors in anticipation of a potential filing under chapter 7 of the Bankruptcy Code.  However, once it became evident that the Debtors were going to file petitions under chapter 11 of the Bankruptcy Code, such loans were repaid to the respective directors.  Both transfers are included in Statement 4 for Cybersecurity.

25.    **Statement 7**.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

26.    **Statement 11**.  All of the Debtors' professionals are paid by Cybersecurity.  Accordingly, all payments to bankruptcy professionals are listed solely in Statement 11 for Cybersecurity.

27.    **Statement 18**.  As discussed in the Cash Management Motion, shortly before the Petition Date, the Debtors began the process of closing three (3) bank accounts.  As of the date of the filing of these Global Notes and the Schedules and Statements, but after the Petition Date, only one (1) of these accounts has been closed (*i.e.*, the Texas Partners Bank account ending in 4152).  The Debtors are actively working on closing the remaining two (2) accounts (*i.e.*, the SVB account ending in 1606 and the Citibank account ending in 4313).

28.    **Statement 26**.  The Debtors provided financial statements in the ordinary course of their businesses to certain parties within two (2) years immediately before the Petition Date.  Considering the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, or are subject to confidentiality agreements, the Debtors may not have disclosed all parties that may have received such financial statements for the purposes of Statement 26.  In addition, IronNet, Inc. is a publicly-traded company, so its financial statements are publicly available.

29.    **Statement 30**.  Unless otherwise indicated in a Debtors' specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

30909201.6

**Fill in this information to identify the case:**

**Debtor name:** IronCAD LLC

**United States Bankruptcy Court for the:** District of Delaware

**Case number:** 23-11713

☐ **Check if this is an amended filing**

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:** $0.00
    Copy line 88 from Schedule A/B

1b. **Total personal property:** $0.00
    Copy line 91A from Schedule A/B

1c. **Total of all property:** $0.00
    Copy line 92 from Schedule A/B

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)          $1,500,000.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:** $0.00
    Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. **Total amount of claims of nonpriority amount of unsecured claims:** $507.50
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F

**4. Total Liabilities** $1,500,507.50
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: IronCAD LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11713

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |
| **2. Cash on hand** | |
| 2.1 | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| --- | --- | --- | --- |
| 3.1 | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| | |
| --- | --- |
| 4.1 | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.     $0.00

### Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

Debtor    __IronCAD LLC__
     Name

Case number *(if known)* 23-11713

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | **Current value of debtor's interest** |
|---|---|
| 7.1 | $0.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | |
|---|---|
| 8.1 | $0.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81. $0.00

## Part 3:    Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

| | | | | | | |
|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | $0.00 | − | $0.00 | = ........ ➔ | $0.00 |
| | | face amount | | doubtful or uncollectible accounts | | |
| 11b. | Over 90 days old: | $0.00 | − | $0.00 | = ........ ➔ | $0.00 |
| | | face amount | | doubtful or uncollectible accounts | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. $0.00

## Part 4:    Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| | | |
|---|---|---|
| 14.1 | None | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                    % of ownership:

| | | | | |
|---|---|---|---|---|
| 15.1 | HighDegree, LLC | 51% | N/A | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 | | | |
|---|---|---|---|
| None | | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| $0.00 |
|---|

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $0.00 |
|---|

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes     Book value _____     Valuation method _____     Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**  **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| | $0.00 |
|---|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:**  **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

**49. Aircraft and accessories**

49.1

_____  _____  _____  $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1

_____  _____  _____  $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |
|---|

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 9:    Real Property**

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | |
| _____ | _____ | _____ | _____ | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |
|---|

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 10:    Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.  $0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:  All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

71.1

_____    _____ - _____ = ➜ | $0.00

           total face amount            doubtful or uncollectible amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1

_____    Tax year _____    $0.00

**73. Interests in insurance policies or annuities**

73.1

_____    $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____    $0.00

Nature of Claim    _____

Amount requested    _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

_____    $0.00

Nature of Claim    _____

Amount requested    _____

**76. Trusts, equitable or future interests in property**

76.1

_____    $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____    $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    | $0.00 |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 12:**   **Summary**

    In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |

**82. Accounts receivable.** Copy line 12, Part 3.                    $0.00

**83. Investments.** Copy line 17, Part 4.                           $0.00

**84. Inventory.** Copy line 23, Part 5.                             $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.    $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy
line 43, Part 7.                                                     $0.00

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.    $0.00

**88. Real property. Copy line 56, Part 9.**                  ➔          $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.  $0.00

**90. All other assets.** Copy line 78, Part 11.                     $0.00

**91. Total. Add lines 80 through 90 for each column**   91a.   $0.00        91b.        $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                        $0.00

**Fill in this information to identify the case:**

Debtor name: IronCAD LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11713

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.**If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

2.1

Ferrous Investors LP
1701 Pennsylvania Avenue, NW
Washington, DC 20006

| | $1,500,000.00 | Undetermined |
|---|---|---|

**Date debt was incurred?**
10/11/2023

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
See Financing Statement 20236968688

**Describe the lien**
UCC Lien securing obligations under DIP Bridge Loan

**Is the creditor an insider or related party?**
☐ No
☑ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$1,500,000.00

**Part 2:**    List Others to Be Notified for a Debt That You Already Listed

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

3.1

**Fill in this information to identify the case:**

Debtor name: IronCAD LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11713

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

_____

**Specify Code subsection of PRIORITY unsecured claim:**

11 U.S.C. § 507(a) (__)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

3.1

IronNet Cybersecurity, Inc.
7900 Tysons One Place, Suite 400
McLean, VA 22102

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
Intercompany Payable

**Is the claim subject to offset?**

☐ No

☑ Yes

$507.50

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

4.1

None

Line

☐ Not listed. Explain

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $507.50 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $507.50 |

**Fill in this information to identify the case:**

Debtor name: IronCAD LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11713

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:**    Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1 **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

**Fill in this information to identify the case:**

Debtor name: IronCAD LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11713

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G._** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| _Column 1:_ **Codebtor** | | _Column 2:_ **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 HighDegree, LLC | HighDegree, LLC 7900 One Place, Suite 400 McLean, VA 22102 | Ferrous Investors LP | ☑ D ☐ E/F ☐ G |
| 2.2 IronNet Cybersecurity, Inc. | IronNet Cybersecurity, Inc. 7900 Tysons One Place Suite 400 McLean, VA 22102 | Ferrous Investors LP | ☑ D ☐ E/F ☐ G |
| 2.3 IronNet International, LLC | IronNet International, LLC 7900 Tysons One Place Suite 400 McLean, VA 22102 | Ferrous Investors LP | ☑ D ☐ E/F ☐ G |
| 2.4 IronNet, Inc. | IronNet, Inc. 7900 Tysons One Place Suite 400 McLean, VA 22102 | Ferrous Investors LP | ☑ D ☐ E/F ☐ G |

**Fill in this information to identify the case:**

Debtor name: IronCAD LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 23-11713

☐ **Check if this is an amended filing**

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 11/16/2023 | /s/ Cameron Pforr |
| Executed on | Signature of individual signing on behalf of debtor |
| | Cameron Pforr |
| | Printed name |
| | President and Chief Financial Officer |
| | Position or relationship to debtor |