**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| IRONNET, INC., *et al.*,[1] | ) | Case No. 23-11710 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | <u>Hearing Date:</u> |
|  | ) | **December 11, 2023 at 11:00 a.m. (ET)** |
|  | ) |  |
|  | ) | <u>Objection Deadline:</u> |
|  | ) | **December 4, 2023 at 4:00 p.m. (ET)** |

**<u>DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE
DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) ESTABLISHING
SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM
OF BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE
VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND
PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR FILING
OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF</u>**

IronNet, Inc. and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows

in support of this motion (this "**Motion**"):

**<u>RELIEF REQUESTED</u>**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **<u>Exhibit A</u>** (the "**Proposed Solicitation Procedures Order**"): (a) approving the

*Disclosure Statement for Joint Chapter 11 Plan of Reorganization of IronNet, Inc. and its Debtor

Affiliates Under Chapter 11 of the Bankruptcy Code* (the "**Disclosure Statement**"), filed

contemporaneously herewith, on an interim basis and for solicitation purposes only;

---

[1]     The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474).  The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

(b) establishing procedures for the solicitation and tabulation of votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of IronNet, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "**Plan**"), filed contemporaneously herewith;[2] (c) approving the form of ballot and solicitation materials; (d) establishing a voting record date; (e) fixing the date, time, and place for a combined hearing (the "**Combined Hearing**") on final approval of adequacy of the Disclosure Statement and confirmation of the Plan and establishing the deadline for filing objections related thereto; and (f) granting related relief.

## JURISDICTION

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

3.      The statutory and legal predicates for the relief requested herein are sections 105, 363, 1125, and 1126 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the First Day Declaration (as defined below).

(the "**Bankruptcy Code**"), Rules 2002, 3003, 3017, 3018, and 3020 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3017-2.

## BACKGROUND

4.      On October 12, 2023 (the "**Petition Date**"), each of the Debtors commenced

a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate

their business and manage their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter

11 cases and no request has been made for the appointment of a trustee or an examiner.

5.      Additional information regarding the Debtors' business, their capital

structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the

*Declaration of Cameron Pforr, President and Chief Financial Officer of the Debtors, in Support*

*of Chapter 11 Petitions and First Day Pleadings* [Docket No. 4] (the "**First Day Declaration**").

## PLAN AND DISCLOSURE STATEMENT

6.      On the Petition Date, the Debtors filed the *Debtors' Emergency Motion for*

*Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Obtain Postpetition*

*Financing and (II) Use Cash Collateral, (B) Granting Liens and Providing Superpriority*

*Administrative Expense Claims, (C) Granting Adequate Protection to Prepetition Secured Parties,*

*(D) Modifying the Automatic Stay, (E) Scheduling a Final Hearing, and (F) Granting Related*

*Relief* (the "**DIP Motion**").  On October 16, 2023, the Court approved the DIP Motion on an

interim basis (the "**DIP Order**") [Docket No. 70], authorizing the Debtors to obtain postpetition

financing and other financial accommodations in accordance with the terms substantially set forth

in the *Superpriority Secured Debtor-in-Possession Credit Facility Term Sheet* (the "**DIP Term**

**Sheet**") attached as Exhibit 1 to the DIP Order.

7.    The DIP Term Sheet provides that the Debtors shall conduct a process (the "**Sale Process**") for the sale of substantially all of their assets or the equity of the reorganized Debtors (the "**Sale**") pursuant to section 363 of the Bankruptcy Code and concurrently seek the confirmation of a plan.  To that end, the Debtors have proposed the Plan, which contemplates such a parallel path, in which the Debtors (i) consummate a debt-for-equity swap to be accomplished through a standalone restructuring transaction or (ii) distribute the proceeds received from a Sale Transaction resulting from the Debtors' selection of the highest or otherwise best bid for the Debtors' assets or reorganized equity.

