IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IronNet Inc., *et al.*,[1] | Case No. 23-11710 (BLS)<br>(Jointly Administered) |
| Debtors. | Re: D.I. 161, 162, & 163 |

## UNITED STATES TRUSTEE'S RESERVATION OF RIGHTS AND LIMITED OBJECTION

Andrew R. Vara, United States Trustee for Region 3 ("United States Trustee"), by and through his undersigned attorney, hereby responds to the relief sought in IronNet, Inc. and its jointly administered debtor affiliates (the "Debtors") *Motion for Order (I) Approving the Disclosure Statement on Interim Basis; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* (D.I. 161) (the "Motion").[2] In further support of this Reservation of Rights and Limited Objection, the United States Trustee states as follows:

### Jurisdiction

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' corporate headquarters is located at 7900 Tysons One Place, Suite 400, McLean, VA 22102.

[2] Capitalized Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Motion and the issues raised in this Reservation of Rights.

**Background**

*General*

4. On October 12, 2023, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are a global cybersecurity company that competes in the Network Detection and Response ("NDR") category. *Declaration of Cameron Pforr, President and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* (D.I. 4) (the "Pforr First Day Declaration") at ¶ 6.

6. The Debtors remain in possession of their assets and continue to manage its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed. (D.I. 71)

7. The Debtors seek to work towards confirmation of the proposed plan in parallel with a sale process, allowing the Debtors to either go forward with a debt-for-equity swap through a standalone Restructuring, or consummate a Sale Transaction as contemplated by the Bidding Procedures. Motion (D.I. 161 at ¶¶ 12-13). The Motion seeks approval of solicitation procedures for the Plan and approval of the Disclosure Statement and Plan on a conditional basis. Motion (D.I. 161 at ¶ 20). That relief includes approval of the form of ballots, and the solicitation packages. *Id.* at ¶ 22.

8. The U.S. Trustee has provided informal comments regarding the Disclosure Statement and Plan and is hopeful that those will be resolved prior to the Hearing on December 11, 2023 for the Court's consideration of conditional approval.

9. The Motion includes an "opt-out" mechanism for parties to not consent to the Non-Debtor Release, including parties that may be subject of a rejected Executory Contract or Unexpired Lease. Motion (D.I. 161 at ¶ 27). The Non-Debtor Release is also identified as the Third-Party Release in the Plan and information contained in the Ballots and Notice of Non-Voting Status. *See e.g.*, Motion: (D.I. 161-2 Exhibits 1-A, 1-B, 1-C, 1-D, 2, 3, & 4). Non-Debtor Releasing Parties means,

> collectively, each of the following in their capacity as such: (a) all Holders of Claims that vote to accept the Plan; (b) all Holders of Claims that are entitled to vote to accept or reject the Plan but that either (x) do not vote to accept or to reject the Plan or (y) vote to reject the Plan and do not affirmatively opt out of granting the releases contained in the Plan; (c) all Holders of Claims that are presumed to accept the Plan; (d) all Holders of Claims that are deemed to reject the Plan and fail to timely object to the releases contained in the Plan; (e) the DIP Agent and the DIP Lender; (f) C5; (g) the Bridge Lender; (h) each Holder of C5 Notes; (i) each Holder of Director Notes; (j) any Successful Bidder, if applicable; and (k) all other Released Parties (other than (1) any Debtor Releasing Party and (2) any Related Person of any Released Party, except to the extent such Released Party is

legally entitled to bind such Related Person to the releases contained in the Plan under applicable non-bankruptcy law).

*Id.* The U.S. Trustee has made informal comments on the "opt-out" mechanism requesting that parties entitled to vote that vote in favor of the Plan also be afforded the opportunity to opt-out of the Third Party Release.[3]

10. Conspicuous language in the Plan uses all caps and bold. *See e.g.*, (D.I. 161-2 Exhibit 1-A).[4]

11. The Liquidation Analysis identified as annexed at Exhibit D to the Disclosure Statement has not yet been filed. *See* (D.I. 163-4) (Exhibit D; "Liquidation Analysis [TO COME]") (emphasis removed).[5]

### Reservation of Rights and Limited Objection

12. The purpose of the disclosure statement is to give creditors enough information so that they can make an informed choice of whether to approve or reject the debtor's plan. *See In re Duratech Indus.*, 241 B.R. 291, 298 (Bankr. E.D.N.Y.), *aff'd*, 241 B.R. 283 (E.D.N.Y. 1999). The disclosure statement must inform the average creditor what it is going to get and when, and what contingencies there are that might intervene. *See In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). The Disclosure Statement does not provide sufficient information to enable a hypothetical investor in the relevant classes to make an informed

---

[3] The U.S. Trustee understands that the Debtors have consented to making such a change, but as of the time of this filing no revised version of the documents have been circulated or filed.

[4] The U.S. Trustee has informally requested the conspicuous language not use all caps so that defined terms can be more easily ascertained.

[5] The U.S. Trustee has informally requested this exhibit be filed promptly before the Court's consideration of the Motion.

judgment about the Plan. At present no liquidation analysis is available, and there is not a robust discussion of how proceeding with the Sales Transaction instead of the Restructuring might affect distributions to creditors. The anticipated distributions under the Plan and a Liquidation Analysis need to be available to parties to make an informed decision about voting and exercising the "opt-out."

13. There is growing consensus in this District that voting on the Plan should be separate from exercising rights under an opt-out or opt-in. *See e.g.. In re Fast Radius, Inc.*, Case No. 22-11051-JKS (Bankr. D. Del. Jan. 13, 2023); *In re Kabbage Inc.*, Case No. 22-10951-CTG (Bankr. D. Del. Jan. 19, 2023); and *In re Reverse Mortgage Investment Trust, Inc.*, Case No. 22-11225-MFW (Bankr. D. Del. Mar. 21, 2023) (transcript attached hereto as Exhibit A). The U.S. Trustee requests the Motion be modified to implement a similar approach for these Debtors.

14. The U.S. Trustee has raised these items informally and is hopeful conforming changes will be made as requested.

## Conclusion

For reasons set forth in detail above, the United States Trustee respectfully requests that this Court sustain this Limited Objection. The Disclosure Statement should not be approved, and the Motion should be denied, unless:

a. the Disclosure Statement is amended to adequately disclose:

   i. the anticipated distributions under the Restructuring and Sales Transaction paths;

   ii. how those distributions compare to what creditors would receive under a hypothetical chapter 7 in a liquidation analysis; and

    b. the procedures and the Plan are modified to require that parties voting in favor of the plan be permitted to opt-out as well;

The United States Trustee leaves the Debtors to their burden of proof, and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**WHEREFORE,** for the foregoing reasons, the United States Trustee respectfully requests that this Court sustain this Limited Objection.

Dated: December 7, 2023  
      Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**  
**UNITED STATES TRUSTEE**

By: */s/ Timothy J. Fox*  
    Timothy J. Fox, Jr. (DE Bar No. 6737)  
    Trial Attorney  
    United States Department of Justice  
    Office of the United States Trustee  
    J. Caleb Boggs Federal Building  
    844 King Street, Suite 2207, Lockbox 35  
    Wilmington, DE 19801  
    (302) 573-6491  
    (302) 573-6497 (Fax)  
    Timothy.Fox@usdoj.gov