## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| IRONNET, INC., *et al.*,[1] | Case No. 23-11710 (BLS) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date:** **January 18, 2024 at 10:00 a.m. (ET)** |
|  | **Objection Deadline:** **January 3, 2024 at 4:00 p.m. (ET)** |

### DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS, EFFECTIVE AS OF THE REJECTION DATE

> **EACH CONTRACT COUNTERPARTY RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAME AND CONTRACT DESCRIPTION IN THE SCHEDULE ATTACHED TO THE PROPOSED ORDER AS SCHEDULE 1.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to reject certain executory contracts as set forth on Schedule 1 to the Proposed Order, effective as of December 20, 2023 (the "**Rejection Date**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in the above captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: IronNet, Inc. (9446), IronNet Cybersecurity, Inc. (2655), IronNet International, LLC (7621), IronCAD LLC (1162), and HighDegree, LLC (8474). The Debtors' mailing address is: IronNet Cybersecurity, Inc., P.O. Box 7395, Halethorpe, MD 21227.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

### I.      General Background

3.      On October 12, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or examiner.

4.      On the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Obtain Postpetition Financing and (II) Use Cash Collateral, (B) Granting Liens and Providing Superpriority*

*Administrative Expense Claims, (C) Granting Adequate Protection to Prepetition Secured Parties, (D) Modifying the Automatic Stay, (E) Scheduling a Final Hearing, and (F) Granting Related Relief* (the "**DIP Motion**").  The DIP Motion was approved on a final basis on December 11, 2023 [Docket No. 227] and, among other things, authorized the Debtors to obtain postpetition financing and other financial accommodations in accordance with the terms substantially set forth in the *Superpriority Secured Debtor-in-Possession Credit Facility Term Sheet* (the "**DIP Term Sheet**").

5.      The DIP Term Sheet provides that the Debtors shall conduct a process (the "**Sale Process**") for the sale of substantially all of their assets or the equity of the reorganized Debtors (the "**Sale**") pursuant to section 363 of the Bankruptcy Code and concurrently seek the confirmation of a plan.  In furtherance thereof, the Debtors filed a motion [Docket No. 66] for approval of Sale and bidding procedures, which was approved on November 10, 2023 [Docket No. 117], and filed a proposed chapter 11 plan (the "**Plan**") and related disclosure statement (the "**Disclosure Statement**") on November 20, 2023, which Plan and Disclosure Statement were subsequently amended.  *See* Docket Nos. 162, 163, 207, 208, 222, 223, 231 & 232.

6.      On December 11, 2023, the Court entered an order [Docket No. 228] conditionally approving the Disclosure Statement for solicitation purposes only and approving solicitation procedures to be used in connection with the Plan.  The Debtors are currently engaged in a Sale and marketing process and a hearing for approval of any Sale, confirmation of the Plan, and final approval of the Disclosure Statement is scheduled for January 18, 2024.

7.      Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the

31079693.2

*Declaration of Cameron Pforr, President and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 4] (the "**First Day Declaration**").[2]

## II.    The Rejected Contracts

8.    The Debtors and their advisors have further reviewed the Debtors' executory contracts, and determined that certain service, vendor, and other agreements are no longer necessary to the operation of the Debtors' business and would not generate any value in the Debtors' Sale Process, and therefore do not further the Debtors' goals of maximizing value for all creditors and stakeholders and minimizing costs in these chapter 11 cases.  Included among such executory contracts reviewed are those set forth on **Schedule 1** to the Proposed Order (collectively, including any amendments or modifications thereto, the "**Rejected Contracts**").  The Debtors have determined, in an exercise of their business judgment, to reject the Rejected Contracts to avoid potentially incurring further costs and expenses that would only undermine the Debtors' efforts to minimize costs and maximize value of their estates for the benefit of all creditors.

## RELIEF REQUESTED

9.    By this Motion, the Debtors seek entry of the Proposed Order authorizing the Debtors to reject the Rejected Contracts, effective as of the Rejection Date.