8.    In furtherance of the Sale, on October 24, 2023, the Debtors filed a motion[3] seeking authorization to conduct a competitive and robust sale process in accordance with proposed bidding procedures (the "**Bidding Procedures**") that the Debtors believe will ensure that their chapter 11 cases result in the best possible outcome for their estates and creditors.  The Bidding Procedures, including the timeline set forth therein, were approved by the Court on November 10, 2023.  *See* Docket No. 117.  The Debtors propose that the Plan confirmation process run in parallel with the Sale Process, such that the Plan can be expeditiously confirmed and consummated after the conclusion of the Sale Process, whether or not a Sale Transaction is ultimately consummated.  The Debtors' proposed timeline, as described herein, contemplates such a parallel process and allows the Debtors to satisfy the Plan-and Disclosure Statement-related milestones in the DIP Term Sheet.

9.    The Debtors submit that (i) interim approval of the Disclosure Statement for solicitation purposes only, and (ii) approval of the schedule and procedures described below

---

[3]    *See Motion of Debtors for Entry of Order (I)(A) Establishing Bidding Procedures for Sale of Substantially All Assets, (B) Scheduling Auction and Sale Hearing, and (C) Approving Form and Manner of Notice Thereof, (II) Approving Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief* [Docket No. 66].

for soliciting votes on the Plan and notifying parties in interest of the proposed Combined Hearing

(as defined below) will allow the Debtors to maximize the value of their estates, through either the

Plan or Sale Process, and ensure that they can efficiently and expeditiously emerge from these

chapter 11 cases.  The Debtors intend to immediately commence solicitation of votes on the Plan

after entry of the Proposed Solicitation Procedures Order.

## I.    THE DISCLOSURE STATEMENT AND PLAN

10.    On the date hereof, the Debtors filed the Plan and related Disclosure

Statement.  The Disclosure Statement is the product of the Debtors' extensive review and analysis

of their businesses, assets and liabilities, the circumstances leading to these chapter 11 cases, and

other significant events occurring or expected to occur during these chapter 11 cases.  In addition,

the Disclosure Statement reflects the Debtors' development of the Plan, including the distributions

to Holders of Claims contemplated thereunder, the effect of the Plan on Holders of Claims and

Interests, and the expected distributions to Holders of Claims if the Plan is confirmed and

consummated.  It also discusses the potential Sale Transaction and the distribution of Sale proceeds

pursuant to the Plan.

11.    Specifically, the Disclosure Statement contains the pertinent information

necessary for the Holders of Claims entitled to vote on the Plan to make informed decisions about

whether to vote to accept or reject the Plan, including, among other things, the following key

sections and information contained therein:  (i) the background and overview of the Plan; (ii) an

overview of the Debtors' operations; (iii) the events leading to commencement of these chapter 11

cases; (iv) an overview of these chapter 11 cases; (v) a summary of the Plan; (vi) a discussion of

the post-Effective Date wind-down process; (vii) an overview of the Plan confirmation process;

and (viii) alternatives to confirmation and consummation of the Plan.

12.    The Disclosure Statement describes the parallel path of (i) the proposed debt-for-equity swap to be accomplished through a standalone Restructuring and (ii) the proposed Sale Transaction in accordance with the Bidding Procedures.  Thus, the Disclosure Statement provides comprehensive information that will be relevant to Holders of Claims entitled to vote in determining whether to vote to accept or reject the Plan.[4]

13.    Pursuant to the Bidding Procedures, the Debtors will hold an auction on December 14, 2023, if more than one qualifying bid is received, and a hearing to consider approval of the successful bid, if any, will be held on December 20, 2023.  The proposed Confirmation timeline is intended to run in tandem with the Sale timeline and allow for the expeditious confirmation of the Plan, regardless of whether the standalone Restructuring is pursued or a Sale Transaction is consummated.