## BASIS FOR RELIEF REQUESTED

10.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

*Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098

(2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

11.    The standard applied to determining whether the rejection of an unexpired

lease or executory contract should be authorized is the "business judgment" standard. *Sharon Steel*

*Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also In re HQ Glob.*

*Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject

an executory contract is governed by the business judgment standard and can only be overturned

if the decision was the "product of bad faith, whim, or caprice"); *In re Tayfur*, 599 F. App'x 44,

49–50 (3d Cir. 2015) (extending the standard articulated in *Sharon Steel* to unexpired leases).

Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption

that in making a business decision the directors of a corporation acted on an informed basis, in

good faith and in the honest belief that the action taken was in the best interests of the company.'"

*Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*),

147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872

(Del. 1985)).

12.    The business judgment rule is crucial in chapter 11 cases and shields a

debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants*

*and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The

Code favors the continued operation of a business by a debtor and a presumption of reasonableness

attached to a debtor's management decisions."). Generally, courts defer to a debtor in possession's

business judgment to reject a lease or an executory contract. *See, e.g.*, *NLRB v. Bildisco &*

*Bildisco*, 465 U.S. 513, 523 (1984), *superseded by statute on other grounds*, Bankruptcy

Amendments and Federal Judgeship Act of 1984, sec. 541, § 1113, Pub. L. No. 98-353,

98 Stat. 333 (codified at 11 U.S.C. § 1113); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

13.     Upon finding that the Debtors have exercised their sound business judgment in determining that the rejection of the Rejected Contracts is in the best interests of the Debtors and their estates, the Court should approve the proposed rejections under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g.*, *Sharon Steel Corp.*, 872 F.2d at 39–40.

14.     The Debtors have analyzed each of the Rejected Contracts and have determined that the Rejected Contracts do not provide the Debtors with any material benefit, would not be desired by any buyer in the Debtors' Sale Process, and should be immediately rejected to cut off the potential incurrence of additional administrative cost or expense. Additionally, the counterparties to the Rejected Contracts will not be unduly prejudiced if the Rejected Contracts are rejected, effective as of the Rejection Date, because the Debtors will serve this Motion on each counterparty, or its agent or representative, by overnight delivery and, if possible, electronic mail, stating that the Debtors intend to reject the Rejected Contracts. Accordingly, the Debtors' decision to reject the Rejected Contracts is an exercise of their sound business judgment and should be approved.

31079693.2

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

15.    Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Rule 6006(f) states, in part, that such motion shall:

a.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

b.    list parties alphabetically and identify the corresponding contract or lease;

c.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

d.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

e.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

f.    be limited to no more than 100 executory contracts or unexpired leases.

16.    The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## RESERVATION OF RIGHTS

17.    Nothing contained herein is or should be construed as:  (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, other than the Rejected Contracts; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any

31079693.2

executory contract with any party subject to the Proposed Order once entered.  Nothing contained in the Proposed Order will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

## <u>NOTICE</u>

18.    Notice of this Motion has been provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (c) counsel to the DIP Lenders; (d) counsel to the Prepetition Secured Creditors; (e) counsel to Korr; (f) counsel to 3i; (g) the counterparties to the Rejected Contracts, or their counsel, agents, or representatives, if known; and (h) all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.


*[Remainder of page left intentionally blank]*

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated:    December 20, 2023          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
          Wilmington, Delaware

                                     */s/ Timothy R. Powell*
                                     Sean M. Beach (No. 4070)
                                     Kenneth J. Enos (No. 4544)
                                     Elizabeth S. Justison (No. 5911)
                                     Timothy R. Powell (No. 6894)
                                     Kristin L. McElroy (No. 6871)
                                     Rodney Square
                                     1000 North King Street
                                     Wilmington, Delaware 19801
                                     Tel:    (302) 571-6600
                                     Fax:    (302) 571-1253
                                     Email: sbeach@ycst.com
                                             kenos@ycst.com
                                             ejustison@ycst.com
                                             tpowell@ycst.com
                                             kmcelroy@ycst.com

                                     *Counsel to the Debtors and*
                                     *Debtors in Possession*

31079693.2