## II.    THE PROPOSED SOLICITATION AND CONFIRMATION PROCESS

14.    In accordance with sections 1122 and 1123 of the Bankruptcy Code, the Plan contemplates classifying Holders of Claims and Interests into various Classes for all purposes, including with respect to voting on the Plan, as follows:

| Class | Claim/Interest | Treatment of Claim/Interest |
|-------|----------------|------------------------------|
| 1 | Other Priority Claims | Unimpaired, and not entitled to vote on account of such Claims (presumed to accept). |
| 2 | Other Secured Claims | Unimpaired, and not entitled to vote on account of such Claims (presumed to accept). |
| 3 | IronNet Secured Note Claims | Impaired, and entitled to vote on account of such Claims. |
| 4 | IronNet General Unsecured Claims | Impaired, and entitled to vote on account of such Claims. |
| 5 | OpCo Secured Note Claims | Impaired, and entitled to vote on account of such Claims. |

---

[4]    To the extent necessary, the Disclosure Statement will be further revised in accordance with the Court's instruction following the hearing on this Motion, and filed on the docket as "Solicitation Version," so it is clear to recipients of Solicitation Packages (as defined below).

30943011.5

| Class | Claim/Interest | Treatment of Claim/Interest |
|---|---|---|
| 6 | OpCo General Unsecured Claims | Unimpaired, and _not_ entitled to vote on account of such Claims (presumed to accept). |
| 7 | OpCo Other Unsecured Claims | Impaired, and entitled to vote on account of such Claims. |
| 8 | Intercompany Claims | Either Impaired or Unimpaired and in either case, _not_ entitled to vote on account of such Claims (presumed to accept or deemed to reject). |
| 9 | Intercompany Interests | Either Impaired or Unimpaired and in either case, _not_ entitled to vote on account of such Claims (presumed to accept or deemed to reject). |
| 10 | Equity Interests in IronNet | Impaired, and _not_ entitled to vote on account of such Claims (deemed to reject). |

15.     Based on the foregoing and as discussed in greater detail below, (a) the Debtors are proposing to solicit votes to accept or reject the Plan only from Holders of Claims in Classes 3, 4, 5, and 7 (together, the "**Voting Classes**"), and (b) the Debtors are **not** proposing to solicit votes from Holders of Claims and Interests in Classes 1, 2, 6, 8, 9, and 10 (collectively, the "**Non-Voting Classes**").

16.     A chart listing certain dates and deadlines requested under the Proposed Solicitation Procedures Order in order to achieve the milestones contained in the DIP Term Sheet, subject to the availability and approval of the Court, is provided below.[5]

| Event | Proposed Date |
|---|---|
| Voting Record Date | December 4, 2023 |
| Date by Which Solicitation Will be Mailed | Within 3 business days after entry of the Proposed Solicitation Procedures Order |
| Deadline to File Rule 3018 Motions | December 29, 2023 at 5:00 p.m. (Prevailing Eastern Time) |
| Deadline to File Plan Supplement | January 4, 2024 |

---

[5]     To the extent of any conflict between the dates in this chart and those in the Proposed Solicitation Procedures Order, the dates in the Proposed Solicitation Procedures Order shall control.

| Event | Proposed Date |
|-------|---------------|
| Voting Deadline | January 11, 2024 at 5:00 p.m. (Prevailing Eastern Time) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | January 11, 2024 at 5:00 p.m. (Prevailing Eastern Time) |
| Deadline to file brief, replies, and declarations in support of the Plan and the proposed Confirmation Order | January 16, 2024 at noon (Prevailing Eastern Time) (or prior to noon two business days prior to any adjourned Combined Hearing) |
| Combined Hearing | January 18, 2024 at 10:00 a.m.  (Prevailing Eastern Time) |

## BASIS FOR RELIEF

**A.**    **Interim Approval of the Disclosure Statement for Solicitation Purposes**

17.    Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the bankruptcy court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

18.    In evaluating whether a disclosure statement provides "adequate information," courts adhere to the Bankruptcy Code's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the court.  *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am.*

*Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy

of disclosure for a particular debtor will be determined based on how much information is available

from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787,

5907 ("[T]he information required will necessarily be governed by the circumstances of the

case."); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (stating that a disclosure statement

"must clearly and succinctly inform the average unsecured creditor what it is going to get, when it

is going to get it, and what contingencies there are to getting its distribution.").

19.     In accordance with these precepts, the Disclosure Statement provides the

pertinent information necessary for eligible Holders of Claims to make an informed decision about

whether to vote to accept or reject the Plan.   Specifically, the Disclosure Statement provides,

among other things, information regarding:

      a.      the major events that occurred prior to, and during the course of, the Chapter 11 Cases (Article III and IV);

      b.      a summary of the classification and treatment of all Classes of Claims and Interests under the Plan (Article V.A);

      c.      an estimate of distributions to the Holders of Allowed Claims pursuant to the Plan (Article V.A);

      d.      the provisions governing distributions under the Plan (Article V.D); and

      e.      the means for implementation of the Plan (Article VI).

20.     Accordingly, the Debtors respectfully submit that the Disclosure Statement

complies with all aspects of section 1125 of the Bankruptcy Code.   However, at the hearing on this

Motion—which is scheduled for December 11, 2023—the Debtors seek only interim approval of

the Disclosure Statement for solicitation purposes pursuant to Local Rule 3017-2.[6]   At the

---

[6]     *See* Del. Bankr. L.R. 3017-2 ("Upon the filing of a disclosure statement and proposed plan . . . a plan proponent may file a motion requesting Court permission (1) to combine the plan and disclosure statement into one document; (2) for interim approval of the disclosure statement; (3) for approval of solicitation procedures; (4) for the scheduling of a hearing on shortened notice to consider interim approval of the proposed disclosure statement

30943011.5

Combined Hearing, the Debtors will demonstrate on a final basis that the information set forth in the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

21.     The Debtors filed this Motion and are seeking approval of the procedures and timeline requested herein because, among other reasons, the DIP Term Sheet requires an expeditious process so that value will be maximized for the benefit of all stakeholders. Specifically, the Debtors have limited funding for these chapter 11 cases and already completed an extensive ten-month pre-petition marketing process, such that a lengthy post-petition Sale and Plan process is unlikely to result in substantial value compared to its cost.  To ensure that the Plan is confirmed in a timely manner, and remains on a parallel track with the Sale process, the Debtors have determined in their business judgment that it is necessary and prudent to proceed on the timeline proposed herein.  Accordingly, the Debtors respectfully request that the Court enter the Proposed Solicitation Procedures Order approving, among other things, the Disclosure Statement on an interim basis for solicitation purposes only.

**B.     Solicitation Procedures**

   *i.     Approval of Form of Solicitation Materials and Ballot*

22.     Pursuant to the Plan, the Debtors have created ten (10) separate Classes of Claims and Interests.  As detailed above, only four (4) Classes are Impaired and entitled to vote to accept or reject the Plan—Class 3 (IronNet Secured Note Claims), Class 4 (IronNet General Unsecured Claims), Class 5 (OpCo Secured Note Claims), and Class 7 (OpCo Other Unsecured Claims).  The remaining Classes are not entitled to vote on the Plan, as they are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code

---

. . .; and (5) for the scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan . . .[.]").

30943011.5

(in the case of Class 1 (Secured Claims), Class 2 (Other Priority Claims), and Class 6 (OpCo General Unsecured Claims)), rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code (in the case of Class 10 (Equity Interests in IronNet)), or accepted or rejected the Plan (in the case of Class 8 (Intercompany Claims) and Class 9 (Intercompany Interests)).

23.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to the holders of claims and equity interests for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> > (1)     the plan or a court-approved summary of the plan;
> >
> > (2)     the disclosure statement approved by the court;
> >
> > (3)     notice of the time within which acceptances and rejections of the plan may be filed; and
> >
> > (4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . .

Fed. R. Bankr. P. 3017(d).

24.     The Debtors propose to transmit or cause to be transmitted within three business days of entry of the Proposed Solicitation Procedures Order (the "**Solicitation Mailing**

Date"), by the Debtors' claims and voting agent, Stretto, Inc. (the "**Voting Agent**" or "**Stretto**"),

subject to the limitations contained elsewhere in this Motion, by United States mail, first-class

postage prepaid, personal service, or overnight delivery, a solicitation package (the "**Solicitation**

**Package**") containing a printed version, or other electronic means (such as a flash drive to save

unnecessary costs), as appropriate, of the following:

a.  a notice of the Combined Hearing, the Confirmation Objection Deadline (as defined below), and the Voting Deadline (as defined below) in substantially the form of the notice attached as <u>Exhibit 2</u> to the Proposed Solicitation Procedures Order (the "**Combined Hearing Notice**"[7]), which the Debtors hereby request the Court to approve;

b.  the Disclosure Statement;

c.  the Plan (which may be furnished in the Solicitation Package as <u>Exhibit A</u> to the Disclosure Statement);

d.  the Proposed Solicitation Procedures Order, in its entered form (without exhibits attached); and

e.  to the extent applicable, a form ballot (the "**Ballot**") and/or notice, appropriate for the specific Holder, in substantially the forms attached to the Proposed Solicitation Procedures Order (as may be modified for particular Classes and with instructions attached thereto).

25.  To avoid duplication and reduce expenses, the Debtors will make every

reasonable effort to ensure that any holder of a Claim who has filed duplicative Claims (whether

against the same or multiple Debtors) that are classified under the Plan in the same Class will

receive no more than one Solicitation Package (and, therefore, one Ballot) on account of such

Claim and with respect to that Class.

26.  In addition, the Debtors propose to file the Plan Supplement with the Court

on or before January 4, 2023 (the "**Plan Supplement Filing Date**"), which is seven (7) days before

---

[7]  The Combined Hearing Notice sets forth, among other things, (i) the Confirmation Objection Deadline, (ii) the time, date, and place of the Combined Hearing, and (iii) instructions on how to obtain a copy of the Disclosure Statement and the Plan free of charge.

the Voting Deadline and Confirmation Objection Deadline, as contemplated by the Plan, which filing shall be without prejudice to the Debtors' rights to amend or supplement the Plan Supplement.

27.    Before solicitation, contract counterparties should have already received one or more additional notices from the Debtors pursuant to an order requested by the Debtors in connection with the *Motion of Debtors for Entry of Order (I) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, (II) Establishing Assumption and Assignment Procedures, and (III) Granting Related Relief* [Docket No. 83] (the "**Contract Procedures Motion**").  As detailed in the Contract Procedures Motion, the Debtors are seeking to institute a single notice and objection process regarding their potential assumption (under the Plan) or assumption and assignment (under the Plan or under a 363 Sale Order) of Executory Contracts and Unexpired Leases.  Because the Sale Process will move faster than the Plan confirmation process, the procedures contemplated by the Contract Procedures Motion will run their course on a separate timeline from the Solicitation Procedures.  Accordingly, this Motion does not seek approval of redundant procedures from those outlined in the Contract Procedures Motion.  However, the Debtors propose to send all counterparties to Executory Contracts and Unexpired Leases a notice, substantially in the form attached to the Proposed Solicitation Procedures Order as <u>Exhibit 4</u>, with information regarding the Plan and related deadlines and a conditional Opt-Out Release Form (the "**Opt-Out Release Form**") to the extent such counterparty's Executory Contract or Unexpired Lease is rejected.

ii.    *Establishment of Voting Deadline*

28.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . ."  Fed. R. Bankr. P. 3017(c).  The Debtors will finish the Plan

solicitation period by mailing the Ballots (and other approved solicitation materials) to the Voting

Classes no later than three (3) business days after the entry of the Proposed Solicitation Procedures

Order.  Based on this schedule, the Debtors propose that any Ballot being cast must be properly

executed, completed, and delivered by mail, overnight courier, personal delivery, or E-Ballot (as

defined below) to the Voting Agent in accordance with the instructions set forth in the Ballot, so

that the Ballot is actually *received* no later than **4:00 p.m. (prevailing Eastern Time) on**

**January 11, 2024** (the "**Voting Deadline**").  This date will give Holders of Claims in the Voting

Classes sufficient time to review the solicitation materials and vote.

29.     In addition to accepting paper Ballots by mail, overnight courier, and

personal delivery, the Debtors request authorization to accept Ballots from Holders of Claims in

the Voting Classes by electronic Ballots (an "**E-Ballot**") transmitted solely through a customized

online balloting portal on the Debtors' case website maintained by Stretto (the "**E-Balloting**

**Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit

the Ballot instantly by utilizing E-Ballot, which allows a Holder to submit an electronic signature.

The instructions for the submission of E-Ballots will be set forth on the Ballots.  The encrypted

Ballot data and audit trail created by such electronic submission shall become part of the record of

any Ballot submitted in this manner and the claimant's electronic signature will be deemed to be

immediately legally valid and effective.

*iii.     Approval of Tabulation Procedures and Voting Rules*

30.     The Debtors propose that the following procedures in the subsequent

paragraph be utilized in tabulating the votes to accept or reject the Plan (the "**Tabulation**

**Procedures**").  Solely for purposes of voting to accept or reject the Plan, and not for the purpose

of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights

of the Debtors and their estates in any other context, the Debtors propose that each Claim within

the Voting Classes vote in an amount determined by the following procedures:

- If a Claim is deemed allowed under the Plan, an order of the Court, or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

- If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent), and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- If a Claim for which a proof of claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim for which a proof of claim was timely filed and is liquidated and non-contingent, or was listed in the Debtors' schedules of assets and liabilities (the "**Schedules**") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtors' filed Schedules;

- If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim is listed on the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

- Proofs of claim filed for $0.00 are not entitled to vote;

- If the Debtors or other party in interest have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and

in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

- For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one (1) Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

- Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

- If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending proof of claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed proof of claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended proof of claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

**<u>Voting Rules</u>**

- Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors, in their discretion;

- Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

- Any Ballot cast by a person or entity that does not hold a Claim in the Voting Classes as of the Voting Record Date will not be counted;

- Any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed signed;

- Except in the Debtors' discretion, any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted;

- Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

30943011.5

- Whenever a claimant casts more than one (1) Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

- If a Holder holds a Claim in a Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder has a Claim in that Class;

- If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

- Subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

- Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within a Class either to accept or reject the Plan, and any votes that are split will not be counted; and

- Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot.

31.     The Debtors respectfully submit that the Tabulation Procedures and Voting Rules are appropriate and reasonable under the circumstances and should be approved.

    *iv.*     *Establishment of Voting Record Date*

32.     Bankruptcy Rule 3017 provides that the bankruptcy court may set the date on which the disclosure statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan.  *See* Fed. R. Bankr. P. 3017(d).

33.     The Debtors propose that the Court establish December 4, 2023 as the record date (the "**Voting Record Date**") for purposes of determining which Holders of Claims are entitled to receive a Ballot to vote to accept or reject the Plan.  Only Holders of IronNet Secured Note Claims, IronNet General Unsecured Claims, OpCo Secured Note Claims, and OpCo Other Unsecured Claims are entitled to vote.  Establishing December 4, 2023 as the Voting Record Date

will provide sufficient time for the Debtors and the Voting Agent to ensure that the Solicitation Packages can be mailed by the Service Date.

34.     With respect to any transferred Claim, the Debtors propose that the transferee will be entitled to receive and cast a Ballot on account of such transferred Claim only if (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer.

   *v.     Procedures for Temporary Allowance of Claims*

35.     The Debtors propose that any Holder of a Claim that seeks to challenge the temporary allowance of its claim for voting purposes based on the Tabulation Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a),[8] for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Disclosure Statement and the Plan (a "**Rule 3018 Motion**"), no later than **December 29, 2023 at 5:00 p.m. (prevailing Eastern Time)**, and serve the Rule 3018 Motion on the Debtors.  The Debtors (and, with respect to filing a response, any party in interest) will then have:  (i) until January 9, 2024 to file and serve any responses to a Rule 3018 Motion; and (ii) to coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Hearing. In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the

---

[8]     Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

underlying claim or interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

**C.    Combined Hearing, Confirmation Objection Deadline, and Notice Thereof**

36.    Bankruptcy Rule 3017 provides that, on or before the approval of a disclosure statement, a bankruptcy court "may fix the date for the hearing on confirmation."  Fed. R. Bankr. P. 3017(c).  Section 105 of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the bankruptcy court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."  11 U.S.C. § 105(d)(2)(B)(vi).  In addition, Local Rule 3017-2 permits a debtor to hold a combined hearing to consider final approval of the adequacy of a disclosure statement and confirmation of the proposed plan.

37.    Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least twenty-eight (28) days prior to the deadline for filing objections to confirmation of the Plan, and the hearing on the final approval of the Disclosure Statement and the Plan.  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court.

38.    Consistent with the foregoing authority, the Debtors respectfully request that the Combined Hearing be set for **January 18, 2024, at 10:00 a.m. (prevailing Eastern Time)**.  The Debtors submit that a combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of creditors by allowing the Debtors to implement the Plan in a timely and efficient manner and limiting the amount of time the Debtors remain in chapter 11.  Under the circumstances, a combined hearing will spare the Debtors from additional

administrative expenses associated with a two-stage process, and promote judicial efficiency and economy.

39.     In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement, if any, must (i) be in writing and (ii) be filed with the Court and served on the following: (a) counsel to the Debtors (i) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Sean M. Beach (sbeach@ycst.com), Kenneth J. Enos (kenos@ycst.com), Elizabeth S. Justison (ejustison@ycst.com), and Timothy R. Powell (tpowell@ycst.com), and (ii) Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60622, Attn: Brian Lohan (brian.lohan@arnoldporter.com); (b) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn:  Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov); and (c) counsel to the DIP Lenders, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Raphael M. Russo (rrusso@paulweiss.com), Sean A. Mitchell (smitchell@paulweiss.com), Diane Meyers (dmeyers@paulweiss.com), and Grace Hotz (ghotz@paulweiss.com), and (ii) Landis Rath & Cobb LLP, 919 N. Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Richard S. Cobb (cobb@lrclaw.com) and Joshua B. Brooks (brooks@lrclaw.com), so that they are received no later than **5:00 p.m. (prevailing Eastern Time) on January 11, 2024** (the "**Confirmation Objection Deadline**").  Under the Debtors' proposed timeline set forth herein, the Combined Hearing Notice will be served at least twenty-eight (28) days prior to the Confirmation Objection Deadline, and at least thirty-five (35) days prior to the Combined Hearing.

40.     The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any such objections or brief in support of confirmation of the

Plan, or final approval of the adequacy of the disclosures contained in the Disclosure Statement, by no later than **noon (prevailing Eastern Time) on January 16, 2024** (or prior to noon (prevailing Eastern Time) two (2) business days prior to the date of any adjourned Combined Hearing).

41.     Under the Plan, the Non-Voting Classes are (a) deemed to reject the Plan or (b) are "unimpaired" as defined in the Bankruptcy Code and are conclusively presumed to accept the Plan.  Classes that are deemed to reject or presumed to accept the Plan are not entitled to vote. Accordingly, the Non-Voting Classes will not receive Solicitation Packages or Ballots.  Rather, the Debtors will mail to the Non-Voting Classes and Holders of unclassified Claims a notice, substantially in the form of Exhibit 3 attached to the Proposed Solicitation Procedures Order (the "**Notice of Non-Voting Status**"), that gives (a) notice of the filing of the Plan, (b) notice that such party has been identified as the Holder of a Claim or Interest in a Non-Voting Class or an unclassified Claim, (c) instructions regarding the Combined Hearing and how to obtain a copy of the Solicitation Package (other than a Ballot) free of charge, and (d) detailed directions for filing objections to confirmation of the Plan.

42.     The Debtors also request that the Court authorize the Debtors to publish notice of the Combined Hearing (the "**Publication Notice**"), substantially in the form attached to the Proposed Solicitation Procedures Order as Exhibit 5, at least twenty-eight (28) days prior to the Combined Hearing in the *USA Today National Edition* or other similar national publication. The Debtors believe that the Publication Notice will provide sufficient notice to parties who do not receive the Combined Hearing Notice by mail.

43.     With respect to Holders of Equity Interests, the Debtors propose to send the Combined Hearing Notice to all Holders, including those reflected in the records maintained by the Depository Trust Company ("**DTC**") as of the Voting Record Date.  The Debtors realize,

30943011.5

however, that the records maintained by DTC reflect the Nominees[9] through which the beneficial owners hold the applicable securities. Accordingly, the Debtors request that the Court (a) authorize the Debtors to provide the Nominees with sufficient copies of the Combined Hearing Notice to forward to the Beneficial Holders[10] and (b) require the Nominees to forward the Combined Hearing Notice or copies thereof, together with the Notice of Non-Voting Status, to the Beneficial Holders within five (5) business days of the receipt by such Nominee of the Combined Hearing Notice. To the extent Nominees incur out-of-pocket expenses in connection with distribution of the Combined Hearing Notice, the Debtors request authority to reimburse such entities for their reasonable and customary expenses incurred in this regard.

44.    The Debtors submit that the foregoing procedures for providing notice of the Combined Hearing, the Confirmation Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017 and Local Rules 3017-1 and 3017-2, and the time limits set forth therein, are consistent with sections 105, 1126(f), and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d) with respect to parties that are not entitled to vote on the Plan, are both fair to Holders of Claims or Interests and other parties in interest, and are designed to permit an organized and efficient Combined Hearing. Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances of these chapter 11 cases and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

---

[9]    A "**Nominee**" is the broker, dealer, commercial bank, trust company, savings and loan, financial institution, or other such party in whose name a Beneficial Holder's beneficial ownership in Equity Interests is registered or held of record on the Beneficial Holder's behalf as of the Voting Record Date.

[10]   A "**Beneficial Holder**" means an entity that beneficially owns Class 9 Equity Interests as of the Voting Record Date, as reflected in the records maintained by the applicable Nominee.

## **NON-SUBSTANTIVE MODIFICATIONS**

45.     The Debtors request authorization to make non-substantive modifications to the Combined Hearing Notice, Opt-Out Release Form, Notice of Non-Voting Status, Solicitation Package, Ballots, Publication Notice, and related documents without further order of the Court, including modifications to correct typographic and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement and the Plan, and any other materials in the Solicitation Package prior to distribution.

## **NOTICE**

46.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors; (c) counsel to the DIP Facility Lenders; (d) counsel to the Prepetition Secured Creditors; (e) counsel to Korr; (f) counsel to 3i; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) the United States Securities and Exchange Commission; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors believe that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Solicitation Procedures Order, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:   November 20, 2023
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Elizabeth S. Justison*
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
Elizabeth S. Justison (No. 5911)
Timothy R. Powell (No. 6894)
Kristin L. McElroy (No. 6871)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
        kenos@ycst.com
        ejustison@ycst.com
        tpowell@ycst.com
        kmcelroy@ycst.com

*Counsel for the Debtors and
Debtors in Possession*

30943011.5